L63η    MSD
ᴅᴀᴋ

1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   PATRICK R. CO, ESQ. BAR#: 200160
2  JOSHUA W. ROSE, ESQ. BAR#: 191024
   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
3  A PROFESSIONAL CORPORATION
   1111 Bayhill Drive, Suite 300
4  San Bruno, CA 94066
   (650) 989-5400  (650) 989-5499 FAX
5
   Attorneys for Defendant/Cross-Complainant/Cross-Defendant
6  PAULEY CONSTRUCTION, INC.

**RECEIVED**

MAR 2 7 2007

**RYAN & LIFTER**

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,          CASE NO.: CGC-03-419761 (Consolidated
                                          with 04-432476)
12          Plaintiffs,
                                          **NOTICE OF HEARING ON
13  v.                                    DEMURRER OF PAULEY
                                          CONSTRUCTION, INC.**
14  PACIFIC GAS AND ELECTRIC
    COMPANY, PAULEY                        ─────────────────────────────
15  CONSTRUCTION, INC., TRAFFIC           Cross-Complaint Filed:        11/2/05
    SOLUTIONS, INC., ADELPHIA             Amended Cross-Complaint Filed:  2/22/07
16  TELECOMMUNICATIONS CO., INC.,
    SBC TELECOMMUNICATIONS, INC.,         Date:        April 26, 2007
17  MOBILE TOOL INTERNATIONAL, INC.       Time:        9:30 a.m.
    dba TELSTA, COUNTY OF                 Department:  301
18  MENDOCINO, STATE OF
    CALIFORNIA, PACIFIC BELL
19  TELEPHONE COMPANY, PACIFIC
    TELESIS GROUP, SBC OPERATIONS,
20  INC., and DOES 1 to 50,

21          Defendants.

22

23

24  **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that on April 26, 2007 at 9:30 a.m. or soon thereafter as the matter

26  can be heard in Department 301 of the above-noted Court, located at 400 McAllister Street, San

27  Francisco, California 94102, the Court will hear Cross-defendant PAULEY CONSTRUCTION

28  INC'S. demurrer to Cross-complainant ADELPHIA COMMUNICATIONS CORPORATION'S

EXHIBIT B

G:\Data\DOCS\0017\03419\not-demur                1
**NOTICE OF HEARING ON DEMURRER OF PAULEY CONSTRUCTION, INC.**

1  Amended Cross-complaint. This demurrer will be made on the grounds that under the California

2  Code of Civil Procedure, sections 430.10(e), 430.10(f): the Amended Cross-complaint fails to state

3  facts sufficient to constitute a cause of action against the demurring Cross-defendant; is vague,

4  ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be

5  determined therefrom how Cross-defendant could be liable to Cross-complainant; fails to adequately

6  plead the relevant contract claims against Cross-defendant; and are barred under California Code of

7  Civil Procedure § 877.6( c). The demurrer is based upon this Notice, the Demurrer, Memorandum

8  of Points and Authorities and Request for Judicial Notice served and filed herewith, and any other

9  written or oral argument or evidence that may be presented at the hearing on this demurrer.

10  ///

11  DATED: March 2 6 , 2007                 CLAPP, MORONEY, BELLAGAMBA
                                            and VUCINICH
12

13

14                                          By: _____

15                                          JEFFREY M. VUCINICH
                                            JOSHUA W. ROSE
16                                          Attorneys for Defendant/Cross-Complainant/
                                            Cross-Defendant
17                                          PAULEY CONSTRUCTION, INC.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING ON DEMURRER OF PAULEY CONSTRUCTION, INC.

**SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No. CGC-03-419761

### PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**NOTICE OF HEARING ON DEMURRER OF PAULEY CONSTRUCTION, INC.**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

☒ (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

# SEE ATTACHED SERVICE LIST

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

☐ (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

☐ (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

☐ (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this date each of the above documents, for which our office will maintain the LexisNexis filing receipt, to the following:

Executed on March 26, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CLAUDIA GOMEZ

## TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.
### San Francisco Superior Court Case No.: CGC-04-419761
### Our Client:Pauley Construction, Inc.
### Our File No.:0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>***Attys for Adelphia Communications*** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco,. CA 94105<br>Telephone:    (415) 781-7900<br>Facsimile:    (415) 781-2635<br>***Attorneys for Defendant***<br>***Pacific Gas & Electric Company*** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA  94104<br>Telephone:    (415) 362-2580<br>Facsimile:    (415) 434-0882<br>***Attorneys for Defendants***<br>***SBC WEST/PACIFIC TELESIS GROUP and***<br>***ADELPHIA TELECOMMUNICATIONS CO., INC.*** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>***Attorneys for Cross-Defendant***<br>***S.G. BARBER*** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>***Attorneys for Defendant***<br>***Mobile Tool International, Inc.*** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>***Attorneys for American Premier***<br>***Underwriters, Inc. and General Cable***<br>***Corporation*** |

| | |
|---|---|
| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction,***<br>***Inc.*** | |

1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   PATRICK R. CO, ESQ. BAR#: 200160
2  JOSHUA W. ROSE, ESQ. BAR#: 191024
   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
3  A PROFESSIONAL CORPORATION
   1111 Bayhill Drive, Suite 300
4  San Bruno, CA 94066
   (650) 989-5400  (650) 989-5499 FAX
5
   Attorneys for Defendant/Cross-Complainant/Cross-Defendant
6  PAULEY CONSTRUCTION, INC.

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,         CASE NO.: CGC-03-419761 (Consolidated
                                          with 04-432476)
12            Plaintiffs,
                                          **MEMORANDUM OF POINTS AND**
13     v.                                 **AUTHORITIES OF CROSS-**
                                          **DEFENDANT PAULEY**
14  PACIFIC GAS AND ELECTRIC             **CONSTRUCTION, INC. IN SUPPORT**
    COMPANY, PAULEY                       **OF DEMURRER TO CROSS-**
15  CONSTRUCTION, INC., TRAFFIC          **COMPLAINANT ADELPHIA**
    SOLUTIONS, INC., ADELPHIA            **COMMUNICATIONS**
16  TELECOMMUNICATIONS CO., INC.,        **CORPORATION'S AMENDED CROSS-**
    SBC TELECOMMUNICATIONS, INC.,        **COMPLAINT**
17  MOBILE TOOL INTERNATIONAL, INC.
    dba TELSTA, COUNTY OF
18  MENDOCINO, STATE OF                   Cross-Complaint Filed:        11/2/05
    CALIFORNIA, PACIFIC BELL             Amended Cross-Complaint Filed:  2/22/07
19  TELEPHONE COMPANY, PACIFIC
    TELESIS GROUP, SBC OPERATIONS,       Date:        April 26, 2007
20  INC., and DOES 1 to 50,              Time:        9:30 a.m.
                                          Department:  301
21            Defendants.

