1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   JOSHUA W. ROSE, ESQ. BAR#: 191024
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA 94066
4  (650) 989-5400  (650) 989-5499 FAX

**RECEIVED**

APR 17 2007

**RYAN & LIFTER**

5  Attorneys for Defendant/Cross-Complainant/Cross-Defendant
   PAULEY CONSTRUCTION, INC.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,               CASE NO.: CGC-03-419761 (Consolidated
                                               with 04-432476)
12          Plaintiffs,
                                               **NOTICE OF HEARING ON**
13  v.                                         **DEMURRER OF PAULEY**
                                               **CONSTRUCTION, INC.**
14  PACIFIC GAS AND ELECTRIC
    COMPANY, PAULEY                            _____
15  CONSTRUCTION, INC., TRAFFIC               Cross-Complaint Filed:            11/2/05
    SOLUTIONS, INC., ADELPHIA                 Amended Cross-Complaint Filed:    2/22/07
16  TELECOMMUNICATIONS CO., INC.,             2nd Amended Cross-Complaint Filed: 4/11/07
    SBC TELECOMMUNICATIONS, INC.,
17  MOBILE TOOL INTERNATIONAL, INC.           Date:       May 14, 2007
    dba TELSTA, COUNTY OF                     Time:       9:30 a.m.          O/C
18  MENDOCINO, STATE OF                       Department: 301
    CALIFORNIA, PACIFIC BELL
19  TELEPHONE COMPANY, PACIFIC
    TELESIS GROUP, SBC OPERATIONS,                OPO due - 5-1-07
20  INC., and DOES 1 to 50,

21          Defendants.

22

23

24  **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that on May 14, 2007, at 9:30 a.m. or soon thereafter as the matter

26  can be heard in Department 301 of the above-noted Court, located at 400 McAllister Street, San

27  Francisco, California 94102, the Court will hear Cross-defendant PAULEY CONSTRUCTION

28  INC'S. demurrer to Cross-complainant ADELPHIA COMMUNICATIONS CORPORATION'S

EXHIBIT D

1  Second Amended Cross-complaint. This demurrer will be made on the grounds that under the

2  California Code of Civil Procedure, sections 430.10(e), 430.10(f): the Second Amended Cross-

3  complaint fails to state facts sufficient to constitute a cause of action against the demurring Cross-

4  defendant; is vague, ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that

5  it cannot be determined therefrom how Cross-defendant could be liable to Cross-complainant; fails

6  to adequately plead the relevant contract claims against Cross-defendant; and are barred under

7  California Code of Civil Procedure § 877.6( c). The demurrer is based upon this Notice, the

8  Demurrer, Memorandum of Points and Authorities and Request for Judicial Notice served and filed

9  herewith, and any other written or oral argument or evidence that may be presented at the hearing on

10  this demurrer.

11

12  DATED: April 16, 2007                    CLAPP, MORONEY, BELLAGAMBA
                                            and VUCINICH
13

14

15                                      By: _____

16                                          JEFFREY M. VUCINICH
                                            JOSHUA W. ROSE
17                                          Attorneys for Defendant/Cross-Complainant/
                                            Cross-Defendant
18                                          PAULEY CONSTRUCTION, INC.

19

20

21

22

23

24

25

26

27

28

1 | JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
2 | CLAPP, MORONEY, BELLAGAMBA and VUCINICH    **RECEIVED**
A PROFESSIONAL CORPORATION
3 | 1111 Bayhill Drive, Suite 300                               APR 17 2007
San Bruno, CA 94066
4 | (650) 989-5400  (650) 989-5499 FAX                 RYAN & LIFTER

5 | Attorneys for Defendant/Cross-Complainant/Cross-Defendant
PAULEY CONSTRUCTION, INC.

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SAN FRANCISCO**

10

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, PAULEY CONSTRUCTION, INC., TRAFFIC SOLUTIONS, INC., ADELPHIA TELECOMMUNICATIONS CO., INC., SBC TELECOMMUNICATIONS, INC., MOBILE TOOL INTERNATIONAL, INC. dba TELSTA, COUNTY OF MENDOCINO, STATE OF CALIFORNIA, PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELESIS GROUP, SBC OPERATIONS, INC., and DOES 1 to 50,<br><br>Defendants. | CASE NO.: CGC-03-419761 (Consolidated with 04-432476)<br><br>**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO SECOND AMENDED CROSS-COMPLAINANT BY ADELPHIA COMMUNICATIONS CORPORATION**<br><hr>Cross-Complaint Filed:  11/2/05<br>Amended Cross-Complaint Filed:  2/22/07<br>2nd Amended Cross-Complaint Filed:  4/11/07<br><br>Date:  May 14, 2007<br>Time:  9:30 a.m.<br>Department:  301 |

Cross-defendant PAULEY CONSTRUCTION, INC. ("Pauley") demurs to the following causes of action alleged against it in Cross-complainant **ADELPHIA COMMUNICATIONS CORPORATION'S** ("Adelphia") Second Amended Cross-complaint on the following grounds:

Demurrer to First Cause of Action against Pauley (Breach of Contract - Full Performance):

1.    The First Cause of Action to the Second Amended Cross-complaint fails to state facts sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

2.    The First Cause of Action to the Second Amended Cross-complaint is vague, ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined therefrom how Pauley could be liable to Adelphia for breach of contract, since Adelphia materially breached the very contract it seeks to enforce against Pauely.

Demurrer to Second Cause of Action against Pauley (Breach of Contract - Waiver):

3.    The Second Cause of Action to the Second Amended Cross-complaint fails to state facts sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

4.    The Second Cause of Action to the Second Amended Cross-complaint is vague, ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined therefrom how Pauley could be liable to Adelphia for breach of contract, since Adelphia materially breached the very contract it seeks to enforce against Pauely.

Demurrer to Third Cause of Action against Pauley (Unjust Enrichment):

5.    The Third Cause of Action to the Second Amended Cross-complaint fails to state facts sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

6.    The Third Cause of Action to the Second Amended Cross-complaint is vague, ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined therefrom how Pauley could be liable to Adelphia for unjust enrichment by failing to defend and indemnify Adelphia, since Adelphia materially breached the very contract it seeks to enforce against Pauely.

Demurrer to Fourth Cause of Action against Pauley (Implied Equitable Indemnity):

7.    The Fourth Cause of Action to the Second Amended Cross-complaint fails to state facts sufficient to constitute a cause of action against Defendant. (C.C.P. §430.10(e)).

8.    The Fourth Cause of Action to the Second Amended Cross-complaint is vague, ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be determined therefrom how Pauley could be liable to Adelphia for implied equitable indemnity, since

**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO SECOND AMENDED CROSS-COMPLAINANT BY ADELPHIA COMMUNICATIONS CORPORATION**

1  this claim is barred under California Code of Civil Procedure § 877.6 as this Court ruled that Pauley's

2  settlement with Plaintiffs SIFA and LUPE TUIAKI was unopposed and in good faith.

