1  JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
   JOSHUA W. ROSE, ESQ. BAR#: 191024
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA  94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant and Cross-Complainant
   PAULEY CONSTRUCTION, INC.

6

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  SIFA TUIAKI and LUPE TUIAKI,          CASE NO.: C07 2257 JCS

12          Plaintiffs,                    **PAULEY CONSTRUCTION, INC'S.
                                           NOTICE OF MOTION AND MOTION
13  v.                                     TO REMAND TO STATE COURT [28
                                           U.S.C. §1447( c)]**
14  PACIFIC GAS AND ELECTRIC
    COMPANY, PAULEY                        _____
15  CONSTRUCTION, INC., TRAFFIC
    SOLUTIONS, INC., ADELPHIA             Date:      June 22, 2007
16  TELECOMMUNICATIONS CO., INC.,         Time:      9:30 a.m.
    SBC TELECOMMUNICATIONS, INC.,         Location:  Courtroom A, 15th Floor
17  MOBILE TOOL INTERNATIONAL, INC.       Judge:     Magistrate Judge
    dba TELSTA, COUNTY OF                            Joseph C. Spero
18  MENDOCINO, STATE OF
    CALIFORNIA, PACIFIC BELL
19  TELEPHONE COMPANY, PACIFIC
    TELESIS GROUP, SBC OPERATIONS,
20  INC., and DOES 1 to 50,

21          Defendants.

22  _____
    AND RELATED CROSS-ACTION.
23

24      **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that on June 22, 2007, at 9:30 a.m. or soon thereafter as the matter

26  can be heard in Courtroom A, 15th Floor, of the above-noted Court, located at 450 Golden Gate

27  Avenue, San Francisco, California 94102,   Cross-defendant PAULEY CONSTRUCTION INC.

28

("Pauley") will move the Court to Remand this action to State Court, pursuant to 28 U.S.C. § 1447 ( c) and Northern District of California Civil Local Rule 7.1, on the grounds that removing party, Adelphia Communications Corporation's (hereinafter "Adelphia") Notice of Removal was defective. Adelphia's purported Notice of Removal was tardy. In addition, Adelphia's Notice of Removal fails to include the requisite short and plain statement of the grounds for removal. Moreover, Adelphia's Notice of Removal is clearly designed to "forum shop" after four years of litigation in State Court. Adelphia's pleading against Pauley is not about augmenting or detracting from the Chapter 11 bankruptcy estate (the pot of money that may eventually go to creditors). Instead, it is about Adelphia's attempt to recoup money for its insurance carrier. Thus, Adelphia should be estopped from contending now that this is action should be in Federal Court, as this matter is not materially "related to the Chapter 11 cases or the plan..." (Adelphia's Notice of Removal at ¶8, lines 8-10.)

Adelphia's Notice of Removal at page 2, paragraph 5, lines 17-20 disingenuously states that "On March 26, 2007, PAULEY demurred to ADELPHIA'S 1st Amended Cross-Complaint, *for the first time raising issues arising under the bankruptcy code..."* (Emphasis added.) This misstatement is simply untrue.

In fact, Pauley brought the bankruptcy issue and its position regarding the same to Adelphia's attention in Pauley's Motion for Judgment on the Pleadings, served on Adelphia on January 8, 2007, and filed on January 9, 2007, in the San Francisco Superior Court action, entitled *Sifa Tuiaki and Lupe Tuiaki v. Pacific Gas and Electric Company, et al.*, San Francisco Superior Court Case No. CGC-03-419761 (Consolidated with 04-432476). The bankruptcy issue was further raised in Pauley's Reply, filed on February 6, 2007, to Adelphia's Opposition to Pauley's Motion for Judgment on the Pleadings. Clearly, Adelphia first knew or should have known about its right to remove by January 9, 2007, and Pauley contends that Adelphia knew a lot earlier than that.

Moreover, this issue was discussed, in great detail, at the January 11, 2007 Mediation session before Hon. Alfred G Chiantelli (Ret.), wherein the entire case settled, except for Adelphia, who settled with plaintiffs the next day. Thus, the only remaining pleading in the Tuiaki action is Adelphia's Cross-complaint against Pauley. It also comprised a large section of Pauley's mediation

1    brief that was served on Adelphia.

2        Finally, according to the very documents that Adelphia asks this Court to take Judicial Notice

3    of, Adelphia has had notice of Pauley's bankruptcy claim since at least September 30, 2003.  In

4    addition, Adelphia's Notice of Removal and accompanying Request for Judicial Notice indicate that

5    the Chapter 11 plan has been confirmed.  However, nowhere contained within that confirmed plan is

6    Adelphia's assumption of the July 7, 2000 contract with Pauley.  As such, the executory contract

7    (performance is due to some extent on both sides) is deemed rejected and breached by Adelphia

8    immediately before the filing of the petition.  (See *11 U.S.C. §§365(g), 502(g)*.)  As such, Adelphia

9    cannot allege causes of action against Pauley under the contract that it breached.

10        Thus, for Adelphia to state now that Pauley, for the first time on March 26, 2007, raised issues

11    under the bankruptcy code, is incorrect.  Adelphia's Removal is simply one more attempt to prolong

12    and delay the litigation of its cross-action.

13        The motion will be based on this Notice of Motion and Motion, the Memorandum of Points

14    and Authorities served and filed herewith, the Declaration of Jeffrey M. Vucinich served and filed

15    herewith, the Request for Judicial Notice served and filed herewith, the pleadings and papers filed

16    herein, and any other written or oral argument or evidence that may be presented at the hearing on this

17    motion.

18    DATED: May 14, 2007                CLAPP, MORONEY, BELLAGAMBA
                                          and VUCINICH

19

20                                        By: _____

21                                             JEFFREY M. VUCINICH
                                             JOSHUA W. ROSE

22                                           Attorneys for Defendant, Cross-Complainant,
                                             Cross-Defendant PAULEY CONSTRUCTION,
                                             INC.

23

24

25

26

27

28