1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   JOSHUA W. ROSE, ESQ. BAR#: 191024
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA  94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant and Cross-Complainant
   PAULEY CONSTRUCTION, INC.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SIFA TUIAKI and LUPE TUIAKI, | CASE NO.: C07 2257 JCS |
| 12      Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. MOTION TO REMAND TO STATE COURT [28 U.S.C. §1447( c)]** |
| 13  v. | |
| 14  PACIFIC GAS AND ELECTRIC COMPANY, PAULEY CONSTRUCTION, INC., TRAFFIC SOLUTIONS, INC., ADELPHIA TELECOMMUNICATIONS CO., INC., SBC TELECOMMUNICATIONS, INC., MOBILE TOOL INTERNATIONAL, INC. dba TELSTA, COUNTY OF MENDOCINO, STATE OF CALIFORNIA, PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELESIS GROUP, SBC OPERATIONS, INC., and DOES 1 to 50, | Date:      June 22, 2007<br>Time:      9:30 a.m.<br>Location:  Courtroom A, 15th Floor<br>Judge:     Magistrate Judge<br>           Joseph C. Spero |
| 21      Defendants. | **JURY TRIAL DEMANDED** |
| 22  AND RELATED CROSS-ACTION. | |

24                  **I.  INTRODUCTION**

25      COMES NOW Cross-defendant, Pauley Construction, Inc. (hereinafter "Pauley") to Remand

26  to State Court, pursuant to 28 U.S.C. § 1447( c) and Northern District of California Civil Local Rule

27  7.1, on the grounds that removing party, Adelphia Communications Corporation's (hereinafter

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. MOTION TO REMAND
TO STATE COURT [28 U.S.C. §1447( c)]; Case # C07 2257 JCS

G:\Data\DOCS\0017\03419\remand
\Remand-MPA2

1  "Adelphia") Notice of Removal was defective.  Adelphia's purported Notice of Removal was tardy.

2  Adelphia has known about the "issues arising under the bankruptcy code," since the filing of Pauley's

3  Motion for Judgment on the Pleadings, on  January 9, 2007.  Pauley further contends that Adelphia

4  has known about this issue since at least September 30, 2003, when Pauley had no recourse but to file

5  a claim in Bankruptcy Court for over $4.2 million due and owing to Pauley from Adelphia as a result

6  of Adelphia's material breach of their July 7, 2000 contract.  Moreover, Adelphia's Notice of Removal

7  is clearly designed to "forum shop" after four years of the *Tuiaki* litigation in State Court.  Adelphia

8  is obviously displeased with the State Court rulings to date as evidenced below.  Adelphia's pleading

9  against Pauley is not about augmenting or detracting from the Chapter 11 bankruptcy estate.  Instead,

10  it is about Adelphia's insurance carrier trying to recoup money.  Finally, Adelphia's Notice of

11  Removal fails to include the requisite short and plain statement of the grounds for removal.

## II.  STATEMENT OF FACTS

13  On July 7, 2000, Pauley contracted with project owner, Century Mendocino Cable TV d/b/a

14  Adelphia Cable Communications, to install and upgrade cable facilities on the Fort Bragg Project in

15  Mendocino County.

16  On November 2, 2001, Plaintiff Sifa Tuiaki's employer, S.G. Barber Construction, Inc.,

17  subcontracted with general contractor, Pauley, pursuant to Pauley's contract with Adelphia, to perform

18  the actual aerial cable construction work.

19  On May 1, 2002, Mr. Tuiaki was seriously injured when he came into contact with an elevated

20  electrical power line while operating a bucket truck.  At the time of his accident, Mr. Tuiaki was a line

21  crew foreman employed by S.G. Barber.

22  On June 25, 2002, Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States

23  Bankruptcy Court, Southern District of New York.  Adelphia never assumed the Pauley - Adelphia

24  contract that is the basis of Adelphia's Second Amended Cross-complaint, thus the contract is deemed

25  rejected and breached by Adelphia immediately before the bankruptcy filing.