22

23

24        Cross-defendant PAULEY CONSTRUCTION, INC. ("Pauley") submits the following

25  Memorandum of Points and Authorities in Support of its demurrer to Cross-complainant

26  ADELPHIA COMMUNICATIONS CORPORATION'S ("Adelphia") Amended Cross-complaint.

27

28  G:\Data\DOCS\0017\03419\mpa-demur                    1

RECEIVED

MAR 27 2007

RYAN & LIFTER

# I. INTRODUCTION & PROCEDURAL POSTURE

On July 7, 2000, Pauely contracted with project owner Century Mendocino Cable TV d/b/a Adelphia Cable Communications to install and upgrade cable facilities on the Fort Bragg Project in Mendocino County.

On November 2, 2001, Plaintiff Sifa Tuiaki's employer, S.G. Barber Construction, Inc., subcontracted with general contractor, Pauley, pursuant to Pauley's contract with Adelphia, to perform the actual aerial cable construction work.

On May 1, 2002, Mr. Tuiaki was seriously injured when he came into contact with an elevated electrical power line while operating a bucket truck. At the time of his accident, Mr. Tuiaki was a line crew foreman employed by S.G. Barber.

On June 25, 2002, Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern District of New York. Adelphia never assumed the Pauley - Adelphia contract that is the basis of Adelphia's Amended Cross-complaint, thus the contract is deemed rejected and breached by Adelphia immediately before the bankruptcy filing.

On September 19, 2006, Plaintiff Mr. Tuiaki and his wife, Plaintiff Lupe Tuiaki, filed their Second Amended Complaint for personal injury and loss of consortium against various defendants. Three causes of action in this form complaint name Pauley: the second for premises liability; the third cause of action for general negligence; and the fifth cause of action for Mrs. Tuiaki's loss of consortium. In addition, Plaintiffs raised a punitive damages claim against Pauley.

On November 2, 2005, Adelphia filed a Cross-complaint against Pauley raising causes of action for implied equitable indemnity, contribution, declaratory relief, breach of contract and express indemnity.

On August 1, 2006, this Court denied Adelphia's Motion for Summary Adjudication seeking to compel Pauley to defend and indemnify it pursuant to the terms of the July 7, 2000 contract. This Court denied Adelphia's motion on the grounds that there were sufficient questions of fact regarding Adelphia's active negligence to put into question Pauley's indemnity obligations. Adelphia filed a writ of mandate seeking appellate review. However, the writ was summarily

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT

1  denied by the Court of Appeals.

2      On January 11, 2007, a settlement was reached between Pauley, S.G. Barber and Plaintiffs.
3  Pauely filed a Motion for Good Faith Settlement, which was unopposed.

4      On February 13, 2007, this Court granted Pauley's Motion for Judgment on the Pleadings
5  against Adelphia's November 2005 Cross-complaint, ruling that Adelphia had failed to plead an
6  essential element of its breach of contract and express indemnity causes of action, namely that it
7  performed its obligations or was excused from performing its obligations under the contract
8  containing the indemnity terms. Adelphia was given 10 days leave to amend.

9      On February 20, 2007, this Court granted Pauley's unopposed motion for good faith
10 settlement confirming the settlement between Pauley, S.G. Barber and Plaintiffs and ruling that
11 any and all actual and/or potential claims by Plaintiffs, Defendants, Cross-complainants, Cross-
12 defendants, and by any other actual or potential party against any of the parties to the settlement by
13 any joint tortfeasor or co-obligor for equitable comparative contribution or partial or comparative
14 indemnity based on comparative negligence or comparative fault are forever barred.

15     On February 22, 2007, Adelphia filed its Amended Cross-complaint against Pauley raising
16 causes of action for breach of contract - substantial performance, breach of contract - waiver,
17 unjust enrichment, implied equitable indemnity, contribution, declaratory relief and express
18 indemnity. This Amended Cross-complaint is the basis of the instant demurrer. This Amended
19 Cross-complaint is the only remaining pleading in this action, an action that has been in litigation
20 for nearly four years.

21     On March 16, 2007, Adelphia served, but has not filed, to date, its purported Second
22 Amended Cross-complaint raising causes of action for breach of contract - full performance,
23 breach of contract - waiver, unjust enrichment, implied equitable indemnity, contribution,
24 declaratory relief and express indemnity. Adelphia's attorney, David Kleczek, refused to dismiss
25 the Amended Cross-complaint in lieu of the Second Amended Cross-complaint, which he has not
26 even filed yet. Thus, Pauley is forced to demur to the Amended Cross-complaint, as it does not
27 want a pleading floating around without an appropriate responsive pleading. (See March 23, 2007

28 G:\Data\DOCS\0017\03419\mpa-demur                          3

1  letter to Adelphia and Adelphia's March 23, 2007 response thereto, attached hereto.)  The Court

2  should use its authority to put an end to this lawsuit as Adelphia has no viable basis in law or fact

3  to support its amended pleading.

4  ## II.  ALLEGATIONS IN ADELPHIA'S AMENDED CROSS-COMPLAINT

5  Based principally on the facts that (1) Adelphia filed bankruptcy, (2) that it pleads,

6  acknowledges and agrees that it owes Pauley in excess of $4.2 million, (3) that Adelphia has not

7  assumed the contract, thus it is deemed rejected and (4) that Pauley has not yet been paid makes

8  Adelphia a materially breaching party who cannot sue for breach of contract.

9  The only material facts that warrant the Court's attention are as follows.  On or about July

10  7, 2000, Adelphia and Pauley entered into a written contract whereby Pauley was to act as the

11  general contractor in connection with the upgrade/installation of cable television facilities in

12  Mendocino County.  (Amended Cross-complaint (ACC) at ¶3, lines 12-14.)  On June 25, 2002,

13  Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court,

14  Southern District of New York.  (ACC at ¶8, lines 24-25.)  At the time of the bankruptcy filing,

15  Adelphia owed Pauley $4,251,595.08.  Because Adelphia did not assume the contract, Pauley

16  submitted a claim to the Bankruptcy Court, which was its only recourse against the bankrupt party

17  who rejected the contract.  (ACC at ¶, lines 26-28; 1-2.)  Finally, that Pauley has not yet been paid

18  the over $4.2 million due and owing to it.  (ACC at ¶12, lines 11-12 (Pauley...will receive stock...);

19  ¶17, lines 3-4 (...anticipated payment on Pauley's proof of claim); ¶37, lines 5-6 (Pauley...is being

20  compensated for work performed pursuant to its Proof of Claim).)

21  It is simply unfathomable how Adelphia can, on one hand, file bankruptcy and effectively

22  reject and breach the contract, while pleading and admitting that it owes Pauley over $4.2 million,

23  which has been due and owing since before June 2002 and never paid, then, on the other hand,

24  claim that it is entitled to defense and indemnity from Pauley under the very contract that it refused

25  to assume.  Adelphia is guilty of unclean hands and the Court should put an end to this by granting

26  Pauley's demurrer without leave to amend.  Based on basic principles of bankruptcy law and state

27  contract law, it is patently unjust, unreasonable and contrary to law to allow Adelphia's claims to

28  G:\Data\DOCS\0017\03419\mpa-demur                    4

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT

1    survive. This is a classic situation of unclean hands by Adelphia.