3      Demurrer to Fifth Cause of Action against Defendant (Contribution):

4      9.    The Fifth Cause of Action to the Second Amended Cross-complaint fails to state facts

5  sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

6      10.    The Fifth Cause of Action to the Second Amended Cross-complaint is vague,

7  ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be

8  determined therefrom how Pauley could be liable to Adelphia for contribution, since this claim is

9  barred under California Code of Civil Procedure § 877.6 as this Court ruled that Pauley's settlement

10 with Plaintiffs SIFA and LUPE TUIAKI was unopposed and in good faith.

11     Demurrer to Seventh Cause of Action against Pauley (Express Indemnity):

12     11.    The Seventh Cause of Action to the Second Amended Cross-complaint fails to state

13 facts sufficient to constitute a cause of action against Pauley. (C.C.P. §430.10(e)).

14     12.    The Seventh Cause of Action to the Second Amended Cross-complaint is vague,

15 ambiguous, and uncertain under Code of Civil Procedure Section 430.10(f) in that it cannot be

16 determined therefrom how Pauley could be liable to Adelphia for express indemnity, since Adelphia

17 materially breached the very contract it seeks to enforce against Pauely.

18

19 DATED: April 16, 2007                    CLAPP, MORONEY, BELLAGAMBA
                                           and VUCINICH
20

21

22                              By: _____

23                                   JEFFREY M. VUCINICH
                                     JOSHUA W. ROSE
24                                   Attorneys for Defendant/Cross-Complainant/
                                     Cross-Defendant
25                                   PAULEY CONSTRUCTION, INC.

26

27

28

G:\Data\DOCS\0017\03419\2am-demur-demur                3

**DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO SECOND AMENDED
CROSS-COMPLAINANT BY ADELPHIA COMMUNICATIONS CORPORATION**

1   JEFFREY M. VUCINICH, ESQ. BAR#: 67906
    JOSHUA W. ROSE, ESQ. BAR#: 191024
2   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
    A PROFESSIONAL CORPORATION
3   1111 Bayhill Drive, Suite 300
    San Bruno, CA 94066
4   (650) 989-5400  (650) 989-5499 FAX

5   Attorneys for Defendant/Cross-Complainant/Cross-Defendant
    PAULEY CONSTRUCTION, INC.

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,            CASE NO.: CGC-03-419761 (Consolidated
                                            with 04-432476)
12            Plaintiffs,
                                            **MEMORANDUM OF POINTS AND**
13  v.                                      **AUTHORITIES OF CROSS-**
                                            **DEFENDANT PAULEY**
14  PACIFIC GAS AND ELECTRIC                **CONSTRUCTION, INC. IN SUPPORT**
    COMPANY, PAULEY                         **OF DEMURRER TO CROSS-**
15  CONSTRUCTION, INC., TRAFFIC             **COMPLAINANT ADELPHIA**
    SOLUTIONS, INC., ADELPHIA               **COMMUNICATIONS**
16  TELECOMMUNICATIONS CO., INC.,           **CORPORATION'S SECOND AMENDED**
    SBC TELECOMMUNICATIONS, INC.,           **CROSS-COMPLAINT**
17  MOBILE TOOL INTERNATIONAL, INC.
    dba TELSTA, COUNTY OF                   _____
18  MENDOCINO, STATE OF                     Cross-Complaint Filed:          11/2/05
    CALIFORNIA, PACIFIC BELL                Amended Cross-Complaint Filed:  2/22/07
19  TELEPHONE COMPANY, PACIFIC              2nd Amended Cross-Complaint Filed: 4/11/07
    TELESIS GROUP, SBC OPERATIONS,
20  INC., and DOES 1 to 50,                 Date:       May 14, 2007
                                            Time:       9:30 a.m.
21            Defendants.                   Department:  301

22  _____

23

24        Cross-defendant PAULEY CONSTRUCTION, INC. ("Pauley") submits the following

25  Memorandum of Points and Authorities in Support of its demurrer to Cross-complainant ADELPHIA

26  COMMUNICATIONS CORPORATION'S ("Adelphia") Second Amended Cross-complaint.

27

28
    **MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY**
    **CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA**
    **COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

RECEIVED

APR 17 2007

RYAN & LIFTER

## I.  INTRODUCTION & PROCEDURAL POSTURE

On July 7, 2000, Pauely contracted with project owner Century Mendocino Cable TV d/b/a Adelphia Cable Communications to install and upgrade cable facilities on the Fort Bragg Project in Mendocino County.

On November 2, 2001, Plaintiff Sifa Tuiaki's employer, S.G. Barber Construction, Inc., subcontracted with general contractor, Pauley, pursuant to Pauley's contract with Adelphia, to perform the actual aerial cable construction work.

On May 1, 2002, Mr. Tuiaki was seriously injured when he came into contact with an elevated electrical power line while operating a bucket truck. At the time of his accident, Mr. Tuiaki was a line crew foreman employed by S.G. Barber.

On June 25, 2002, Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern District of New York. Adelphia never assumed the Pauley - Adelphia contract that is the basis of Adelphia's Amended Cross-complaint, thus the contract is deemed rejected and breached by Adelphia immediately before the bankruptcy filing. Adelphia pleads that it still owes Pauley over $4.2 million.

On September 19, 2006, Plaintiff Mr. Tuiaki and his wife, Plaintiff Lupe Tuiaki, filed their Second Amended Complaint for personal injury and loss of consortium against various defendants. Three causes of action in this form complaint name Pauley: the second for premises liability; the third cause of action for general negligence; and the fifth cause of action for Mrs. Tuiaki's loss of consortium. In addition, Plaintiffs raised a punitive damages claim against Pauley.

On November 2, 2005, Adelphia filed a Cross-complaint against Pauley raising causes of action for implied equitable indemnity, contribution, declaratory relief, breach of contract and express indemnity.

On August 1, 2006, this Court denied Adelphia's Motion for Summary Adjudication seeking to compel Pauley to defend and indemnify it pursuant to the terms of the July 7, 2000 contract. This Court denied Adelphia's motion on the grounds that there were sufficient questions of fact regarding

G:\Data\DOCS\0017\03419\2am-mpa-demur                    2

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT
2

1  Adelphia's active negligence to put into question Pauley's indemnity obligations. Adelphia filed a
2  writ of mandate seeking appellate review. However, the writ was summarily denied by the Court of
3  Appeals.

4      On January 11, 2007, a settlement was reached between Pauley, S.G. Barber and Plaintiffs.
5  Pauely filed a Motion for Good Faith Settlement, which was unopposed.