26  On June 14, 2004, the United States Bankruptcy Court, Southern District of New York ruled

27  on a Stipulation and Agreed Order Granting Sifa and Lupe Tuiaki Partial Relief From the Automatic

1  Stay To Initiate Action Against Third Party Insurance Proceeds.  This document establishes that as

2  of at least June 14, 2004, not March 26, 2007, as Adelphia Communications Corporation misstates,

3  Adelphia knew about issues arising under the bankruptcy code.  In addition, the stipulation and order

4  demonstrates that since the relief allowed the case to proceed as to available insurance, the real parties

5  in interest are clearly the insurers, and therefore this is not a core proceeding (and recovery cannot

6  augment the estate).

7  On September 19, 2006, Plaintiff Mr. Tuiaki and his wife, Plaintiff Lupe Tuiaki, filed their

8  Second Amended Complaint for personal injury and loss of consortium against various defendants.

9  Three causes of action in this form complaint name Pauley: the second for premises liability; the third

10  cause of action for general negligence; and the fifth cause of action for Mrs. Tuiaki's loss of

11  consortium.  In addition, Plaintiffs raised a punitive damages claim against Pauley.

12  On November 2, 2005, Adelphia filed a Cross-complaint against Pauley raising causes of

13  action for implied equitable indemnity, contribution, declaratory relief, breach of contract and express

14  indemnity.

15  On August 2, 2006, the San Francisco Superior Court denied Adelphia's Motion for Summary

16  Adjudication seeking to compel Pauley to defend and indemnify it pursuant to the terms of the July

17  7, 2000 contract.  The Superior Court denied Adelphia's motion on the grounds that there were

18  sufficient questions of fact regarding Adelphia's active negligence to put into question Pauley's

19  indemnity obligations. Adelphia filed a writ of mandate seeking appellate review.  However, the writ

20  was summarily denied by the Court of Appeals.

21  On January 11, 2007, a settlement was reached between Pauley, S.G. Barber and Plaintiffs.

22  Pauley filed a Motion for Good Faith Settlement, which was unopposed.

23  On February 13, 2007, the San Francisco Superior Court granted Pauley's Motion for

24  Judgment on the Pleadings against Adelphia's November 2005 Cross-complaint, ruling that Adelphia

25  had failed to plead an essential element of its breach of contract and express indemnity causes of

26  action, namely that it performed its obligations or was excused from performing its obligations under

27  the contract containing the indemnity terms.  Adelphia was given 10 days leave to amend.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. MOTION TO REMAND
TO STATE COURT [28 U.S.C. §1447( c)]; Case # C07 2257 JCS          3

1    On February 20, 2007, the San Francisco Superior Court granted Pauley's unopposed motion

2    for good faith settlement confirming the settlement between Pauley, S.G. Barber and Plaintiffs and

3    ruling that any and all actual and/or potential claims by Plaintiffs, Defendants, Cross-complainants,

4    Cross-defendants, and by any other actual or potential party against any of the parties to the settlement

5    by any joint tortfeasor or co-obligor for equitable comparative contribution or partial or comparative

6    indemnity based on comparative negligence or comparative fault are forever barred.

7    On February 22, 2007, Adelphia filed its First Amended Cross-complaint against Pauley,

8    raising causes of action for breach of contract - substantial performance, breach of contract - waiver,

9    unjust enrichment, implied equitable indemnity, contribution, declaratory relief and express indemnity.

10    On March 26, 2007, Pauley filed a demurrer to Adelphia's First Amended Cross-complaint.

11    On March 26, 2007, Adelphia served, but did not file until April 11, 2007, its Second

12    Amended Cross-complaint. In light of the second amended cross-action, Pauley took its demurrer to

13    Adelphia's first amended cross-action off calendar. Adelphia's Second Amended Cross-complaint

14    raises causes of action for breach of contract - full performance, breach of contract - waiver, unjust

15    enrichment, implied equitable indemnity, contribution, declaratory relief and express indemnity.

16    On April 17, 2007, Pauley filed its demurrer to Adelphia's Second Amended Cross-complaint.

17    The hearing on the demurrer was set for May 14, 2007.

18    On April 25, 2007, Adelphia filed this Notice of Removal.

19    Finally, on May 14, 2007, Pauley filed a separate Motion to Dismiss concurrent with the filing

20    of this motion. On June 22, 2007, Pauley has its Motion to Dismiss set for hearing in this Court. Each

21    and every time Pauley has attacked Adelphia's pleadings, Adelphia has done everything in its power

22    to thwart Pauley's attempts. Each and every time Pauley has attacked Adelphia's pleadings, Adelphia

23    has done everything in its power to thwart Pauley's attempts.   The Court should use its authority to

24    remand this case back to State Court, as there was a defect in Adelphia's removal procedure, among

25    other reasons.  (28 U.S.C. § 1447( c).)