2    The genesis of the unclean hands defense is the maxim, "He who comes into equity must
3    come in with clean hands." This principle mandates that a plaintiff must have acted fairly in the
4    matter in which he or she seeks relief-or be denied relief, regardless of the merit of the underlying
5    claim. The purpose of the defense is not to protect the defendant's interests but rather the court's
6    integrity. It does so by denying redress to a plaintiff who has unclean hands, thereby instilling trust
7    in the judicial system. The defense also is justified as promoting justice by making a plaintiff
8    answer for his or her misconduct. (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.
9    App. 4th 970 at 978.) The unclean hands defense may be applied to legal as well as equitable
10   claims and to both tort and contract claims (*Camp v. Jeffer, Mangels, Butler & Marmaro* (1995)
11   35 Cal. App. 4th 620 at 628), but it does not automatically apply to every claim thrown at a
12   defendant. Defendants have successfully applied the defense at the trial court level via demurrer to
13   the complaint. (*Blain v. Doctor's Co.* (1990) 222 Cal. App. 3d 1048.) Here, Adelphia is guilty of
14   unclean hands by materially breaching the construction contract it had with Pauley, then
15   attempting to enforce some of the terms (alleged insurance, defense and indemnity obligations)
16   contained within the very contract that it breached. The misconduct "must relate directly to the
17   transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter
18   involved and affect the equitable relations between the litigants." (*Fibreboard Prod. Corp. v. East
19   Bay Union of Machinists*, (1964) 227 Cal. App. 2d 675 at 728.) Here, Adelphia's misconduct, its
20   rejection of, thus breach of the contract with Pauley, is the very subject matter of the Amended
21   Cross-complaint, which seeks to enforce some of the contractual terms against Pauley.

22   First Cause of Action Breach of Contract - Substantial Performance

23   Adelphia claims that it substantially performed its obligations under the contract by making
24   payments between July 2000 and November 14, 2001. It further claims that it is anticipated that
25   Pauley will be paid, pursuant to Pauley's proof of claim, for work that Pauley performed between
26   November 15, 2001, through July 16, 2002. (ACC at ¶17, lines 1-4.) In addition, it claims that
27   Pauley has breached the contract by failing to defend and indemnify it. (ACC at ¶21, lines 9-12.)

28   G:\Data\DOCS\0017\03419\mpa-demur                          5

1        Second Cause of Action Breach of Contract - Waiver

2        Adelphia claims that Pauley had knowledge of Adelphia's financial problems, yet

3 continued to perform under the contract. (ACC at ¶24, lines 23-25.) It further claims that by filing

4 a claim in bankruptcy court, Pauley affirmed the contract and is precluded from terminating the

5 contract. (ACC at ¶28, lines 7-9.) This of course ignores basic bankruptcy law which states that

6 the bankrupt party must either assume (and perform) the contract or reject the contract, which is

7 deemed a material breach. Adelphia goes on to claim that Pauley has breached the contract by

8 failing to defend and indemnify it. (ACC at ¶33, lines 15-18.)

9        Third Cause of Action Unjust Enrichment

10        Adelphia argues that in the contract, Pauley is required to defend and indemnify it. (ACC

11 at ¶41, lines 15-17.) It further argues that Pauley has or is being compensated for work performed

12 pursuant to its proof of claim. (ACC at ¶37, lines 5-7.) It goes to claim that Pauley has been

13 unjustly enriched to the detriment of Adelphia. (ACC at ¶39, line 10.)

14        Fourth Cause of Action Implied Equitable Indemnity

15        Adelphia claims that it is entitled to implied equitable indemnity from Pauley in the event

16 that Adelphia is held jointly liable with other parties to the action and is required to pay damages

17 to other parties in the action. (ACC at ¶44, lines 1-7.)

18        Fifth Cause of Action Contribution

19        Adelphia claims that it is entitled to contribution from Pauley in the event that Adelphia is

20 held jointly liable with other parties to the action and is required to pay damages to other parties in

21 the action. (ACC at ¶46, lines 12-17.)

22        Seventh Cause of Action Express Indemnity

23        Adelphia claims that contract contains an express indemnity provision which provides that

24 Pauley will indemnify and hold harmless Adelphia. It further claims that Pauley owes it express

25 indemnity because Pauley refused to pick up its tender of defense and indemnity. (ACC at ¶52,

26 lines 18-27.)

27

28 G:\Data\DOCS\0017\03419\mpa-demur       6

**MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

Summary of Adelphia's Amended Cross-complaint

The causes of action asserted by Adelphia against Pauely first, fail to state facts sufficient to constitute a cause of action, and second, cannot be understood because they are uncertain. Each of Adelphia's claims are based on a skewed interpretation of the facts and the law. Either Adelphia's causes of action are missing elements, or they are barred by California Code of Civil Procedure § 877.6( c). Thus, Pauley's demurrer to each and every cause of action set forth in the Amended Cross-complaint, except for cause of action 6, for declaratory relief, should be sustained without leave to amend.

### III.  LEGAL ARGUMENT

A general demurrer will lie where the complainant fails to state facts sufficient to constitute a cause of action. Code of Civil Procedure § 430.10(e).) A general demurrer will also lie where the complaint is so uncertain, ambiguous or unintelligible that the responding party cannot determine what is being alleged against it. (Code of Civil Procedure § 430.10(f).) Because this case comes before the Court on demurrer, the Court is to accept as true the complaint's **well-pleaded material facts** and examine those factual allegations to ascertain if they state a cause of action on any legal theory. *(AL Holding Co. v. O'Brien & Hicks, Inc.* (1999) 75 Cal.App.4th 1310, 1312. *Emphasis added.)* The material facts at issue here are that: Adelphia and Pauley had an executory contract at the time Adelphia filed for Chapter 11 Bankruptcy; Adelphia does not allege that the $4.2 million is not due and owing; Adelphia does not allege that it assumed the contract; and Adelphia owes Pauley over $4.2 million which is to be satisfied sometime in the future.

A.   **ADELPHIA'S FIRST, SECOND, THIRD AND SEVENTH CAUSES OF ACTION FAIL BECAUSE ADELPHIA FAILED TO PLEAD THE CAUSES OF ACTION AGAINST PAULEY AND THE CAUSES OF ACTION ARE UNCERTAIN**

First Cause of Action Breach of Contract - Substantial Performance

This cause of action fails to state facts sufficient to constitute a cause of action. In addition, it is uncertain. (C.C.P. § 430.10(e), (f).)

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT

Claimed partial performance by Adelphia does not negate the fact that it materially breached the contract by filing bankruptcy, then refusing to assume, therefore rejecting the contract. Adelphia has failed to adequately plead an essential element of its breach of contract claim, namely, that it performed or is excused from performing. In addition, based on the above, the first cause of action is uncertain, ambiguous and unintelligible.

Plaintiff must plead and prove the following essential elements to establish a cause of action for damages for breach of contract: (1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff. *(Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830; *Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290 (plaintiff's complaint fails to indicate either that plaintiff performed all that he was obligated to perform prior to that date, or that defendants had prevented him from rendering such performance); *Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 459 (trial court properly sustained the Southern Pacific's demurrer as to the contract cause of action since Otworth's complaint includes no assertion that Otworth has either performed the contract or is excused from performing); *Walsh v. West Valley Mission Community College Dist.* (1998) 66 Cal.App.4th 1532, 1545.)) The plaintiff must prove ability to perform. *(Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th 613, 625.) Moreover, Adelphia did not substantially perform. At the time of its bankruptcy filing, in June 2002, it owed Pauley over $4.2 million. The doctrine of substantial performance is available only when the omissions or deviations from full performance are the result of mistake or inadvertence, not when the omissions or deviations are intentional. *(Perry v. Quckenbush* (1894) 105 Cal. 299, 309-310; *Shell v. Schmidt* (1958) 164 Cal.App.2d 350, 365-366.)