6      On February 13, 2007, this Court granted Pauley's Motion for Judgment on the Pleadings
7  against Adelphia's November 2005 Cross-complaint, ruling that Adelphia had failed to plead an
8  essential element of its breach of contract and express indemnity causes of action, namely that it
9  performed its obligations or was excused from performing its obligations under the contract containing
10 the indemnity terms. Adelphia was given 10 days leave to amend.

11     On February 20, 2007, this Court granted Pauley's unopposed motion for good faith settlement
12 confirming the settlement between Pauley, S.G. Barber and Plaintiffs and ruling that any and all actual
13 and/or potential claims by Plaintiffs, Defendants, Cross-complainants, Cross-defendants, and by any
14 other actual or potential party against any of the parties to the settlement by any joint tortfeasor or co-
15 obligor for equitable comparative contribution or partial or comparative indemnity based on
16 comparative negligence or comparative fault are forever barred.

17     On February 22, 2007, Adelphia filed its Amended Cross-complaint against Pauley raising
18 causes of action for breach of contract - substantial performance, breach of contract - waiver, unjust
19 enrichment, implied equitable indemnity, contribution, declaratory relief and express indemnity. This
20 Amended Cross-complaint is the basis of the instant demurrer. This Amended Cross-complaint is the
21 only remaining pleading in this action, an action that has been in litigation for nearly four years.

22     On March 16, 2007, then again on March 26, 2007, Adelphia served, but has not filed, to date,
23 its purported Second Amended Cross-complaint raising causes of action for breach of contract - full
24 performance, breach of contract - waiver, unjust enrichment, implied equitable indemnity,
25 contribution, declaratory relief and express indemnity. Adelphia's attorney, David Kleczek, refused
26 to dismiss the Amended Cross-complaint in lieu of the Second Amended Cross-complaint, which he

28

1  has not even filed. Thus, Pauley was forced to demur to the Amended Cross-complaint, with a hearing
2  date of April 26, 2007, as well as a demurrer to Adelphia's Second Amended Cross-complaint, as it
3  does not want any pleadings floating around without an appropriate responsive pleading. (See March
4  23, 2007 letter to Adelphia and Adelphia's March 23, 2007 response thereto, attached hereto.)  The
5  Court should use its authority to put an end to this lawsuit as Adelphia has no viable basis in law or
6  fact to support its second amended pleading.

7  ## II.  ALLEGATIONS IN ADELPHIA'S SECOND AMENDED CROSS-COMPLAINT

8  Based principally on the facts that (1) Adelphia filed bankruptcy, (2) that it pleads,
9  acknowledges and agrees that it owed Pauley in excess of $4.2 million, (3) that Adelphia has never
10  assumed the contract, thus it is deemed rejected, pursuant to the Bankruptcy Code and (4) that
11  Pauley's only alternative, if it wanted to get paid partially for the breach of contract by Adelphia, was
12  to file a claim in Bankruptcy Court, makes Adelphia a materially breaching party who cannot sue for
13  breach of contract.

14  The only material facts that warrant the Court's attention are as follows. On or about July 7,
15  2000, Adelphia and Pauley entered into a written contract whereby Pauley was to act as the general
16  contractor in connection with the upgrade/installation of cable television facilities in Mendocino
17  County.    (Second Amended Cross-complaint (SACC) at ¶3, lines 14-17.)  On June 25, 2002,
18  Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern
19  District of New York. (SACC at ¶9, lines 4-5.) At the time of the bankruptcy filing, Adelphia owed
20  Pauley $4,251,595.08.  Because Adelphia did not assume the contract, Pauley submitted a claim to
21  the Bankruptcy Court, which was its only recourse against the bankrupt party who rejected the
22  contract. (SACC at ¶10, lines 6-10.) Finally, that if Pauley's bankruptcy claim has been satisfied, it
23  is by operation of bankruptcy law, not because Adelphia performed under the contract. (SACC at ¶15,
24  lines 1-2 and ¶16, lines 3-4.)

25  It is simply unfathomable how Adelphia can, on one hand, file bankruptcy, thus rejecting and
26  breaching the contract, while pleading and admitting that it owes/owed Pauley over $4.2 million,

27

28

1  which had been due and owing since before June 2002, and never paid by Adelphia pursuant to

2  contract, but instead, if at all, by operation of Bankruptcy law, then, on the other hand, claim that it

3  is entitled to defense and indemnity from Pauley under the very contract that it refused to assume.

4  Adelphia is guilty of unclean hands and the Court should put an end to this by granting Pauley's

5  demurrer without leave to amend. Based on basic principles of bankruptcy law and state contract law,

6  it is patently unjust, unreasonable and contrary to law to allow Adelphia's claims to survive. This is

7  a classic situation of unclean hands by Adelphia.

8      The genesis of the unclean hands defense is the maxim, "He who comes into equity must come

9  in with clean hands." This principle mandates that a plaintiff must have acted fairly in the matter in

10  which he or she seeks relief-or be denied relief, regardless of the merit of the underlying claim. The

11  purpose of the defense is not to protect the defendant's interests but rather the court's integrity. It does

12  so by denying redress to a plaintiff who has unclean hands, thereby instilling trust in the judicial

13  system. The defense also is justified as promoting justice by making a plaintiff answer for his or her

14  misconduct. (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal. App. 4th 970 at 978.)

15  The unclean hands defense may be applied to legal as well as equitable claims and to both tort and

16  contract claims (*Camp v. Jeffer, Mangels, Butler & Marmaro* (1995) 35 Cal. App. 4th 620 at 628),

17  but it does not automatically apply to every claim thrown at a defendant.    Defendants have

18  successfully applied the defense at the trial court level via demurrer to the complaint.    (*Blain v.*

19  *Doctor's Co.* (1990) 222 Cal. App. 3d 1048.) Here, Adelphia is guilty of unclean hands by materially

20  breaching the construction contract it had with Pauley, then attempting to enforce some of the terms

21  (alleged insurance, defense and indemnity obligations) contained within the very contract that it

22  breached. The misconduct "must relate directly to the transaction concerning which the complaint is

23  made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between

24  the litigants." (*Fibreboard Prod. Corp. v. East Bay Union of Machinists*, (1964) 227 Cal. App. 2d 675

25  at 728.) Here, Adelphia's misconduct, its rejection of, thus breach of the contract with Pauley, is the

26  very subject matter of the Second Amended Cross-complaint, which seeks to enforce some of the

27

28  G:\Data\DOCS\0017\03419\2am-mpa-demur                  5

MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT

1 │ contractual terms against Pauley.

2 │    First Cause of Action Breach of Contract - Full Performance

3 │    Adelphia claims that it fully performed its obligations under the contract by making payments

4 │ between July 2000 and November 14, 2001 and by paying in full Pauley's claim. (SACC ¶20, line

5 │ 21-23.) This is simply a misstatement of law. Adelphia, only by operation of Bankruptcy law and

6 │ because of the Bankruptcy Court's approval, allegedly satisfied Pauley's claim. In addition, it claims

7 │ that Pauley has breached the contract by failing to defend and indemnify it. (SACC at ¶24, lines 26-

8 │ 27; 1-2; ¶25, lines 3-7.)