26    **III.  LEGAL ARGUMENT**

27    28 U.S.C. § 1446(b) provides in relevant part:

28

"Notice of removal...shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief or, within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Here, Adelphia incorrectly contends in its Notice of Removal, at page 2, paragraph 5, lines 17-20, that "On March 26, 2007, PAULEY demurred to ADELPHIA'S 1st Amended Cross-Complaint, *for the first time raising issues arising under the bankruptcy code...*" (Emphasis added.) Adelphia has requested Judicial Notice of Pauley's March 26, 2007 demurrer and supporting papers. Thus, it claims, it has removed within the requisite 30 days. This misstatement by Adelphia is simply untrue.

In fact, **Pauley brought these bankruptcy issues to Adelphia's attention** in Pauley's Motion for Judgment on the Pleadings, served on Adelphia on January 8, 2007, and filed **on January 9, 2007,** in the San Francisco Superior Court action, entitled *Sifa Tuiaki and Lupe Tuiaki v. Pacific Gas and Electric Company, et al.*, San Francisco Superior Court Case No. CGC-03-419761 (Consolidated with 04-432476). A true and correct copy of Pauley's Motion for Judgment on the Pleadings, Pauley's Reply, and the Order granting Pauley's motion are attached as **"Exhibit A"** to the Declaration of Jeffrey M. Vucinich, served herewith. Thus, **Adelphia should have removed the matter by February 7, 2007,** but failed to do so. Adelphia removed the case too late, after the 30-day time for removal under 28 U.S. C. § 1446(b), so the matter must be remanded back to State Court.

Moreover, "the issues arising under the bankruptcy code" were discussed, in great detail, at the January 11, 2007 Mediation session before Hon. Alfred G Chiantelli (Ret.), wherein the entire case settled, except for Adelphia, who settled with plaintiffs the next day. Thus, the only remaining pleading in the Tuiaki action is Adelphia's Cross-complaint against Pauley. It also comprised a large section of Pauley's mediation brief that was served on Adelphia. Specifically, Pauley's brief stated:

"On November 2, 2005, Adelphia Communication filed a Cross-complaint against Pauley Construction for contractual indemnity and breach of contract. That Cross-complaint was the subject of a motion for summary adjudication. Adelphia asserted that the indemnity provision of the contract provided for indemnification by Pauley regardless of fault of Adelphia. Pauley contended that the indemnity clause was a Type III general indemnity clause, which did not obligate Pauley to indemnify Adelphia if Adelphia was negligent.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. MOTION TO REMAND TO STATE COURT [28 U.S.C. §1447( c)]; Case # C07 2257 JCS            5

G:\Data\DOCS\0017\03419\remand\Remand-MPA2

The Court denied Adelphia's motion on the grounds that there were sufficient questions of fact regarding Adelphia's active negligence to put into question Pauley's indemnity obligations. Adelphia filed a writ of mandate seeking appellate review.    However, the writ was summarily denied by the Court of Appeals.

This week, Pauley filed a motion for judgment on the pleadings as to Adelphia's Cross-complaint, on the grounds that Adelphia's fourth cause of action, for breach of contract, and fifth cause of action, for express indemnity fail, as the Cross-complaint does not state facts sufficient to constitute those causes of action against Pauley. Adelphia's Cross-complaint fails to indicate either that it performed all that it was obligated to perform, or that Pauley prevented it from rendering such performance.  In fact, just before Adelphia filed for Chapter 11 Bankruptcy, in June 2002, it owed Pauley over $4 million under the contract, which it never paid.