Here, to state a cause of action for breach of contract, Adelphia must plead the contract, its performance of the contract or excuse for nonperformance, Pauley's breach and the resulting damage. However, on its face, Adelphia's Cross-complaint fails to state a cause of action for breach of contract. Adelphia's assertion that it has substantially performed is negated by ¶9, lines

26-28; 1-2, pages 2-3, whereby it clearly admits that it owes Pauley over $4.2 million for work that Pauley performed under the contract between November 15, 2001 and July 16, 2002. To date, this amount has never been paid. The material breach of the contract by Adelphia, i.e. by failing to pay Pauley over $4.2 million in progress payments under the executory construction contract, precludes Adelphia from seeking to enforce the terms of the contract against Pauley.

Significantly, Adelphia rejected the July 7, 2000 executory contract it had with Pauley, thus the bankruptcy estate lost any benefits it had under the contract, and is liable for all damages caused by the rejection, which is considered a material breach of contract. Rejection is the functional equivalent of abandonment of the right to compel the contracting party's performance for want of benefit to the estate. (*In Re Miller*, 103 B.R. 353, 354 (Bankr. D.D.C.1989).)

Rejection does not cause the contract to "disappear," for the contracting party (Pauley), will have a claim against the estate, subject to certain restrictions, for the value of the debtor's performance under the now-breached contract. Under rejection, both the trustee (or debtor in possession) and the contracting party are excused from further performance under the contract. (11 U.S.C. §§365g, 502g.) Rejection is intended to (1) guard the estate against elevating contract obligations; and (2) treat the claim arising from the Rejection as a pre-petition, unsecured claim. Rejection of a contract is deemed a breach by the debtor immediately before the commencement of the case, which gives rise to a pre-petition claim for the debtor's failure to perform under the contract. (11 U.S.C.§365g, 502g.) The remedies available to the contracting party upon a breach are those available under applicable state law.

Therefore, Pauley's alleged contractual obligations to defend and indemnify Adelphia ceased immediately before Adelphia's June 25, 2002 bankruptcy filing. The inherent problem with Adelphia's Amended Cross-complaint is that under basic state law contractual principles, a breaching party (i.e. one who fails to pay) cannot sue on the very contract under which it has not performed all of its own obligations. Therefore, Adelphia cannot enforce Pauley's obligations, if any, since Adelphia has not performed the conditions precedent imposed on it. (Civ. Code §

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT

1439.) Moreover, Adelphia's failure to make progress payments under a building contract

constituted failure of consideration justifying rescission by Pauley. (*American-Hawaiian Engineer*

*and Construction Co. v. Butler* (1913) 165 Cal. 497, 516.) Thus, not only has Adelphia failed to

state facts sufficient to constitute this cause of action, but the cause of action is uncertain, thus

Pauley's demurrer to this cause of action should be granted without leave to amend.

Second Cause of Action Breach of Contract - Waiver

This cause of action fails to state facts sufficient to constitute a cause of action. In

addition, it is uncertain. (C.C.P. § 430.10(e), (f).)

As stated in the analysis immediately above, but not repeated here, to state a cause of

action for breach of contract, Adelphia must plead the contract, its performance of the contract or

excuse for nonperformance, Pauley's breach and the resulting damage. However, on its face,

nowhere in ¶¶23-34 does Adelphia state that it has performed. Not only has Adelphia failed to

state facts sufficient to constitute this cause of action, but the cause of action is uncertain.

Therefore, Pauley's demurrer to this cause of action should be granted without leave to amend.

Third Cause of Action Unjust Enrichment

This cause of action fails to state facts sufficient to constitute a cause of action. In

addition, it is uncertain. (C.C.P. § 430.10(e), (f).)

A claim is a right to payment or a right to an equitable remedy for a failure of performance

if the breach gives rise to a right to payment. 11 U.S.C. § 101(5). By filing Pauley's proof of

claim, even if the claim is eventually satisfied, does not mean that the bankrupt party, Adelphia,

has performed under the contract. An executory contract that is not assumed by Adelphia during

the bankruptcy process is deemed rejected, thus breached.

A person is enriched if he receives a benefit at another's expense. The fact that one person

benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is

required to make restitution only if the circumstances are such that, as between the two

1  individuals, it is unjust for the person to retain it. (*First Nationwide Savings v. Perry* (1992) 11

2  Cal.App.4th 1657, 1662-1663; *California Medical Assn. v. Aetna U.S. Healthcare of California,*

3  *Inc.* (2001) 94 Cal.App.4th 151, 172; Rest., Restitution, § 1, com. c.)

4      Here, Adelphia's Amended pleading at ¶¶35-42 fails to state a cause of action for unjust

5  enrichment. There are no facts pled therein that support a finding that Pauley has received any

6  portion of the $4.2 million due and owing, nor that Pauley has been unjustly enriched. Adelphia

7  received the benefit of Pauley's construction services, but failed to pay over $4.2 million.

8  Therefore, Adelphia, not Pauley has been unjustly enriched.

9      When one party has been injured by a breach of contract and she either lacks the ability or

10  the desire to keep the contract alive, she can choose between two different remedies. She can treat

11  the contract as rescinded and recover damages resulting from the rescission. Or she can treat the

12  contract as repudiated by the other party and recover damages to which she would have been

13  entitled had the other party not breached the contract or prevented her performance. An action for

14  rescission is based on the disaffirmance of the contract and an action for damages for breach of

15  contract is based on its affirmance. (*Akin v. Certain Underwriters at Lloyd's London* (2006) 140

16  Cal. App. 4th 291, 296.) Accordingly, because Akin sought to retain the benefits of the contract

17  (*i.e.*, payment of benefits under the policies), rather than rescission damages (return of her

18  premiums), the Court held that her cause of action for rescission was really a breach of contract

19  claim and that she was not entitled to damages under Cal Civ Code § 1692. (*Id.* at 288.)

20      It is incredulous for Adelphia to allege that Pauley was in any way unjustly enriched here.

21  Adelphia has failed to evidence its reimbursement of over $4.2 million to Pauley. Adelphia alleges

22  that Pauley has been or is being compensated for work performed, thus Pauley owes it indemnity

23  under the contract. (ACC at ¶37, lines 5-14.) However, this ignores the rejection of, thus the

24  material breach of the contract by Adelphia. This rejection and breach by Adelphia completely

25  severs any obligations by Pauley under the contract, including an alleged obligation to indemnify

26  Adelphia. The unjust enrichment claim is simply another way of arguing that Pauley breached the

27

28  G:\Data\DOCS\0017\03419\mpa-demur                         11
MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT that Pauley breached the

1  contract. This claim fails.