9 │    Second Cause of Action Breach of Contract - Waiver

10 │    Adelphia claims that Pauley had knowledge of Adelphia's financial problems, yet continued

11 │ to perform under the contract. (SACC at ¶27, lines 13-15; ¶28, lines 16-19.) It further claims that by

12 │ refusing to defend and indemnify Adelphia, Pauley breached the contract. (SACC at ¶36, lines 6-9.)

13 │ This of course ignores basic Bankruptcy Law which states that the bankrupt party must either assume

14 │ (and perform) the contract or reject the contract, which is deemed a material breach.

15 │    Third Cause of Action Unjust Enrichment

16 │    Adelphia argues that in the contract, Pauley is required to defend and indemnify it. (SACC

17 │ at ¶39, lines 19-22.) It further argues that it has fully performed its obligations under the contract.

18 │ (SACC at ¶40, line 23.) It goes to claim that Pauley has been unjustly enriched to the detriment of

19 │ Adelphia. (SACC at ¶45, lines 6-10.)

20 │    Fourth Cause of Action Implied Equitable Indemnity

21 │    Adelphia claims that it is entitled to implied equitable indemnity from Pauley in the event that

22 │ Adelphia is held jointly liable with other parties to the action and is required to pay damages to other

23 │ parties in the action. (SACC at ¶47, lines 15-23.)

24 │    Fifth Cause of Action Contribution

25 │    Adelphia claims that it is entitled to contribution from Pauley in the event that Adelphia is held

26 │ jointly liable with other parties to the action and is required to pay damages to other parties in the

27 │

28 │ 
MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT

1  action. (SACC at ¶50, lines 7-12.)

2      Seventh Cause of Action Express Indemnity

3      Adelphia claims that contract contains an express indemnity provision which provides that

4  Pauley will indemnify and hold harmless Adelphia. It further claims that Pauley owes it express

5  indemnity because Pauley refused to pick up its tender of defense and indemnity. (SACC at ¶55, lines

6  6-15.)

7      Summary of Adelphia's Second Amended Cross-complaint

8      The causes of action asserted by Adelphia against Pauely first, fail to state facts sufficient to

9  constitute a cause of action, and second, cannot be understood because they are uncertain. Each of

10  Adelphia's claims are based on a skewed interpretation of the facts and the law. Either Adelphia's

11  causes of action are missing elements, or they are barred by California Code of Civil Procedure §

12  877.6( c). Thus, Pauley's demurrer to each and every cause of action set forth in the Second Amended

13  Cross-complaint, except for cause of action 6, for declaratory relief, should be sustained without leave

14  to amend.

15  ### III. LEGAL ARGUMENT

16      A general demurrer will lie where the complainant fails to state facts sufficient to constitute

17  a cause of action. Code of Civil Procedure § 430.10(e).) A general demurrer will also lie where the

18  complaint is so uncertain, ambiguous or unintelligible that the responding party cannot determine what

19  is being alleged against it. (Code of Civil Procedure § 430.10(f).) Because this case comes before the

20  Court on demurrer, the Court is to accept as true the complaint's **well-pleaded material facts** and

21  examine those factual allegations to ascertain if they state a cause of action on any legal theory. *(AL*

22  *Holding Co. v. O'Brien & Hicks, Inc.* (1999) 75 Cal.App.4th 1310, 1312. *Emphasis added.)* The

23  material facts at issue here are that: Adelphia and Pauley had an executory contract at the time

24  Adelphia filed for Chapter 11 Bankruptcy; Adelphia does not allege that the $4.2 million was not due

25  and owing; Adelphia does not allege that it assumed the contract; and Adelphia owed Pauley over $4.2

26  million, which was allegedly satisfied only by way of operation of Bankruptcy Law and approval by

27

28  G:\Data\DOCS\0017\03419\2am-mpa-demur    7

**MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

7

1  the Bankruptcy Court, not because Adelphia assumed the contract.

2  ### A.   ADELPHIA'S FIRST, SECOND, THIRD AND SEVENTH CAUSES OF
3  ### ACTION FAIL BECAUSE ADELPHIA FAILED TO PLEAD THE
   ### CAUSES OF ACTION AGAINST PAULEY AND THE CAUSES OF
4  ### ACTION ARE UNCERTAIN

5  First Cause of Action Breach of Contract - Performance

6       This cause of action fails to state facts sufficient to constitute a cause of action. In addition,

7  it is uncertain. (C.C.P. § 430.10(e), (f).)

8       Claimed performance by Adelphia does not negate the fact that it materially breached the

9  contract by filing bankruptcy, then refusing to assume, therefore rejecting the contract. Adelphia has

10 failed to adequately plead an essential element of its breach of contract claim, namely, that it

11 performed or is excused from performing. The Bankruptcy Court, not Adelphia, allowed for the

12 satisfaction of Pauley's claim, by operation of Bankruptcy Law, not state contract law. In addition,

13 based on the above, the first cause of action is uncertain, ambiguous and unintelligible.

14       Plaintiff must plead and prove the following essential elements to establish a cause of action

15 for damages for breach of contract: (1) the contract; (2) plaintiff's performance or excuse for

16 nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff. *(Reichert v. General*

17 *Ins. Co.* (1968) 68 Cal.2d 822, 830; *Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290 (plaintiff's

18 complaint fails to indicate either that plaintiff performed all that he was obligated to perform prior to

19 that date, or that defendants had prevented him from rendering such performance); *Otworth v.*

20 *Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 459 (trial court properly sustained the

21 Southern Pacific's demurrer as to the contract cause of action since Otworth's complaint includes no

22 assertion that Otworth has either performed the contract or is excused from performing); *Walsh v.*

23 *West Valley Mission Community College Dist.* (1998) 66 Cal.App.4th 1532, 1545.))   The plaintiff

24 must prove ability to perform. *(Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th 613, 625.)

25 Moreover, Adelphia did not substantially perform. At the time of its bankruptcy filing, in June 2002,

26 it owed Pauley over $4.2 million. The doctrine of substantial performance is available only when the

27

28
   **MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
   CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
   COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

1  omissions or deviations from full performance are the result of mistake or inadvertence, not when the

2  omissions or deviations are intentional. (*Perry v. Quckenbush* (1894) 105 Cal. 299, 309-310; *Shell*

3  *v. Schmidt* (1958) 164 Cal.App.2d 350, 365-366.)

4      Here, to state a cause of action for breach of contract, Adelphia must plead the contract, its

5  performance of the contract or excuse for nonperformance, Pauley's breach and the resulting damage.