Here, Adelphia rejected the July 7, 2000 contract it had with Pauley, thus the bankruptcy estate lost any benefits it had under the contract, and is liable for all damages caused by the rejection, which is considered a breach of contract  Rejection is the functional equivalent of abandonment of the right to compel the contracting party's performance for want of benefit to the estate. See In Re Miller, 103 B.R. 353, 354 (Bankr. D.D.C.1989).  Rejection does not cause the contract to "disappear," for the contracting party (Pauley), will have a claim against the estate, subject to certain restrictions, for the value of the debtor's performance under the now-breached contract.  Under rejection, both the trustee (or debtor in possession) and the contracting party are excused from further performance under the contract. Rejection does not result in an unraveling of the executed portions of the contract.  Rejection relates only to those aspects of the contract which remain unfulfilled as of the petition date.   (See 11 U.S.C. §§365g, 502g.)  Therefore, Pauley's alleged contractual obligation to defend and indemnify Adelphia ceased immediately before Adelphia's June 25, 2002 bankruptcy filing, since a rejected contract is deemed breached by the debtor immediately before the bankruptcy proceedings are commended.

The problem with Adelphia's Cross-complaint is that under basic state law contractual principles, a breaching party (i.e. one who fails to pay) cannot sue on the very contract under which it has not performed all of its own obligations.  Therefore, Adelphia cannot enforce Pauley's obligations, if any, since Adelphia has not performed the conditions precedent imposed on it. (Civ. Code § 1439)."

Furthermore, according to the very documents that Adelphia asks this Court to take Judicial Notice of, Adelphia has had notice of Pauley's claim and "issues arising under the bankruptcy code" since at least September 30, 2003.  Thus, for Adelphia to state now that Pauley, for the first time on March 26, 2007, "raised issues under the bankruptcy code," is patently incorrect.

1    Adelphia's Notice of Removal is clearly designed to "forum shop" after four years of litigation

2    in State Court.  Waiver should serve to prevent Adelphia from seeking a Federal Court forum at this

3    late date. (See *O'Rourke v. Maxwell Lab.,* 1993 U.S. App. LEXIS 16994 (9th Cir. Cal. July 1, 1993);

4    (*Doijode v. Sears, 2006 U.S. Dist. LEXIS 3186 (N.D. Cal. Jan. 17, 2006)* ("Generally, [a] state court

5    defendant may lose or waive the right to remove a case to a federal court by taking some substantial

6    offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal

7    before filing a notice of removal with the federal court."); (*Cantrell v. Great Rep. Ins. Co.* 873 F.2d

8    1249, 1256 (9th Cir. 1989) (recognizing that defendant may lose or waive the right to remove a case

9    to federal court by actively participating in state court action).

10    Moreover, Adelphia's pleading against Pauley is not about augmenting or detracting from the

11    Chapter 11 bankruptcy estate (the pot of money that may eventually go to creditors).  Instead, it is

12    about Adelphia's attempt to recoup money for its insurance carrier. Adelphia's removal is simply one

13    more attempt to prolong and delay the litigation of its cross-action that it has maintained in State Court

14    since November 2005, and that it has been a defendant in since September 2003.  The Court of

15    original jurisdiction, as chosen by Adelphia, was and is San Francisco Superior Court.  Adelphia

16    should be required to finish what it started in State Court. The facts and issues to be litigated arise out

17    of state law indemnity and contribution, which have nothing to do with core bankruptcy law or the

18    Bankruptcy Code.  (See Stipulation and Agreed Order Granting Sifa and Lupe Tuiaki Partial Relief

19    From the Automatic Stay To Initiate Action Against Third Party Insurance Proceeds, "Exhibit B" to

20    Declaration of Jeffrey M. Vucinich.)

21    Adelphia's Notice or Removal makes reference to Federal Rule of Bankruptcy Procedure

22    9027(a).

23    Federal Rule of Bankruptcy Procedure 9027(a)(3) Time for filing; civil action initiated after

24    commencement of the case under the Code states in relevant part:

25    "(a)(3) If a claim of cause of action is asserted in another court after the
       commencement of a case under the Code, a notice of removal may be
26    filed with the Clerk only within the shorter of (A) 30 days after receipt,
       through service or otherwise, of a copy of the initial pleading setting
27    forth the claim or cause of action sought to be removed, or (B) 30 days
       after receipt of the summons if the initial pleading has been filed with

28

1    the court but not served with the summons."