2  As stated above, Adelphia had two choices when it filed bankruptcy, one, assume the

3  contract, whereby both parties would perform fully, or two, reject the contract, thus breaching it. It

4  chose the latter, thus giving Pauley only one option if it wanted to be paid for work performed – to

5  file a proof of claim in the Bankruptcy Court for money owed, which Pauley did. Again, this

6  cause of action is simply another way of saying that Pauley breached the contract. Adelphia has

7  failed to adequately plead an essential element of its unjust enrichment claim, which is really a

8  claim for breach, namely, that it performed or is excused from performing. Not only has Adelphia

9  failed to state facts sufficient to constitute this cause of action, but the cause of action is uncertain.

10  Therefore, Pauley's demurrer to this cause of action should be granted without leave to amend.

11  Seventh Cause of Action Express Indemnity

12  This cause of action fails to state facts sufficient to constitute a cause of action. In

13  addition, it is uncertain. (C.C.P. § 430.10(e), (f).)

14  Adelphia's seventh cause of action is simply another way of restating the breach of contract

15  causes of action above. For the reasons stated above, it also fails. The Amended Cross-complaint

16  does not state facts sufficient to constitute an express indemnity cause of action against Pauley.

17  Again, Adelphia has failed to plead an essential element, that it performed its obligations under the

18  contract containing the indemnity terms. On its face, nowhere in ¶¶51-52 does Adelphia state that

19  it has performed. Not only has Adelphia failed to state facts sufficient to constitute this cause of

20  action, but the cause of action is uncertain. Therefore, Pauley's demurrer to this cause of action

21  should be granted without leave to amend.

22  **B.    ADELPHIA'S FOURTH AND FIFTH CAUSES OF ACTION FAIL**
   **BECAUSE THEY ARE UNCERTAIN AS THEY ARE BARRED BY**
23  **CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6( c)**

24  Fourth Cause of Action Implied Equitable Indemnity

25  On February 20, 2007, this Court granted Pauley's unopposed motion for good faith

26  settlement confirming the settlement between Pauley, S.G. Barber and Plaintiffs and ruling that

27  any and all actual and/or potential claims by Plaintiffs, Defendants, Cross-complainants, Cross-

28

1  defendants, and by any other actual or potential party against any of the parties to the settlement by

2  any joint tortfeasor or co-obligor for equitable comparative contribution or partial or comparative

3  indemnity based on comparative negligence or comparative fault are forever barred. Based on the

4  above, the fourth cause of action is uncertain, ambiguous and unintelligible.

5      CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6 states:

6      "( c) a determination by the court that the settlement was in good faith shall bar
       any other joint tortfeasor or co-obligor from any further claim against the
7      settling tortfeasor or co-obligor for equitable comparative contribution, or
       partial or comparative indemnity, based on comparative negligence or
8      comparative fault."

9      A good faith settlement operates to discharge the settling parties from liability to any other

10  alleged tortfeasor for partial or comparative indemnity or contribution, regardless of whether the

11  other alleged tortfeasors are presently parties to the plaintiffs' action or have ever been parties to

12  the action. (CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6, *Mill Valley Refuge Company v.*

13  *Superior Court* (1981) 108 Cal.App. 3d 707, *Stambaugh v. Superior Court* (1976) 62 Cal. App. 3d

14  231.)

15      Therefore, Adelphia's claim for implied equitable indemnity fails as a matter of law. C.C.P

16  § 877.6( c) precludes Adelphia, a joint tortfeasor party, from asserting this cause of action against

17  Pauley, since this Court has ruled that Pauley's settlement with Plaintiffs and S.G. Barber was

18  unopposed (by Adelphia or any other party) and made in good faith.

19      Fifth Cause of Action Contribution

20      For the same reasons stated immediately above, Adelphia's cause of action for contribution

21  is uncertain, because it fails as a matter of law. C.C.P § 877.6( c) precludes Adelphia, a joint

22  tortfeasor party, from asserting this cause of action against Pauley, since this Court has ruled that

23  Pauley's settlement with Plaintiffs and S.G. Barber was unopposed (by Adelphia or any other

24  party) and made in good faith.

## IV.  CONCLUSION

26      Based on the foregoing facts and arguments, Pauley respectfully requests that the Court

27  grant its demurrer as to causes of action 1, 2, 3, 4, 5, and 7, without giving Adelphia leave to

28  G:\Data\DOCS\0017\03419\mpa-demur                    13

1  amend.

2  ///

3  DATED: March 2 6 , 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

4

5

6  By: _____

7  JEFFREY M. VUCINICH
   JOSHUA W. ROSE

8  Attorneys for Defendant/Cross-Complainant/
   Cross-Defendant

9  PAULEY CONSTRUCTION, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT

March 23, 2007

Reply to: San Bruno
**Joshua W. Rose**
jrose@clappmoroney.com

**VIA FACSIMILE AND U.S. MAIL**

Michael J. Daley, Esq.
David A. Kleczek, Esq.
Ryan & Lifter
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583

    Re:   ***Sifa Tuiaki and Lupe Tuiaki v. Pacific Gas and Electric Company, et al.***
          San Francisco Superior Court Case No. CGC-04-419761
          Our Client:    Pauley Construction
          Our File No.:  0017-03419

Dear Mr. Kleczek:

Please allow this letter to serve as confirmation that you intend Adelphia's Second Amended Cross-complaint against Pauley Construction to be your operative pleading, <u>not</u> the Amended Cross-complaint. In that regard, we will file a responsive pleading to the Second Amended Cross-complaint, but not to Adelphia's Amended Cross-complaint. In addition, you are going to file the Second Amended Cross-complaint, which is not on file yet with the Court, while dismissing the Amended Cross-complaint.

If any of this does not comport with your understanding of our conversation yesterday, please advise immediately. Thank you for your attention to the foregoing. If you have any questions, please do not hesitate to contact the undersigned.

          Very truly yours,

          Joshua W. Rose

G:\Data\DOCS\0017\03419\032307ltr.adelph

JOSEPH D. RYAN
JILL J. LIFTER*
MICHAEL J. DALEY
BARBARA U. UBEROI
DAVID A. KLECZEK*
CHRISTA MANSHOLT-CHOY

*Also admitted in Nevada
**Also admitted in Hawaii

LAW OFFICES OF
## RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE, SUITE 330
SAN RAMON, CA 94583-1344
TELEPHONE: (925) 884-2080
FAX: (925) 884-2090

March 23, 2007

**SENT VIA TELEFAX**
Joshua W. Rose, Esq.
Clapp, Moroney, Bellagamba & Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, California 94066

RE:    *Sifa Tuiaki, et al. v. Pacific Gas & Electric Company, et al.*
       Our File No.: L637

Dear Mr. Rose:

Thank you for your letter of today. I would like to clarify your statement regarding the status of our second amended cross-complaint. I will take steps to ensure that the second amended cross-complaint is filed appropriately. I do not agree that the amended cross-complaint must be dismissed.

However, you are correct that we intend Adelphia' second amended cross-complaint to be the operative pleading. I hope this clarifies things for you.