6  However, on its face, Adelphia's Second Amended Cross-complaint fails to state a cause of action for

7  breach of contract. Adelphia's assertion that it has fully performed is negated by ¶9, lines 4-5; ¶10,

8  lines 6-10, whereby it clearly admits that it filed for Bankruptcy and owed Pauley over $4.2 million

9  for work that Pauley performed under the contract between November 15, 2001 and July 16, 2002.

10      Because the Bankruptcy Court (not Adelphia) finally authorized payment of Pauley's claim

11  does not change the fact that Adelphia rejected, thus materially breached the subject contract. The

12  material breach of the contract by Adelphia, i.e. by failing to pay Pauley over $4.2 million in progress

13  payments under the executory construction contract, precludes Adelphia from seeking to enforce the

14  terms of the contract against Pauley now. To repeat, Adelphia did not satisfy Pauley's claim because

15  it wanted to perform its obligations under the contract, instead, the Bankruptcy Court authorized

16  payment of the claim by operation of Bankruptcy Law. The clear fact exists – Adelphia breached the

17  contract by filing Bankruptcy, then refusing to assume it.

18      Significantly, Adelphia rejected the July 7, 2000 executory contract it had with Pauley, thus

19  the bankruptcy estate lost any benefits it had under the contract, and is liable for all damages caused

20  by the rejection, which is considered a material breach of contract. Rejection is the functional

21  equivalent of abandonment of the right to compel the contracting party's performance for want of

22  benefit to the estate. (*In Re Miller*, 103 B.R. 353, 354 (Bankr. D.D.C.1989).)

23

24      Rejection does not cause the contract to "disappear," for the contracting party (Pauley), will

25  have a claim against the estate, subject to certain restrictions, for the value of the debtor's performance

26  under the now-breached contract. Under rejection, both the trustee (or debtor in possession) and the

27  contracting party are excused from further performance under the contract. (11 U.S.C. §§365g, 502g.)

28

G:\Data\DOCS\0017\03419\2am-mpa-demur                    9

**MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

1  Rejection is intended to (1) guard the estate against elevating contract obligations; and (2) treat the

2  claim arising from the Rejection as a pre-petition, unsecured claim. Rejection of a contract is deemed

3  a breach by the debtor immediately before the commencement of the case, which gives rise to a pre-

4  petition claim for the debtor's failure to perform under the contract. (11 U.S.C.§365g, 502g.) The

5  remedies available to the contracting party upon a breach are those available under applicable state

6  law.

7       Therefore, Pauley's alleged contractual obligations to defend and indemnify Adelphia ceased

8  immediately before Adelphia's June 25, 2002 bankruptcy filing. The inherent problem with

9  Adelphia's Second Amended Cross-complaint is that under basic state law contractual principles, a

10 breaching party (i.e. one who fails to pay) cannot sue on the very contract under which it has not

11 performed all of its own obligations. Therefore, Adelphia cannot enforce Pauley's obligations, if any,

12 since Adelphia has not performed the conditions precedent imposed on it. (Civ. Code § 1439.)

13 Moreover, Adelphia's failure to make progress payments under a building contract constituted failure

14 of consideration justifying rescission by Pauley. (*American-Hawaiian Engineer and Construction Co.*

15 *v. Butler* (1913) 165 Cal. 497, 516.) Finally, under standard contract law principles, a party who has

16 breached a contract without justification or excuse may not enforce the contract. "To state a cause of

17 action for breach of contract, [a party] must plead the contract, his performance of the contract or

18 excuse for nonperformance, [the other party's] breach and the resulting damage." (*Fairchild v. Park*

19 (2001) 90 Cal.App.4th 919, 934, citing (*Otworth v. Southern Pac. Transportation Co.* (1985) 166

20 Cal.App.3d 452, 458.) Thus, not only has Adelphia failed to state facts sufficient to constitute this

21 cause of action, but the cause of action is uncertain, thus Pauley's demurrer to this cause of action

22 should be granted without leave to amend.

23       <u>Second Cause of Action Breach of Contract - Waiver</u>

24       This cause of action fails to state facts sufficient to constitute a cause of action. In addition,

25 it is uncertain. (C.C.P. § 430.10(e), (f).)

26

27

28 G:\Data\DOCS\0017\03419\2am-mpa-demur          10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT

1    As stated in the analysis immediately above, but not repeated here, to state a cause of action

2  for breach of contract, Adelphia must plead the contract, its performance of the contract or excuse for

3  nonperformance, Pauley's breach and the resulting damage. However, on its face, nowhere in ¶¶26-37

4  does Adelphia state that it has performed.  Adelphia asks the Court here to make a finding that it

5  performed under the contract because Pauley's claim was eventually allowed by the Bankruptcy Court.

6  This is not supported by the facts or law.  In reality, the Bankruptcy Court has compelled the

7  Bankruptcy estate to satisfy Pauley's claim by operation of Bankruptcy law.  Had Adelphia truly

8  wanted to perform its obligations under the contract with Pauley, so as to take advantage of terms that

9  were advantageous to it, it would have assumed the contract and both Pauley and Adelphia would have

10  been bound by those terms.  However, Adelphia rejected the contract, so both the trustee (or debtor

11  in possession) and the contracting party are excused from further performance under the contract.

12  (11 U.S.C. §§365g, 502g.)  Not only has Adelphia failed to state facts sufficient to constitute this

13  cause of action, but the cause of action is uncertain.  Therefore, Pauley's demurrer to this cause of

14  action should be granted without leave to amend.

15    Third Cause of Action Unjust Enrichment

16    This cause of action fails to state facts sufficient to constitute a cause of action.  In addition,

17  it is uncertain.  (C.C.P. § 430.10(e), (f).)

18

19    A claim is a right to payment or a right to an equitable remedy for a failure of performance if

20  the breach gives rise to a right to payment. 11 U.S.C. § 101(5).  By filing Pauley's proof of claim, even

21  if the claim was eventually satisfied, does not mean that the bankrupt party, Adelphia, has performed

22  under the contract.  An executory contract that is not assumed by Adelphia during the bankruptcy

23  process is deemed rejected, thus breached.