2    Here the operative "initial pleading" that Adelphia is focused on is Pauley's March 26, 2007

3    demurrer. Pauley has filed no actions against Adelphia. However, Pauley's January 9, 2007 Motion

4    for Judgment on the Pleadings is the "initial pleading" in which Pauley set forth the bankruptcy issues

5    under which Adelphia seeks to remove. Adelphia failed to remove the action within 30 days after

6    Pauley's Motion for Judgment on the pleadings, so it is too late now.

7    Moreover, Pauley denies all allegations in Adelphia's Notice of Removal and classifies all

8    proceedings, claims and/or causes of action alleged by Adelphia to be non-core. Pauley does not

9    consent to entry of final orders or judgment by the bankruptcy judge. (Federal Rule of Bankruptcy

10   Procedure 9027(e)(3).)

11   Additionally, Adelphia asks this Court to take Judicial Notice of the Chapter 11 plan which,

12   according to Adelphia, has been confirmed by order of the Bankruptcy Court. However, nowhere

13   contained within that confirmed plan is Adelphia's assumption of the July 7, 2000 contract with

14   Pauley. As such, the executory contract (performance is due to some extent on both sides) is deemed

15   rejected and breached by Adelphia immediately before the filing of the petition. Under the Bankruptcy

16   Code, a rejected contract is considered to have been in breach prior to bankruptcy petition, leaving the

17   nondebtor party to contract with general unsecured claim for contract damages under 11 U.S.C. §§

18   365(g)(1), 502(g). As such, Adelphia cannot maintain causes of action against Pauley under the

19   contract that it breached. (See *In Re Aslan* (9th Cir. C.D. Cal. 1990) 909 F.2d 367)

20   Finally, 28 U.S.C. § 1447 *Procedure after removal generally* states in relevant part:

21

22       "( c) A motion to remand the case on the basis of any defect other than
         lack of subject matter jurisdiction must be made within 30 days after
23       the filing of the notice of removal under section 1446(a). If at any time
         before final judgment it appears that the district court lacks subject
24       matter jurisdiction, the case shall be remanded. An order remanding the
         case may require payment of just costs and any actual expenses,
25       including attorney fees, incurred as a result of the removal. A certified
         copy of the order of remand shall be mailed by the clerk to the clerk of
26       the State court. The State court may thereupon proceed with such
         case."

27   A motion to remand the case for procedural defects in the removal must be made within 30

28   days after the removal notice is filed in federal court. (*Northern Calif. Dist. Council Of Laborers v.*

1  *Pittsburg-Des Moines Steel Co.* (9th Cir. 1995) 69 F3d 1034, 1038.)  Here, Pauley has filed its Motion

2  to Remand within the 30-day time period.

3      In addition, Pauley has provided substantial evidence of Adelphia's tardiness in removing the

4  action, among other viable grounds for remand.  Alternatively, Adelphia should be estopped from

5  maintaining this removed action in Federal Court because (1) Adelphia unreasonably delayed in

6  removing, (2) this action is not related to the bankruptcy action, nor is it a core bankruptcy matter,

7  since there is no possibility of augmenting the estate, and (3) this action is pursued by an on behalf of

8  the real parties in interest, Adelphia's insurers, not the estate.

9      Under the judicial estoppel doctrine, "parties are precluded from asserting contrary positions

10  in the same or related proceedings.  Under the judicial estoppel doctrine, the emphasis is not on a hard

11  and fast rule, but rather on the prevention of intentional self-contradiction as a means of obtaining

12  unfair advantage." (*Royal Service, Inc. v. Goody Products, Inc.* (N.D. Cal. 1988) 1988 U.S. Dist.

13  LEXIS 15540, 1988-2 Trade Cas. (CCH) P68244.)  Thus, the action is not appropriate for either

14  Federal or Bankruptcy Court jurisdiction, so it must be remanded back to State Court.

## IV.  CONCLUSION

    For the reasons stated above, Pauley Construction, Inc. respectfully moves this Court for an
order remanding this action back to State Court (San Francisco Superior Court).

## **JURY DEMAND**

    Pauley Construction, Inc.  hereby demands a trial by jury in this action.

DATED: May ____, 2007    CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
JEFFREY M. VUCINICH
JOSHUA W. ROSE
Attorneys for Defendant/Cross-Complainant/
Cross-Defendant
PAULEY CONSTRUCTION, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. MOTION TO REMAND TO STATE COURT [28 U.S.C. §1447( c)]; Case # C07 2257 JCS  9   G:\Data\DOCS\0017\03419\remand\Remand-MPA2