Very truly yours,

**RYAN & LIFTER**
A Professional Corporation

By
DAVID A. KLECZEK

DAK:amd

**SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No. CGC-03-419761

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

[X] (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

# SEE ATTACHED SERVICE LIST

[ ] (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

[ ] (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

[ ] (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

[ ] (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this date each of the above documents, for which our office will maintain the LexisNexis filing receipt, to the following:

Executed on March 26, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CLAUDIA GOMEZ

G:\Data\DOCS\0017\03419\POS

**TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No.: CGC-04-419761
Our Client:Pauley Construction, Inc.
Our File No.:0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>***Attys for Adelphia Communications*** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco,. CA 94105<br>Telephone:    (415) 781-7900<br>Facsimile:    (415) 781-2635<br>***Attorneys for Defendant***<br>***Pacific Gas & Electric Company*** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone:    (415) 362-2580<br>Facsimile:    (415) 434-0882<br>***Attorneys for Defendants***<br>***SBC WEST/PACIFIC TELESIS GROUP and***<br>***ADELPHIA TELECOMMUNICATIONS CO., INC.*** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>***Attorneys for Cross-Defendant***<br>***S.G. BARBER*** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>***Attorneys for Defendant***<br>***Mobile Tool International, Inc.*** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>***Attorneys for American Premier***<br>***Underwriters, Inc. and General Cable***<br>***Corporation*** |

| | |
|---|---|
| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction, Inc.*** | |

DAK

1   JEFFREY M. VUCINICH, ESQ. BAR#: 67906
    PATRICK R. CO, ESQ. BAR#: 200160
2   JOSHUA W. ROSE, ESQ. BAR#: 191024            **RECEIVED**
    CLAPP, MORONEY, BELLAGAMBA and VUCINICH
3   A PROFESSIONAL CORPORATION                   MAR 27 2007
    1111 Bayhill Drive, Suite 300
4   San Bruno, CA 94066                          RYAN & LIFTER
    (650) 989-5400  (650) 989-5499 FAX

5
    Attorneys for Defendant/Cross-Complainant/Cross-Defendant
6   PAULEY CONSTRUCTION, INC.

7

8               SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,        │ CASE NO.: CGC-03-419761 (Consolidated
                                        │ with 04-432476)
12          Plaintiffs,                 │
                                        │ **DEMURRER OF CROSS-DEFENDANT**
13  v.                                  │ **PAULEY CONSTRUCTION, INC. TO**
                                        │ **CROSS-COMPLAINANT ADELPHIA**
14  PACIFIC GAS AND ELECTRIC            │ **COMMUNICATIONS**
    COMPANY, PAULEY                     │ **CORPORATION'S AMENDED CROSS-**
15  CONSTRUCTION, INC., TRAFFIC         │ **COMPLAINT**
    SOLUTIONS, INC., ADELPHIA           │
16  TELECOMMUNICATIONS CO., INC.,       ├──────────────────────────────────
    SBC TELECOMMUNICATIONS, INC.,       │ Cross-Complaint Filed:        11/2/05
17  MOBILE TOOL INTERNATIONAL, INC.     │ Amended Cross-Complaint Filed:  2/22/07
    dba TELSTA, COUNTY OF               │
18  MENDOCINO, STATE OF                 │ Date:     April 26, 2007
    CALIFORNIA, PACIFIC BELL            │ Time:     9:30 a.m.
19  TELEPHONE COMPANY, PACIFIC          │ Department: 301
    TELESIS GROUP, SBC OPERATIONS,      │
20  INC., and DOES 1 to 50,             │

21          Defendants.                 │

22

23

24          Cross-defendant PAULEY CONSTRUCTION, INC. ("Pauley") demurs to the following

25  causes of action alleged against it in Cross-complainant **ADELPHIA COMMUNICATIONS**

26  **CORPORATION'S** ("Adelphia") Amended Cross-complaint on the following grounds:

27          Demurrer to First Cause of Action against Pauley (Breach of Contract - Substantial

28
**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT**
**ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

1  Performance):

2      1.      The First Cause of Action to the Amended Cross-complaint fails to state facts

3  sufficient to constitute a cause of action against Pauley.  (C.C.P. §430.10(e)).

4      2.      The First Cause of Action to the Amended Cross-complaint is vague, ambiguous,

5  and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined

6  therefrom how Pauley could be liable to Adelphia for breach of contract, since Adelphia materially

7  breached the very contract it seeks to enforce against Pauely.

8      Demurrer to Second Cause of Action against Pauley (Breach of Contract - Waiver):

9      3.      The Second Cause of Action to the Amended Cross-complaint fails to state facts

10  sufficient to constitute a cause of action against Pauley.  (C.C.P. §430.10(e)).

11      4.      The Second Cause of Action to the Amended Cross-complaint is vague,

12  ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be

13  determined therefrom how Pauley could be liable to Adelphia for breach of contract, since

14  Adelphia materially breached the very contract it seeks to enforce against Pauely.

15      Demurrer to Third Cause of Action against Pauley (Unjust Enrichment):

16      5.      The Third Cause of Action to the Amended Cross-complaint fails to state facts

17  sufficient to constitute a cause of action against Pauley.  (C.C.P. §430.10(e)).

18      6.      The Third Cause of Action to the Amended Cross-complaint is vague, ambiguous,

19  and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined

20  therefrom how Pauley could be liable to Adelphia for unjust enrichment by failing to defend and

21  indemnify Adelphia, since Adelphia materially breached the very contract it seeks to enforce

22  against Pauely.

23      Demurrer to Fourth Cause of Action against Pauley (Implied Equitable Indemnity):

24      7.      The Fourth Cause of Action to the Amended Cross-complaint fails to state facts

25  sufficient to constitute a cause of action against Defendant.  (C.C.P. §430.10(e)).

26      8.      The Fourth Cause of Action to the Amended Cross-complaint is vague, ambiguous,

27  and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined

28

**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

1    therefrom how Pauley could be liable to Adelphia for implied equitable indemnity, since this claim

2    is barred under California Code of Civil Procedure § 877.6 as this Court ruled that Pauley's

3    settlement with Plaintiffs SIFA and LUPE TUIAKI was unopposed and in good faith.

4        <u>Demurrer to Fifth Cause of Action against Defendant</u> (Contribution):

5        9.     The Fifth Cause of Action to the Amended Cross-complaint fails to state facts

6    sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

7        10.    The Fifth Cause of Action to the Amended Cross-complaint is vague, ambiguous,

8    and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined

9    therefrom how Pauley could be liable to Adelphia for contribution, since this claim is barred under

10    California Code of Civil Procedure § 877.6 as this Court ruled that Pauley's settlement with

11    Plaintiffs SIFA and LUPE TUIAKI was unopposed and in good faith.

12        <u>Demurrer to Seventh Cause of Action against Pauley</u> (Express Indemnity):

13        11.    The Seventh Cause of Action to the Amended Cross-complaint fails to state facts

14    sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

15        12.    The Seventh Cause of Action to the Amended Cross-complaint is vague,

16    ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be

17    determined therefrom how Pauley could be liable to Adelphia for express indemnity, since