24    A person is enriched if he receives a benefit at another's expense. The fact that one person

25  benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is

26  required to make restitution only if the circumstances are such that, as between the two individuals,

27

28
MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT
11

1   it is unjust for the person to retain it. (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657,

2   1662-1663; *California Medical Assn. v. Aetna U.S. Healthcare of California, Inc.* (2001) 94

3   Cal.App.4th 151, 172; Rest., Restitution, § 1, com. c.)

4          Here, Adelphia's Second Amended pleading at ¶¶38-45 fails to state a cause of action for

5   unjust enrichment. There are no facts pled therein that support a finding that Pauley has received any

6   portion of the $4.2 million because Adelphia assumed the contract. Nor has Adelphia stated facts

7   establishing that Pauley has been unjustly enriched. Adelphia received the benefit of Pauley's

8   construction services, but failed to pay over $4.2 million. Only after being compelled by the

9   Bankruptcy Court to satisfy Pauley's claim did Adelphia's estate act. Pauley has absolutely no

10  present, ongoing obligations under the contract, since it was rejected/breached by Adelphia. As such,

11  Pauley's only avenue to seek reimbursement of over $4.2 million for construction services that it

12  performed was to file a proof of claim in Bankruptcy Court. It could not sue Adelphia for breach,

13  because Adelphia is insulated from such lawsuits while in Bankruptcy. Therefore, Adelphia, not

14  Pauley was unjustly enriched. Adelphia received all of the benefits of Pauley's construction services,

15  while it was able to withhold payments for that work for nearly five years. It was only compelled to

16  satisfy the claim after the Bankruptcy Court made such an order.

17         When one party has been injured by a breach of contract and she either lacks the ability or the

18  desire to keep the contract alive, she can choose between two different remedies. She can treat the

19  contract as rescinded and recover damages resulting from the rescission. Or she can treat the contract

20  as repudiated by the other party and recover damages to which she would have been entitled had the

21  other party not breached the contract or prevented her performance. An action for rescission is based

22  on the disaffirmance of the contract and an action for damages for breach of contract is based on its

23  affirmance. (*Akin v. Certain Underwriters at Lloyd's London* (2006) 140 Cal. App. 4th 291, 296.)

24  Accordingly, because Akin sought to retain the benefits of the contract (*i.e.*, payment of benefits under

25  the policies), rather than rescission damages (return of her premiums), the Court held that her cause

26  of action for rescission was really a breach of contract claim and that she was not entitled to damages

27

28  G:\Data\DOCS\0017\03419\2am-mpa-demur        12

1  under Cal Civ Code § 1692. (*Id.* at 288.)

2          It is incredulous for Adelphia to allege that Pauley was in any way unjustly enriched here.

3  Adelphia has failed to evidence that its reimbursement of over $4.2 million to Pauley was for any

4  other reason, except by operation of Bankruptcy Law, after being compelled by the Bankruptcy Court

5  to do so. Adelphia alleges that Pauley has been compensated for work performed, thus Pauley owes

6  it indemnity under the contract. (SACC at ¶¶15, 16, lines 1-4, ¶24, lines 26-27; ¶34, lines 25-28; ¶36,

7  lines 6-9.) However, this ignores the rejection of, thus the material breach of the contract by Adelphia.

8  This rejection and breach by Adelphia completely severs any obligations by Pauley under the contract,

9  including an alleged obligation to indemnify Adelphia. The unjust enrichment claim is simply another

10  way of arguing that Pauley breached the contract. This claim fails.

11          As stated above, Adelphia had two choices when it filed bankruptcy, one, assume the contract,

12  whereby both parties would perform fully, or two, reject the contract, thus breaching it. It chose the

13  latter, thus giving Pauley only one option if it wanted to be paid for work performed – to file a proof

14  of claim in the Bankruptcy Court for money owed, which Pauley did. Again, this cause of action is

15  simply another way of saying that Pauley breached the contract. Adelphia has failed to adequately

16  plead an essential element of its unjust enrichment claim, which is really a claim for breach, namely,

17  that it performed or is excused from performing. Not only has Adelphia failed to state facts sufficient

18  to constitute this cause of action, but the cause of action is uncertain. Therefore, Pauley's demurrer

19  to this cause of action should be granted without leave to amend.

20          Seventh Cause of Action Express Indemnity

21          This cause of action fails to state facts sufficient to constitute a cause of action. In addition,

22  it is uncertain. (C.C.P. § 430.10(e), (f).)

23          Adelphia's seventh cause of action is simply another way of restating the breach of contract

24  causes of action above. For the reasons stated above, it also fails. The Second Amended Cross-

25  complaint does not state facts sufficient to constitute an express indemnity cause of action against

26  Pauley. Again, Adelphia has failed to plead an essential element, that it performed its obligations

27

28  G:\Data\DOCS\0017\03419\2am-mpa-demur          13
    **MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
    CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
    COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

1  under the contract containing the indemnity terms. On its face, nowhere in ¶¶54-55 does Adelphia

2  state that it has performed. Satisfaction of the $4.2 million claim was solely by operation of

3  Bankruptcy Law. Not only has Adelphia failed to state facts sufficient to constitute this cause of

4  action, but the cause of action is uncertain. Therefore, Pauley's demurrer to this cause of action

5  should be granted without leave to amend.

6  **B.   ADELPHIA'S FOURTH AND FIFTH CAUSES OF ACTION FAIL BECAUSE THEY ARE UNCERTAIN AS THEY ARE BARRED BY**

7  **CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6( c)**

8  Fourth Cause of Action Implied Equitable Indemnity

9  On February 20, 2007, this Court granted Pauley's unopposed motion for good faith settlement

10  confirming the settlement between Pauley, S.G. Barber and Plaintiffs and ruling that any and all actual

11  and/or potential claims by Plaintiffs, Defendants, Cross-complainants, Cross-defendants, and by any

12  other actual or potential party against any of the parties to the settlement by any joint tortfeasor or co-

13  obligor for equitable comparative contribution or partial or comparative indemnity based on

14  comparative negligence or comparative fault are forever barred. Based on the above, the fourth cause

15  of action is uncertain, ambiguous and unintelligible.

16  CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6 states:

17  "( c) a determination by the court that the settlement was in good faith shall bar any other joint tortfeasor or co-obligor from any further claim against the settling

18  tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

19

20  A good faith settlement operates to discharge the settling parties from liability to any other

21  alleged tortfeasor for partial or comparative indemnity or contribution, regardless of whether the other

22  alleged tortfeasors are presently parties to the plaintiffs' action or have ever been parties to the action.

23  (CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6, *Mill Valley Refuge Company v. Superior Court*

(1981) 108 Cal.App. 3d 707, *Stambaugh v. Superior Court* (1976) 62 Cal. App. 3d 231.)

24  Therefore, Adelphia's claim for implied equitable indemnity fails as a matter of law. C.C.P

25  § 877.6( c) precludes Adelphia, a joint tortfeasor party, from asserting this cause of action against

26  Pauley, since this Court has ruled that Pauley's settlement with Plaintiffs and S.G. Barber was

27

28  G:\Data\DOCS\0017\03419\2am-mpa-demur                14

1  unopposed (by Adelphia or any other party) and made in good faith.

2     Fifth Cause of Action Contribution

3     For the same reasons stated immediately above, Adelphia's cause of action for contribution is

4  uncertain, because it fails as a matter of law. C.C.P § 877.6( c) precludes Adelphia, a joint tortfeasor

5  party, from asserting this cause of action against Pauley, since this Court has ruled that Pauley's

6  settlement with Plaintiffs and S.G. Barber was unopposed (by Adelphia or any other party) and made

7  in good faith.