18    Adelphia materially breached the very contract it seeks to enforce against Pauely.

19    ///

20    DATED: March 2**6** , 2007             CLAPP, MORONEY, BELLAGAMBA

21                                                and VUCINICH

22

23                                 By: _____

24                                     JEFFREY M. VUCINICH

                                       JOSHUA W. ROSE

25                                     Attorneys for Defendant/Cross-Complainant/

                                       Cross-Defendant

26                                     PAULEY CONSTRUCTION, INC.

27

28

**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

**SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No. CGC-03-419761

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

[X] (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

# SEE ATTACHED SERVICE LIST

[ ] (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

[ ] (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

[ ] (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

[ ] (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this date each of the above documents, for which our office will maintain the LexisNexis filing receipt, to the following:

Executed on March 26, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CLAUDIA GOMEZ

## TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.
### San Francisco Superior Court Case No.: CGC-04-419761
### Our Client:Pauley Construction, Inc.
### Our File No.:0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>***Attys for Adelphia Communications*** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco,. CA 94105<br>Telephone:    (415) 781-7900<br>Facsimile:    (415) 781-2635<br>***Attorneys for Defendant***<br>***Pacific Gas & Electric Company*** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA  94104<br>Telephone:    (415) 362-2580<br>Facsimile:    (415) 434-0882<br>***Attorneys for Defendants***<br>***SBC WEST/PACIFIC TELESIS GROUP and***<br>***ADELPHIA TELECOMMUNICATIONS CO., INC.*** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>***Attorneys for Cross-Defendant***<br>***S.G. BARBER*** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>***Attorneys for Defendant***<br>***Mobile Tool International, Inc.*** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>***Attorneys for American Premier***<br>***Underwriters, Inc. and General Cable***<br>***Corporation*** |

| | |
|---|---|
| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction, Inc.*** | |

1 │ JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
  │ PATRICK R. CO, ESQ. BAR#: 200160
2 │ JOSHUA W. ROSE, ESQ.  BAR#: 191024
  │ CLAPP, MORONEY, BELLAGAMBA and VUCINICH
3 │ A PROFESSIONAL CORPORATION
  │ 1111 Bayhill Drive, Suite 300
4 │ San Bruno, CA 94066
  │ (650) 989-5400  (650) 989-5499 FAX
5 │
  │ Attorneys for Defendant/Cross-Complainant/Cross-Defendant
6 │ PAULEY CONSTRUCTION, INC.
7 │
8 │                    SUPERIOR COURT OF CALIFORNIA
9 │                      COUNTY OF SAN FRANCISCO
10│

**RECEIVED**

**MAR 27 2007**

**RYAN & LIFTER**

11│ SIFA TUIAKI and LUPE TUIAKI,              │ CASE NO.: CGC-03-419761 (Consolidated
12│           Plaintiffs,                     │ with 04-432476)
13│ v.                                        │ **PAULEY CONSTRUCTION, INC'S.
  │                                           │ REQUEST FOR JUDICIAL NOTICE
14│ PACIFIC GAS AND ELECTRIC                  │ PURSUANT TO ITS DEMURRER**
  │ COMPANY, PAULEY
15│ CONSTRUCTION, INC., TRAFFIC               │ Cross-Complaint Filed:          11/2/05
  │ SOLUTIONS, INC., ADELPHIA                 │ Amended Cross-Complaint Filed:   2/22/07
16│ TELECOMMUNICATIONS CO., INC.,
  │ SBC TELECOMMUNICATIONS, INC.,             │ Date:       April 26, 2007
17│ MOBILE TOOL INTERNATIONAL, INC.           │ Time:       9:30 a.m.
  │ dba TELSTA, COUNTY OF                     │ Department: 301
18│ MENDOCINO, STATE OF
  │ CALIFORNIA, PACIFIC BELL
19│ TELEPHONE COMPANY, PACIFIC
  │ TELESIS GROUP, SBC OPERATIONS,
20│ INC., and DOES 1 to 50,
21│           Defendants.
22│
23│
24│ **TO THE HONORABLE JUDGE OF THE SAN FRANCISCO SUPERIOR COURT:**
25│        Pursuant to Evidence Code Section 452(d) and 453, Cross-defendant PAULEY
26│ CONSTRUCTION, INC. respectfully requests that this Court take judicial of the files and the
27│ following specified pleadings and documents from, *Sifa Tuiaki and Lupe Tuiaki v. Pacific Gas and*
28│

G:\Data\DOCS\0017\03419\rjn-demur                    1

**PAULEY CONSTRUCTION, INC'S.  REQUEST FOR JUDICIAL NOTICE PURSUANT TO ITS
DEMURRER**

1   *Electric Company, et al.*, San Francisco Superior Court Case No. CGC-03-419761 (Consolidated with

2   04-432476):

3   1.     Adelphia's Amended Cross-complaint, filed on February 22, 2007 in the current San Francisco

4   Superior Court Action No. CGC-03-419761 (Consolidated with 04-432476).

5   2.     Pleadings and documents filed in United States Bankruptcy Court, Southern District of New

6   York, *In Re Adelphia Communications Corporation et al.*, Chapter 11 Cases, Case No. 02-41729

7   (REG).

8   3.     February 20, 2007, Court order granting Pauley's unopposed motion for good faith settlement

9   confirming the settlement between Pauley, S.G. Barber and Plaintiffs and ruling that any and all actual

10   and/or potential claims by Plaintiffs, Defendants, Cross-complainants, Cross-defendants, and by any

11   other actual or potential party against any of the parties to the settlement by any joint tortfeasor or co-

12   obligor for equitable comparative contribution or partial or comparative indemnity based on

13   comparative negligence or comparative fault are forever barred.

14   4.     August 1, 2006, Court order denying Adelphia's Motion for Summary Adjudication seeking

15   to compel Pauley to defend and indemnify it pursuant to the terms of the July 7, 2000 contract.

16   ///

17   DATED: March **2b**, 2007         CLAPP, MORONEY, BELLAGAMBA

18                       and VUCINICH

19

20               By:

21                       JEFFREY M. VUCINICH

22                       JOSHUA W. ROSE

                          Attorneys for Defendant/Cross-Complainant/

23                       Cross-Defendant

24                       PAULEY CONSTRUCTION, INC.

25

26

27

28

G:\Data\DOCS\0017\03419\rjn-demur       2
PAULEY CONSTRUCTION, INC'S. REQUEST FOR JUDICIAL NOTICE PURSUANT TO ITS
DEMURRER       2

1    **SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
     San Francisco Superior Court Case No. CGC-03-419761

2

3                           **PROOF OF SERVICE**

4        I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to
     the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On

5    the date indicated below, I served the within:

6    **PAULEY CONSTRUCTION, INC'S. REQUEST FOR JUDICIAL NOTICE PURSUANT
                         TO ITS DEMURRER**

7

8    on the parties in this action by transmitting a true copy of the foregoing document(s) in the following
     manner:

9    ☒   (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof
         enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope

10       with postage fully prepaid to be placed for collection and mailing following the ordinary
         business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar"

11       with the firm's practice of collection and processing correspondence for mailing. Under
         that practice, it would be deposited with the U.S. Postal Service on that same day with

12       postage thereon fully prepaid in the ordinary course of business. I am aware that on motion
         of the party served, service is presumed invalid if postal cancellation date or postage meter

13       date is more than one day after date of deposit for mailing of in affidavit.