8                              **IV.  CONCLUSION**

9     Based on the foregoing facts and arguments, Pauley respectfully requests that the Court grant

10  its demurrer as to causes of action 1, 2, 3, 4, 5, and 7, without giving Adelphia leave to amend.

11

12  DATED: April 16, 2007                    CLAPP, MORONEY, BELLAGAMBA
13                                            and VUCINICH

14

15                                    By: _____

16                                        JEFFREY M. VUCINICH
                                          JOSHUA W. ROSE
17                                        Attorneys for Defendant/Cross-Complainant/
                                          Cross-Defendant
18                                        PAULEY CONSTRUCTION, INC.

19

20

21

22

23

24

25

26

27

28
**MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY
CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA
COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**

March 23, 2007

Reply to: San Bruno
Joshua W. Rose
jrose@clappmoroney.com

**VIA FACSIMILE AND U.S. MAIL**

Michael J. Daley, Esq.
David A. Kleczek, Esq.
Ryan & Lifter
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583

Re: _**Sifa Tuiaki and Lupe Tuiaki v. Pacific Gas and Electric Company, et al.**_
San Francisco Superior Court Case No. CGC-04-419761
Our Client:    Pauley Construction
Our File No.:  0017-03419

Dear Mr. Kleczek:

Please allow this letter to serve as confirmation that you intend Adelphia's Second Amended Cross-complaint against Pauley Construction to be your operative pleading, not the Amended Cross-complaint. In that regard, we will file a responsive pleading to the Second Amended Cross-complaint, but not to Adelphia's Amended Cross-complaint. In addition, you are going to file the Second Amended Cross-complaint, which is not on file yet with the Court, while dismissing the Amended Cross-complaint.

If any of this does not comport with your understanding of our conversation yesterday, please advise immediately. Thank you for your attention to the foregoing. If you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

Joshua W. Rose

G:\Data\DOCS\0017\03419\032307ltr.adelph

JOSEPH D. RYAN
JILL J. LIFTER*
MICHAEL J. DALEY
BARBARA U. UBEROI
DAVID A. KLECZEK**
CHRISTA MANSHOLT-ChOY

*also admitted in Nevada
**also admitted in Illinois

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 CROW CANYON PLACE, SUITE 330
SAN RAMON, CA 94583-1344
TELEPHONE: (925) 884-2080
FAX. (925) 884-2090

March 23, 2007

**SENT VIA TELEFAX**
Joshua W. Rose, Esq.
Clapp, Moroney, Bellagamba & Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, California 94066

RE:   *Sifa Tuiaki, et al. v. Pacific Gas & Electric Company, et al.*
      Our File No.: L637

Dear Mr. Rose:

        Thank you for your letter of today. I would like to clarify your statement regarding the status of our second amended cross-complaint. I will take steps to ensure that the second amended cross-complaint is filed appropriately. I do not agree that the amended cross-complaint must be dismissed.

        However, you are correct that we intend Adelphia' second amended cross-complaint to be the operative pleading. I hope this clarifies things for you.

                                Very truly yours,

                                **RYAN & LIFTER**
                                A Professional Corporation

                                By
                                    DAVID A. KLECZEK

DAK:amd

1   JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
    JOSHUA W. ROSE, ESQ.  BAR#: 191024
2   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
    A PROFESSIONAL CORPORATION
3   1111 Bayhill Drive, Suite 300
    San Bruno, CA 94066
4   (650) 989-5400  (650) 989-5499 FAX

5   Attorneys for Defendant/Cross-Complainant/Cross-Defendant
    PAULEY CONSTRUCTION, INC.

6

7

8                     SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,              CASE NO.: CGC-03-419761 (Consolidated
                                              with 04-432476)
12              Plaintiffs,
                                              **[PROPOSED] ORDER GRANTING
13  v.                                        DEMURRER OF CROSS-DEFENDANT
                                              PAULEY CONSTRUCTION, INC. TO
14  PACIFIC GAS AND ELECTRIC                  CROSS-COMPLAINANT ADELPHIA
    COMPANY, PAULEY                           COMMUNICATIONS
15  CONSTRUCTION, INC., TRAFFIC               CORPORATION'S SECOND AMENDED
    SOLUTIONS, INC., ADELPHIA                 CROSS-COMPLAINT**
16  TELECOMMUNICATIONS CO., INC.,
    SBC TELECOMMUNICATIONS, INC.,     | Cross-Complaint Filed:            11/2/05
17  MOBILE TOOL INTERNATIONAL, INC.   | Amended Cross-Complaint Filed:    2/22/07
    dba TELSTA, COUNTY OF             | 2nd Amended Cross-Complaint Filed: 4/11/07
18  MENDOCINO, STATE OF
    CALIFORNIA, PACIFIC BELL          | Date:      May 14, 2007
19  TELEPHONE COMPANY, PACIFIC        | Time:      9:30 a.m.
    TELESIS GROUP, SBC OPERATIONS,    | Department: 301
20  INC., and DOES 1 to 50,

21              Defendants.

22

23

24        Cross-defendant Pauley Construction, Inc's. ("Pauley) Demurrer to Cross-complainant

25  Adelphia Communications Corporation's ("Adelphia") Second Amended Cross-complaint came on

26  regularly before the Court at 9:30 a.m. on May 14, 2007, in Department 301 of San Francisco Superior

27  Court.  Clapp, Moroney, Bellagamba & Vucinich appeared on behalf of Pauley.  Ryan & Lifter

28  G:\Data\DOCS\0017\03419\2am-ord-demur          1
    **[PROPOSED] ORDER GRANTING DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION,
    INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND
    AMENDED CROSS-COMPLAINT**

RECEIVED

APR 1 7 2007

RYAN & LIFTER

1 | appeared on behalf of Adelphia.

2 |     WHEREFORE having reviewed the demurring papers, opposition, and reply, documents on

3 | file with the Court, and having heard oral argument from counsel, the Court rules as follows:

4 |     IT IS HEREBY ORDERED that Pauley's Demurrer is:

5 |     1.    GRANTED as to cause of action 1, Breach of Contract - Full Performance

6 | alleged against Pauley in Adelphia's Second Amended Cross-complaint.

7 |     2.    GRANTED as to cause of action 2, Breach of Contract - Waiver alleged against

8 | Pauley in Adelphia's Second Amended Cross-complaint.

9 |     3.    GRANTED as to cause of action 3, Unjust Enrichment alleged against Pauley in

10 | Adelphia's Second Amended Cross-complaint.

11 |     4.    GRANTED as to cause of action 4, Implied Equitable Indemnity alleged against

12 | Pauley in Adelphia's Second Amended Cross-complaint.