14                  **SEE ATTACHED SERVICE LIST**

15   ☐   (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above
         documents, to the following:

16

17   ☐   (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices
         of the following:

18

19   ☐   (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the
         offices of the following:

20

21   ☐   (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this
         date each of the above documents, for which our office will maintain the LexisNexis filing

22       receipt, to the following:

23        Executed on March 26, 2007 at San Bruno, California. I declare under penalty of perjury
     under the laws of the State of California that the foregoing is true and correct.

24

25

26                                                    _____
                                                              CLAUDIA GOMEZ
27

28

**TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No.: CGC-04-419761
Our Client:Pauley Construction, Inc.
Our File No.:0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>**_Attys for Adelphia Communications_** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco,. CA 94105<br>Telephone:     (415) 781-7900<br>Facsimile:     (415) 781-2635<br>**_Attorneys for Defendant_**<br>**_Pacific Gas & Electric Company_** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone:     (415) 362-2580<br>Facsimile:     (415) 434-0882<br>**_Attorneys for Defendants_**<br>**_SBC WEST/PACIFIC TELESIS GROUP and_**<br>**_ADELPHIA TELECOMMUNICATIONS CO., INC._** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>**_Attorneys for Cross-Defendant_**<br>**_S.G. BARBER_** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>**_Attorneys for Defendant_**<br>**_Mobile Tool International, Inc._** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>**_Attorneys for American Premier_**<br>**_Underwriters, Inc. and General Cable_**<br>**_Corporation_** |

| | |
|---|---|
| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction, Inc.*** | |

1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   PATRICK R. CO, ESQ. BAR#: 200160
2  JOSHUA W. ROSE, ESQ. BAR#: 191024
   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
3  A PROFESSIONAL CORPORATION
   1111 Bayhill Drive, Suite 300
4  San Bruno, CA 94066
   (650) 989-5400  (650) 989-5499 FAX
5
   Attorneys for Defendant/Cross-Complainant/Cross-Defendant
6  PAULEY CONSTRUCTION, INC.

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11 SIFA TUIAKI and LUPE TUIAKI,          CASE NO.: CGC-03-419761 (Consolidated
                                          with 04-432476)
12              Plaintiffs,
                                          **[PROPOSED] ORDER GRANTING**
13 v.                                     **DEMURRER OF CROSS-DEFENDANT**
                                          **PAULEY CONSTRUCTION, INC. TO**
14 PACIFIC GAS AND ELECTRIC               **CROSS-COMPLAINANT ADELPHIA**
   COMPANY, PAULEY                        **COMMUNICATIONS**
15 CONSTRUCTION, INC., TRAFFIC            **CORPORATION'S AMENDED CROSS-**
   SOLUTIONS, INC., ADELPHIA              **COMPLAINT**
16 TELECOMMUNICATIONS CO., INC.,
   SBC TELECOMMUNICATIONS, INC.,        Cross-Complaint Filed:          11/2/05
17 MOBILE TOOL INTERNATIONAL, INC.       Amended Cross-Complaint Filed:  2/22/07
   dba TELSTA, COUNTY OF
18 MENDOCINO, STATE OF                    Date:        April 26, 2007
   CALIFORNIA, PACIFIC BELL              Time:        9:30 a.m.
19 TELEPHONE COMPANY, PACIFIC            Department:  301
   TELESIS GROUP, SBC OPERATIONS,
20 INC., and DOES 1 to 50,

21              Defendants.

22

23

24        Cross-defendant Pauley Construction, Inc's. ("Pauley) Demurrer to Cross-complainant

25 Adelphia Communications Corporation's ("Adelphia") Amended Cross-complaint came on

26 regularly before the Court at 9:30 a.m. on April 26, 2007 in Department 301 of San Francisco

27 Superior Court. Clapp, Moroney, Bellagamba & Vucinich appeared on behalf of Pauley. Ryan &

28 G:\Data\DOCS\0017\03419\ord-demur                    1
   **[PROPOSED] ORDER GRANTING DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION,**
   **INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED**
   **CROSS-COMPLAINT**

RECEIVED

MAR 27 2007

RYAN & LIFTER

1    Lifter appeared on behalf of Adelphia.

2    WHEREFORE having reviewed the demurring papers, opposition, and reply, documents

3    on file with the Court, and having heard oral argument from counsel, the Court rules as follows:

4    IT IS HEREBY ORDERED that Pauley's Demurrer is:

5    1.    GRANTED as to cause of action 1, Breach of Contract - Substantial Performance

6    alleged against Pauley in Adelphia's Amended Cross-complaint.

7    2.    GRANTED as to cause of action 2, Breach of Contract - Waiver alleged against

8    Pauley in Adelphia's Amended Cross-complaint.

9    3.    GRANTED as to cause of action 3, Unjust Enrichment alleged against Pauley in

10    Adelphia's Amended Cross-complaint.

11    4.    GRANTED as to cause of action 4, Implied Equitable Indemnity alleged against

12    Pauley in Adelphia's Amended Cross-complaint.

13    5.    GRANTED as to cause of action 5, Contribution alleged against Pauley in

14    Adelphia's Amended Cross-complaint.

15    6.    GRANTED as to cause of action 7, Express Indemnity alleged against Pauley in

16    Adelphia's Amended Cross-complaint.

17    IT IS FURTHER ORDERED that the Demurrer is sustained without leave to amend and

18    that all causes of action above against Pauley are hereby dismissed.

19    IT IS SO ORDERED.

20

21    Date:_____

    JUDGE PETER BUSCH

22    HONORABLE JUDGE OF THE SUPERIOR COURT

23

24

25

26

27

28    G:\Data\DOCS\0017\03419\ord-demur                    2

**SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No. CGC-03-419761

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**[PROPOSED] ORDER GRANTING DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S AMENDED CROSS-COMPLAINT**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

[X] (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

# SEE ATTACHED SERVICE LIST

[ ] (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

[ ] (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

[ ] (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

[ ] (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this date each of the above documents, for which our office will maintain the LexisNexis filing receipt, to the following:

Executed on March 26, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CLAUDIA GOMEZ

**TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.**
San Francisco Superior Court Case No.: CGC-04-419761
Our Client: Pauley Construction, Inc.
Our File No.: 0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>***Attys for Adelphia Communications*** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco, CA 94105<br>Telephone:    (415) 781-7900<br>Facsimile:    (415) 781-2635<br>***Attorneys for Defendant***<br>***Pacific Gas & Electric Company*** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone:    (415) 362-2580<br>Facsimile:    (415) 434-0882<br>***Attorneys for Defendants***<br>***SBC WEST/PACIFIC TELESIS GROUP and***<br>***ADELPHIA TELECOMMUNICATIONS CO., INC.*** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>***Attorneys for Cross-Defendant***<br>***S.G. BARBER*** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>***Attorneys for Defendant***<br>***Mobile Tool International, Inc.*** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>***Attorneys for American Premier***<br>***Underwriters, Inc. and General Cable***<br>***Corporation*** |

G:\Data\DOCS\0017\03419\Service.Lst

| | |
|---|---|
| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction, Inc.*** | |