13 |     5.    GRANTED as to cause of action 5, Contribution alleged against Pauley in

14 | Adelphia's Second Amended Cross-complaint.

15 |     6.    GRANTED as to cause of action 7, Express Indemnity alleged against Pauley in

16 | Adelphia's Second Amended Cross-complaint.

17 |     IT IS FURTHER ORDERED that the Demurrer is sustained without leave to amend and that

18 | all causes of action above against Pauley are hereby dismissed.

19 |     IT IS SO ORDERED.

20 |

21 | Date:_____

    JUDGE PETER BUSCH

22 |     HONORABLE JUDGE OF THE SUPERIOR COURT

**[PROPOSED] ORDER GRANTING DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT    2**

1  JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
   JOSHUA W. ROSE, ESQ.  BAR#: 191024
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA 94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant/Cross-Complainant/Cross-Defendant
   PAULEY CONSTRUCTION, INC.

RECEIVED

APR 1 7 2007

RYAN & LIFTER

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11  SIFA TUIAKI and LUPE TUIAKI,                CASE NO.: CGC-03-419761 (Consolidated
                                                with 04-432476)
12              Plaintiffs,
                                                **PROOF OF SERVICE ON CROSS-**
13  v.                                          **DEFENDANT PAULEY**
                                                **CONSTRUCTION, INC.'S DEMURRER**
14  PACIFIC GAS AND ELECTRIC                    **TO CROSS-COMPLAINANT**
    COMPANY, PAULEY                             **ADELPHIA COMMUNICATIONS**
15  CONSTRUCTION, INC., TRAFFIC                 **CORPORATION'S SECOND AMENDED**
    SOLUTIONS, INC., ADELPHIA                   **CROSS-COMPLAINT**
16  TELECOMMUNICATIONS CO., INC.,
    SBC TELECOMMUNICATIONS, INC.,
17  MOBILE TOOL INTERNATIONAL, INC.    Cross-Complaint Filed:            11/2/05
    dba TELSTA, COUNTY OF             Amended Cross-Complaint Filed:    2/22/07
18  MENDOCINO, STATE OF               2nd Amended Cross-Complaint Filed: 4/11/07
    CALIFORNIA, PACIFIC BELL
19  TELEPHONE COMPANY, PACIFIC        Date:       May 14, 2007
    TELESIS GROUP, SBC OPERATIONS,    Time:       9:30 a.m.
20  INC., and DOES 1 to 50,           Department: 301

21              Defendants.

22

23

24

25

26

27

28  G:\Data\DOCS\0017\03419\2am-POS-demur        1
    **PROOF OF SERVICE ON CROSS-DEFENDANT PAULEY CONSTRUCTION, INC.'S DEMURRER TO**
    **CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED**
    **CROSS-COMPLAINT**

SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.
San Francisco Superior Court Case No. CGC-03-419761

PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

1.    NOTICE OF HEARING ON DEMURRER OF PAULEY CONSTRUCTION, INC.

2.    DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO SECOND AMENDED CROSS-COMPLAINANT BY ADELPHIA COMMUNICATIONS CORPORATION

3.    MEMORANDUM OF POINTS AND AUTHORITIES OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. IN SUPPORT OF DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT

4.    PAULEY CONSTRUCTION, INC'S. REQUEST FOR JUDICIAL NOTICE PURSUANT TO ITS DEMURRER

5.    [PROPOSED] ORDER GRANTING DEMURRER OF CROSS-DEFENDANT PAULEY CONSTRUCTION, INC. TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| X | (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit. |

## SEE ATTACHED SERVICE LIST

| ☐ | (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following: |

| ☐ | (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following: |

| ☐ | (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following: |

PROOF OF SERVICE ON CROSS-DEFENDANT PAULEY CONSTRUCTION, INC.'S DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT                    2

☐    (BY LexisNexis FILE & SERVE) I caused to be delivered by LexisNexis File & Serve this date each of the above documents, for which our office will maintain the LexisNexis filing receipt, to the following:

Executed on April 16, 2007, at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CLAUDIA GOMEZ

G:\Data\DOCS\0017\03419\2am-POS-demur                    3

**PROOF OF SERVICE ON CROSS-DEFENDANT PAULEY CONSTRUCTION, INC.'S DEMURRER TO CROSS-COMPLAINANT ADELPHIA COMMUNICATIONS CORPORATION'S SECOND AMENDED CROSS-COMPLAINT**                    3

TUIAKI v. PACIFIC GAS & ELECTRIC COMPANY, et al.
San Francisco Superior Court Case No.: CGC-04-419761
Our Client:Pauley Construction, Inc.
Our File No.:0017-03419

# SERVICE LIST

| | |
|---|---|
| Michael J. Daley, Esq.<br>David A. Kleczek, Esq.<br>Ryan & Lifter<br>2010 Crow Canyon Place, Suite 330<br>San Ramon, CA 94583<br>Tel: (925) 884-2080<br>Fax: (925) 884-2090<br>***Attys for Adelphia Communications*** | Steven P. Burke, Esq.<br>Matthew C. Lovell, Esq.<br>Peter J. Messrobian, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco,. CA 94105<br>Telephone:    (415) 781-7900<br>Facsimile:    (415) 781-2635<br>***Attorneys for Defendant***<br>***Pacific Gas & Electric Company*** |
| Robert Ford<br>Rueben Jacobson<br>Lewis Brisbois Bisgaard & Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone:    (415) 362-2580<br>Facsimile:    (415) 434-0882<br>***Attorneys for Defendants***<br>***SBC WEST/PACIFIC TELESIS GROUP and***<br>***ADELPHIA TELECOMMUNICATIONS CO., INC.*** | Steven D. Werth<br>Mark Hazelwood<br>Low, Ball & Lynch<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584<br>Telephone: (415) 981-6630<br>Facsimile: (415) 982-1634<br>***Attorneys for Cross-Defendant***<br>***S.G. BARBER*** |
| Ralph Robinson<br>Peter R. Crane<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker, LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>***Attorneys for Defendant***<br>***Mobile Tool International, Inc.*** | Ray L. Wong, Esq.<br>Duane Morris LLP<br>One Market Street<br>Spear Tower, Suite 2000<br>San Francisco, CA 94105<br>Tel: (415) 957-3000<br>Fax: (415) 957-3001<br>e-mail: rlwong@duanemorris.com<br>***Attorneys for American Premier***<br>***Underwriters, Inc. and General Cable***<br>***Corporation*** |

| Jorge Franco, Esq.<br>Jennings, Haug & Cunningham LLP<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Tel: (602) 234-7810 (direct)<br>Cell: (602) 312-0888<br>Fax: (602) 277-5595<br>e-mail: jf@jhc-law.com<br>***Personal Counsel for Pauley Construction, Inc.*** | |