JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant and Cross-Complainant
PAULEY CONSTRUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, PAULEY CONSTRUCTION, INC., TRAFFIC SOLUTIONS, INC., ADELPHIA TELECOMMUNICATIONS CO., INC., SBC TELECOMMUNICATIONS, INC., MOBILE TOOL INTERNATIONAL, INC. dba TELSTA, COUNTY OF MENDOCINO, STATE OF CALIFORNIA, PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELESIS GROUP, SBC OPERATIONS, INC., and DOES 1 to 50,<br><br>Defendants. | CASE NO.: C07 2257 JCS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>Date:      June 22, 2007<br>Time:      9:30 a.m.<br>Location: Courtroom A, 15th Floor<br>Judge:     Magistrate Judge<br>                Joseph C. Spero |
| AND RELATED CROSS-ACTION | **JURY TRIAL DEMANDED** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257 JCS

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Dismiss-MPA2

# TABLE OF CONTENTS

I.  FACTS & PROCEDURAL POSTURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ALLEGATIONS IN ADELPHIA'S 2nd AMENDED CROSS-COMPLAINT . . . . . . . . . . . . 4

III.  LEGAL ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.  ADELPHIA'S FIRST, SECOND, THIRD AND SEVENTH CAUSES OF
         ACTION FAIL BECAUSE ADELPHIA FAILED TO PLEAD THE
         CAUSES OF ACTION AGAINST PAULEY . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.  ADELPHIA'S FOURTH AND FIFTH CAUSES OF ACTION FAIL
         BECAUSE THEY ARE BARRED BY CALIFORNIA CODE OF CIVIL
         PROCEDURE § 877.6( c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

# TABLE OF AUTHORITIES

## Cases

*Akin v. Certain Underwriters at Lloyd's London* (2006) 140 Cal. App. 4th 291, 296.) . . . . . . 13

*American-Hawaiian Engineer and Construction Co. v. Butler* (1913) 165 Cal. 497, 516 . . . . . . 10

*California Medical Assn. v. Aetna U.S. Healthcare of California, Inc.* (2001)

      94 Cal.App.4th 151, 172 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of Oakland v. Comcast Corp.*, 2007 U.S. Dist. LEXIS 14512 (N.D. Cal. Feb. 14, 2007 . . . 12

*Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th 613, 625. . . . . . . . . . . . . . . . . . . . . 8

*Fairchild v. Park* (2001) 90 Cal.App.4th 919, 934 . . . . . . . . . . . . . . . . . . . . . . . . 10

*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662-1663 . . . . . . . . . . . . 12

*Golden 1 Credit Union v. H & B Group, Inc.*, 2007 U.S. Dist. LEXIS 31142

      (E.D. Cal. Apr. 27, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hynix Semiconductor, Inc. v. Rambus Inc.*, 2006 U.S. Dist. LEXIS 30690

      (N.D. Cal. Jan. 4, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In Re Aslan* (9th Cir. C.D. Cal. 1990) 909 F.2d 367) . . . . . . . . . . . . . . . . . . . . 7, 9

*In Re Miller,* (Bankr. D.D.C.1989) 103 B.R. 353, 354 . . . . . . . . . . . . . . . . . . . . 9

*Kincaid v. City of Fresno*, 2007 U.S. Dist. LEXIS 19197 (E.D. Cal. Mar. 16, 2007) . . . . . . . . 5

*Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290 . . . . . . . . . . . . . . . . . . . . . . 8

*Mill Valley Refuge Company v. Superior Court* (1981) 108 Cal.App. 3d 707 . . . . . . . . . . . . 15

*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 459 . . . . . . . . . . 8, 10

*Perry v. Quckenbush* (1894) 105 Cal. 299, 309-310 . . . . . . . . . . . . . . . . . . . . . 8

*Shell v. Schmidt* (1958) 164 Cal.App.2d 350, . . . . . . . . . . . . . . . . . . . . . . . 8

*Stambaugh v. Superior Court* (1976) 62 Cal. App. 3d 231.) . . . . . . . . . . . . . . . . . . 15

*Thomsen v. Culver City Motor Co.* (1935) 4 Cal. App. 2d 639, 648 . . . . . . . . . . . . . . 10

*Woods v. Asset Res.,* 2006 U.S. Dist. LEXIS 94325 (E.D. Cal. Dec. 21, 2006 . . . . . . . . . . . . 8

*Yanez v. United States,* (9th Cir. Cal. 1993) 989 F.2d 323, 327 . . . . . . . . . . . . . . . . . 15

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S.  F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## State Statutes

California Code of Civil Procedure § 877.6( c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 15

California Code of Civil Procedure § 1439   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Code of Civil Procedure § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Other Authorities

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

11 U.S.C. § 101(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11 U.S.C. §§ 365(g)(1), 502(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 11

Rest., Restitution, § 1, com. c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S.  F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

# I. FACTS & PROCEDURAL POSTURE

COMES NOW Cross-defendant, Pauley Construction, Inc. (hereinafter "Pauley") and files this Motion to Dismiss Cross-complainant Adelphia Communication Corporation's (hereinafter "Adelphia") Second Amended Cross-complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Pauley seeks and order dismissing Adelphia's Second Amended Cross-complaint as to causes of action 1, 2, 3, 4, 5, and 7, without leave to amend.

On July 7, 2000, Pauley contracted with project owner, Century Mendocino Cable TV d/b/a Adelphia Cable Communications, to install and upgrade cable facilities on the Fort Bragg Project in Mendocino County.

On November 2, 2001, plaintiff Sifa Tuiaki's employer, S.G. Barber Construction, Inc., subcontracted with general contractor, Pauley, pursuant to Pauley's contract with Adelphia, to perform the actual aerial cable construction work.

On May 1, 2002, Mr. Tuiaki was seriously injured when he came into contact with an elevated electrical power line while operating a bucket truck. At the time of his accident, Mr. Tuiaki was a line crew foreman employed by S.G. Barber.

On June 25, 2002, Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern District of New York. Adelphia never assumed the Pauley - Adelphia contract that is the basis of Adelphia's Second Amended Cross-complaint, thus the contract is deemed rejected and breached by Adelphia immediately before the bankruptcy filing. On June 14, 2004, the United States Bankruptcy Court, Southern District of New York, ruled on a Stipulation and Agreed Order Granting Sifa and Lupe Tuiaki Partial Relief From the Automatic Stay To Initiate Action Against Third Party Insurance Proceeds.

On September 19, 2006, plaintiff Mr. Tuiaki, and his wife, plaintiff Lupe Tuiaki, filed their Second Amended Complaint for personal injury and loss of consortium against various defendants. Three causes of action in this form complaint name Pauley: the second for premises liability; the third cause of action for general negligence; and the fifth cause of action for Mrs. Tuiaki's loss of consortium. In addition, plaintiffs raised a punitive damages claim against Pauley.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                                    2                          G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

1    On November 2, 2005, Adelphia filed a Cross-complaint against Pauley raising causes of
2  action for implied equitable indemnity, contribution, declaratory relief, breach of contract and express
3  indemnity.

4    On August 2, 2006, the San Francisco Superior Court denied Adelphia's Motion for Summary
5  Adjudication seeking to compel Pauley to defend and indemnify it pursuant to the terms of the July
6  7, 2000 contract.  The Superior Court denied Adelphia's motion on the grounds that there were
7  sufficient questions of fact regarding Adelphia's active negligence to put into question Pauley's
8  indemnity obligations. Adelphia filed a writ of mandate seeking appellate review.  However, the writ
9  was summarily denied by the Court of Appeals.

10    On January 9, 2007, Pauley filed its Motion for Judgment on the Pleadings against Adelphia's
11  November 2, 2005 Cross-complaint.

12    On January 11, 2007, a settlement was reached between Pauley, S.G. Barber and plaintiffs.
13  Pauley filed a Motion for Good Faith Settlement, which was unopposed.

14    On January 12, 2007, a settlement was reached between Adelphia and plaintiffs.

15    On February 13, 2007, the San Francisco Superior Court granted Pauley's Motion for
16  Judgment on the Pleadings against Adelphia's November 2005 Cross-complaint, ruling that Adelphia
17  had failed to plead an essential element of its breach of contract and express indemnity causes of
18  action, namely that it performed its obligations or was excused from performing its obligations under
19  the contract containing the indemnity terms. Adelphia was given 10 days leave to amend.

20    On February 20, 2007, the San Francisco Superior Court granted Pauley's unopposed motion
21  for good faith settlement confirming the settlement between Pauley, S.G. Barber and plaintiffs and
22  ruling that any and all actual and/or potential claims by plaintiffs, Defendants, Cross-complainants,
23  Cross-defendants, and by any other actual or potential party against any of the parties to the settlement
24  by any joint tortfeasor or co-obligor for equitable comparative contribution or partial or comparative
25  indemnity based on comparative negligence or comparative fault are forever barred.

26    On February 22, 2007, Adelphia filed its First Amended Cross-complaint against Pauley,
27  raising causes of action for breach of contract - substantial performance, breach of contract - waiver,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                    3                    G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

28

1  unjust enrichment, implied equitable indemnity, contribution, declaratory relief and express indemnity.

2          On March 26, 2007, Pauley filed a demurrer to Adelphia's First Amended Cross-complaint.

3          On March 26, 2007, Adelphia served, but did not file until April 11, 2007, its Second

4  Amended Cross-complaint.  In light of the second amended cross-action, Pauley took its demurrer to

5  Adelphia's first amended cross-action off calendar.  Adelphia's Second Amended Cross-complaint

6  raises causes of action for breach of contract - full performance, breach of contract - waiver, unjust

7  enrichment, implied equitable indemnity, contribution, declaratory relief and express indemnity.

8          On April 17, 2007, Pauley filed its demurrer to Adelphia's Second Amended Cross-complaint.

9  The hearing on the demurrer was set for May 14, 2007.

10          On April 25, 2007, Adelphia filed this Notice of Removal.

11          Finally, on May 14, 2007, Pauley filed a separate Motion to Remand concurrent with the filing

12  of this motion.  On June 22, 2007, Pauley has its Motion to Remand set for hearing in this Court.

13  Each and every time Pauley has attacked Adelphia's pleadings, Adelphia has done everything in its

14  power to thwart Pauley's attempts.  The Court should use its authority to dismiss Adelphia's Second

15  Amended Cross-complaint, as it is wholly without merit.

16  **II.  ALLEGATIONS IN ADELPHIA'S 2nd AMENDED CROSS-COMPLAINT**

17          Based principally on the facts that (1) Adelphia filed bankruptcy, (2) that it pleads,

18  acknowledges and agrees that it owed Pauley in excess of $4.2 million, (3) that Adelphia has never

19  assumed the contract, thus it is deemed rejected, pursuant to the Bankruptcy Code and (4) that

20  Pauley's only alternative, if it wanted to get paid partially for the breach of contract by Adelphia, was

21  to file a claim in Bankruptcy Court, makes Adelphia a materially breaching party who cannot sue for

22  breach of contract.

23          The only material facts that warrant the Court's attention are as follows.  On or about July 7,

24  2000, Adelphia and Pauley entered into a written contract whereby Pauley was to act as the general

25  contractor in connection with the upgrade/installation of cable television facilities in Mendocino

26  County.    (Second Amended Cross-complaint (SACC) at ¶3, lines 14-17.)  On June 25, 2002,

27  Adelphia filed for voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS                                                       4                    G:\Data\DOCS\0017\03419\mot-di
                                                                               smiss-12b6\Dismiss-MPA2

District of New York. (SACC at ¶9, lines 4-5.) At the time of the bankruptcy filing, Adelphia owed Pauley $4,251,595.08. Because Adelphia did not assume the contract, Pauley submitted a claim to the Bankruptcy Court, which was its only recourse against the bankrupt party who rejected the contract. (SACC at ¶10, lines 6-10.) Finally, if Pauley's bankruptcy claim has been satisfied, it is by operation of a Bankruptcy Court order not because Adelphia performed under the contract. (SACC at ¶15, lines 1-2 and ¶16, lines 3-4.)

It is simply unfathomable how Adelphia can, on one hand, file bankruptcy, thus breaching (and ultimately rejecting) the executory contract, while pleading and admitting that it owes/owed Pauley over $4.2 million, which had been due and owing since before June 2002, and never paid by Adelphia pursuant to contract, but instead, if at all, by operation of Bankruptcy law. Then, on the other hand, claim that it is entitled to defense and indemnity from Pauley under the very contract that it refused to assume. Adelphia is guilty of unclean hands and the Court should put an end to this cross-action by granting Pauley's motion to dismiss without leave to amend. Based on basic principles of bankruptcy law and state contract law, it is patently unjust, unreasonable and contrary to law to allow Adelphia's claims to survive. This is a classic situation of unclean hands by Adelphia.

The genesis of the unclean hands defense is the maxim, "He who comes into equity must come in with clean hands." This principle mandates that a plaintiff must have acted fairly in the matter in which he or she seeks relief-or be denied relief, regardless of the merit of the underlying claim. The purpose of the defense is not to protect the defendant's interests but rather the court's integrity. It does so by denying redress to a plaintiff who has unclean hands, thereby instilling trust in the judicial system. (See *Hynix Semiconductor, Inc. v. Rambus Inc.*, 2006 U.S. Dist. LEXIS 30690 (N.D. Cal. Jan. 4, 2006) ("Under both federal and California law, one who has behaved inequitably or in bad faith is denied relief under the unclean hands doctrine. (Citations omitted.) The unclean hands doctrine 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."); (*Kincaid v. City of Fresno*, 2007 U.S. Dist. LEXIS 19197 (E.D. Cal. Mar. 16, 2007) ("The unclean hands doctrine is based on the equitable maxim that denies equitable relief to one who has engaged in bad faith or inequitable behavior with respect to the subject matter

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                          5

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

of the claims.")

Here, Adelphia is guilty of unclean hands by materially breaching the executory construction contract it had with Pauley, then attempting to enforce some of the terms (alleged insurance, defense and indemnity obligations) contained within the very contract that it breached.    Adelphia's misconduct (rejection, thus breach of the contract with Pauley) relates directly to the transaction concerning which the Second Amended Cross-complaint is made, i.e., it pertains to the very subject matter involved and affects the equitable relations between the litigants.

<u>Summary of Adelphia's Second Amended Cross-complaint</u>

The causes of action asserted by Adelphia against Pauley fail to state facts sufficient to constitute a cause of action.  Each of Adelphia's claims are based on a skewed interpretation of the facts and the law.  Either Adelphia's causes of action are missing elements, or they are barred by California Code of Civil Procedure § 877.6( c).  Thus, Pauley's motion to dismiss each and every cause of action set forth in Adelphia's Second Amended Cross-complaint, except for cause of action 6, for declaratory relief, should be sustained without leave to amend.

## III.  LEGAL ARGUMENT

Federal Rule of Civil Procedure, Rule 12(b)(6) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.

Because this case comes before the Court on a motion to dismiss , the Court is to accept as true the complaint's **well-pleaded material facts** and examine those factual allegations to ascertain if they state a cause of action on any legal theory.  The material facts at issue here are that:  Adelphia and Pauley had an executory contract at the time Adelphia filed for Chapter 11 Bankruptcy; Adelphia does not allege that the $4.2 million was not due and owing; Adelphia does not allege that it assumed the contract; and Adelphia owed Pauley over $4.2 million, which was allegedly satisfied only by way of operation of Bankruptcy Law and approval/order by the Bankruptcy Court, not because Adelphia

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS

6

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

assumed the contract. In Adelphia's Notice of Removal, it asks this Court to take Judicial Notice of the Chapter 11 plan which, according to Adelphia, has been confirmed by order of the Bankruptcy Court. However, nowhere contained within that confirmed plan is Adelphia's assumption of the July 7, 2000 contract with Pauley. As such, the executory contract (performance is due to some extent on both sides) is deemed rejected and breached by Adelphia immediately before the filing of the petition. Under the Bankruptcy Code, a rejected contract is considered to have been in breach prior to bankruptcy petition, leaving the nondebtor party to contract with general unsecured claim for contract damages under 11 U.S.C. §§ 365(g)(1), 502(g). As such, Adelphia cannot maintain causes of action against Pauley under the contract that it breached. (See *In Re Aslan* (9th Cir. C.D. Cal. 1990) 909 F.2d 367.)

## A. ADELPHIA'S FIRST, SECOND, THIRD AND SEVENTH CAUSES OF ACTION FAIL BECAUSE ADELPHIA FAILED TO PLEAD THE CAUSES OF ACTION AGAINST PAULEY

First Cause of Action Breach of Contract -  Performance

Adelphia fails to state facts sufficient to constitute this cause of action. Adelphia claims that it fully performed its obligations under the contract by making payments between July 2000 and November 14, 2001 and by paying in full Pauley's Bankruptcy claim. (SACC ¶20, line 21-23.) This is simply a misstatement of law. Only by operation of Bankruptcy law and because of the Bankruptcy Court's approval/order, did Adelphia allegedly satisfy Pauley's claim. However, despite Adelphia's claim, in its Request for Judicial Notice supporting its Notice of Removal, that on January 5, 2007, the Bankruptcy Court Judge entered and order confirming the Chapter 11 plan, the fact remains that over five years passed before Pauley was reimbursed for its work under the contract.

In addition, Adelphia claims that Pauley has breached the contract by failing to defend and indemnify it. (SACC at ¶24, lines 26-27; 1-2; ¶25, lines 3-7.) Claimed performance by Adelphia does not negate the fact that it materially breached the contract by filing bankruptcy, then refusing to assume, therefore rejecting the contract. Adelphia has failed to adequately plead an essential element of its breach of contract claim, namely, that it performed or is excused from performing. The Bankruptcy Court, not Adelphia, allowed for the satisfaction of Pauley's claim, by operation of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                                7

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

1  Bankruptcy Law, not state contract law.  In addition, based on the above, the first cause of action is

2  uncertain, ambiguous and unintelligible.

3      Plaintiff must plead and prove the following essential elements to establish a cause of action

4  for damages for breach of contract: (1) the contract; (2) plaintiff's performance or excuse for

5  nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff.  (*Golden 1 Credit*

6  *Union v. H & B Group, Inc.*, 2007 U.S. Dist. LEXIS 31142 (E.D. Cal. Apr. 27, 2007) ("...all elements

7  necessary to state a breach of contract claim under California law: (1) formation of a contract; (2)

8  plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting

9  damages to plaintiff."); (*Woods v. Asset Res.*, 2006 U.S. Dist. LEXIS 94325 (E.D. Cal. Dec. 21, 2006)

10  ("The elements of a breach of contract claim under California law are the contract, Plaintiffs'

11  performance or excuse for nonperformance, Defendants' conduct constituting a breach of the contract,

12  and resulting damage.")  (Citations omitted.); (*Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290)

13  (plaintiff's complaint fails to indicate either that plaintiff performed all that he was obligated to

14  perform prior to that date, or that defendants had prevented him from rendering such performance);

15  (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 459) (trial court properly

16  sustained the Southern Pacific's demurrer as to the contract cause of action since Otworth's complaint

17  includes no assertion that Otworth has either performed the contract or is excused from performing.)

18  The plaintiff must prove ability to perform.  (*Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th

19  613, 625.)  Moreover, Adelphia did not substantially perform.  At the time of its bankruptcy filing,

20  in June 2002, it owed Pauley over $4.2 million.  The doctrine of substantial performance is available

21  only when the omissions or deviations from full performance are the result of mistake or inadvertence,

22  not when the omissions or deviations are intentional. (*Perry v. Quckenbush* (1894) 105 Cal. 299, 309-

23  310.); (*Shell v. Schmidt* (1958) 164 Cal.App.2d 350, 365-366.)

24      Here, to state a cause of action for breach of contract, Adelphia must plead the contract, its

25  performance of the contract or excuse for nonperformance, Pauley's breach and the resulting damage.

26  However, on its face, Adelphia's Second Amended Cross-complaint fails to state a cause of action for

27  breach of contract.  Adelphia's assertion that it has fully performed is negated by ¶9, lines 4-5; ¶10,

28

1   lines 6-10, whereby it clearly admits that it filed for Bankruptcy and owed Pauley over $4.2 million

2   for work that Pauley performed under the contract between November 15, 2001 and July 16, 2002.

3   Because the Bankruptcy Court (not Adelphia) finally authorized payment of Pauley's claim

4   does not change the fact that Adelphia rejected, thus materially breached the subject contract. The

5   material breach of the contract by Adelphia, i.e. by failing to pay Pauley over $4.2 million in progress

6   payments under the executory construction contract, precludes Adelphia from seeking to enforce the

7   terms of the contract against Pauley now. To repeat, Adelphia did not satisfy Pauley's claim because

8   it wanted to perform its obligations under the contract, instead, the Bankruptcy Court authorized

9   payment of the claim by operation of Bankruptcy Law. The clear fact exists – Adelphia breached the

10  contract by filing Bankruptcy, then refusing to assume it.

11  Significantly, Adelphia rejected the July 7, 2000 executory contract it had with Pauley, thus

12  the bankruptcy estate lost any benefits it had under the contract, and is liable for all damages caused

13  by the rejection, which is considered a material breach of contract. Rejection is the functional

14  equivalent of abandonment of the right to compel the contracting party's performance for want of

15  benefit to the estate. (See *In Re Aslan*, (9th Cir. Cal. 1990) 909 F.2d 367); (*In Re Miller*, (Bankr.

16  D.D.C.1989) 103 B.R. 353, 354.)

17  Rejection does not cause the contract to "disappear," for the contracting party (Pauley), will

18  have a claim against the estate, subject to certain restrictions, for the value of the debtor's performance

19  under the now-breached contract. Under rejection, both the trustee (or debtor in possession) and the

20  contracting party are excused from further performance under the contract. (11 U.S.C. §§365g, 502g.)

21  Rejection is intended to (1) guard the estate against elevating contract obligations; and (2) treat the

22  claim arising from the Rejection as a pre-petition, unsecured claim. Rejection of a contract is deemed

23  a breach by the debtor immediately before the commencement of the case, which gives rise to a pre-

24  petition claim for the debtor's failure to perform under the contract. (11 U.S.C.§365g, 502g.) The

25  remedies available to the contracting party upon a breach are those available under applicable state

26  law.

27  Therefore, Pauley's alleged contractual obligations to defend and indemnify Adelphia ceased

28  
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                        9                    G:\Data\DOCS\0017\03419\mot-di
                                                               smiss-12b6\Dismiss-MPA2

immediately before Adelphia's June 25, 2002 bankruptcy filing.  The inherent problem with Adelphia's Second Amended Cross-complaint is that under basic state law contractual principles, a breaching party (i.e. one who fails to pay) cannot sue on the very contract under which it has not performed all of its own obligations.  Therefore, Adelphia cannot enforce Pauley's obligations, if any, since Adelphia has not performed the conditions precedent imposed on it.  (Civ. Code § 1439.) Moreover, Adelphia's failure to make progress payments under a building contract constituted failure of consideration justifying rescission by Pauley. (*American-Hawaiian Engineer and Construction Co. v. Butler* (1913) 165 Cal. 497, 516.)  Finally, under standard contract law principles, a party who has breached a contract without justification or excuse may not enforce the contract.  "To state a cause of action for breach of contract, [a party] must plead the contract, his performance of the contract or excuse for nonperformance, [the other party's] breach and the resulting damage." (*Fairchild v. Park* (2001) 90 Cal.App.4th 919, 934, citing (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 458.)  Thus, Adelphia has failed to state facts sufficient to constitute this cause of action and Pauley's motion to dismiss this cause of action should be granted without leave to amend.

<u>Second Cause of Action Breach of Contract - Waiver</u>

Adelphia fails to state facts sufficient to constitute this cause of action. Adelphia claims that Pauley had knowledge of Adelphia's financial problems, yet continued to perform under the contract. (SACC at ¶27, lines 13-15; ¶28, lines 16-19.)  It further claims that by refusing to defend and indemnify Adelphia, Pauley breached the contract. (SACC at ¶36, lines 6-9.) This of course ignores basic Bankruptcy Law which states that the bankrupt party must either assume (and perform) the contract or reject the contract, which is deemed a material breach.

*Thomsen v. Culver City Motor Co.* (1935) 4 Cal. App. 2d 639, 648 ("Waiver can result only from an intentional relinquishment of a known right, and it may be inferred only where the conduct of the party has resulted in a prejudice to the rights of his opponent caused by an honest belief that the waiver was intended.")  Here, there is no evidence that Pauley has relinquished anything.  There is no evidence of prejudice to Adelphia.  There is no evidence that Adelphia had an honest belief that Pauley intended to waive any of its rights.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257 JCS

10

G:\Data\DOCS\0017\03419\mot-di smiss-12b6\Dismiss-MPA2

1      As stated in the analysis immediately above, but not repeated here, to state a cause of action

2  for breach of contract, Adelphia must plead the contract, its performance of the contract or excuse for

3  nonperformance, Pauley's breach and the resulting damage.  However, on the face of the Cross-

4  complaint, nowhere in ¶¶26-37 does Adelphia state that it has performed.  Adelphia asks the Court

5  here to make a finding that it performed under the contract because Pauley's claim was eventually

6  allowed by the Bankruptcy Court. This is not supported by the facts or law.  In reality, the Bankruptcy

7  Court has compelled the Bankruptcy estate to satisfy Pauley's claim by operation of Bankruptcy law.

8  Had Adelphia truly wanted to perform its obligations under the contract with Pauley, so as to take

9  advantage of terms that were advantageous to it, it would have assumed the contract and both Pauley

10  and Adelphia would have been bound by those terms.  However, Adelphia rejected the contract, so

11  both the trustee (or debtor in possession) and the contracting party are excused from further

12  performance under the contract.    (11 U.S.C. §§365g, 502g.)  Adelphia has failed to state facts

13  sufficient to constitute this cause of action, therefore, Pauley's motion to dismiss this cause of action

14  should be granted without leave to amend.

15      <u>Third Cause of Action Unjust Enrichment</u>

16      Adelphia fails to state facts sufficient to constitute a cause of action.  Adelphia argues that in

17  the contract, Pauley is required to defend and indemnify it.  (SACC at ¶39, lines 19-22.)  It further

18  argues that it has fully performed its obligations under the contract.  (SACC at ¶40, line 23.)  It goes

19  to claim that Pauley has been unjustly enriched to the detriment of Adelphia. (SACC at ¶45, lines 6-

20  10.)

21      A claim is a right to payment or a right to an equitable remedy for a failure of performance if

22  the breach gives rise to a right to payment. (11 U.S.C. § 101(5).) "There is no cause of action for

23  unjust enrichment.  Rather, unjust enrichment is a basis for obtaining restitution based on quasi-

24  contract or imposition of a constructive trust. (Citations omitted.) One of the 'underlying principles'

25  ... is that 'a person who has been unjustly enriched at the expense of another is required to make

26  restitution to the other.'" (Citations omitted.) However, "it is well settled that an action based on an

27  implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S.  F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS             11          G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

contract covering the same subject matter." (Citations omitted.) (*City of Oakland v. Comcast Corp.*, 2007 U.S. Dist. LEXIS 14512 (N.D. Cal. Feb. 14, 2007.)  By filing Pauley's proof of claim, even if the claim was eventually satisfied, does not mean that the bankrupt party, Adelphia, has performed under the contract.  An executory contract that is not assumed by Adelphia during the bankruptcy process is deemed rejected, thus breached.

A person is enriched if he receives a benefit at another's expense. The fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it. (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662-1663); (*California Medical Assn. v. Aetna U.S. Healthcare of California, Inc.* (2001) 94 Cal.App.4th 151, 172); (Rest., Restitution, § 1, com. c).)

Here, Adelphia's Second Amended pleading at ¶¶38-45 fails to state a cause of action for unjust enrichment. There are no facts pled therein that support a finding that Pauley has received any portion of the $4.2 million due and owing since June 2002, because Adelphia assumed the contract. Nor has Adelphia stated facts establishing that Pauley has been unjustly enriched.  Adelphia received the benefit of Pauley's construction services, but failed to pay over $4.2 million.  While Adelphia claims that on January 5, 2007, the Bankruptcy Court Judge entered and order confirming the Chapter 11 plan, the fact remains that over five years passed before Pauley was reimbursed for its work under the contract. Only after being compelled by the Bankruptcy Court to satisfy Pauley's claim did Adelphia's estate act. Pauley has absolutely no present, ongoing obligations under the contract, since it was rejected/breached by Adelphia. As such, Pauley's only avenue to seek reimbursement of over $4.2 million for construction services that it performed was to file a proof of claim in Bankruptcy Court.  It could not sue Adelphia for breach, because Adelphia is insulated from such lawsuits while in Bankruptcy.  Therefore, Adelphia, not Pauley was unjustly enriched.  Adelphia received all of the benefits of Pauley's construction services, while it was able to withhold payments for that work for upwards of five years.  It was only compelled to satisfy the claim after the Bankruptcy Court made such an order.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S.  F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS                                                          12

G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2

1   When one party has been injured by a breach of contract and she either lacks the ability or the

2   desire to keep the contract alive, she can choose between two different remedies. She can treat the

3   contract as rescinded and recover damages resulting from the rescission. Or she can treat the contract

4   as repudiated by the other party and recover damages to which she would have been entitled had the

5   other party not breached the contract or prevented her performance. An action for rescission is based

6   on the disaffirmance of the contract and an action for damages for breach of contract is based on its

7   affirmance. (*Akin v. Certain Underwriters at Lloyd's London* (2006) 140 Cal. App. 4th 291, 296.)

8   Accordingly, because Akin sought to retain the benefits of the contract (*i.e.*, payment of benefits under

9   the policies), rather than rescission damages (return of her premiums), the Court held that her cause

10  of action for rescission was really a breach of contract claim and that she was not entitled to damages

11  under Cal Civ Code § 1692. (*Id.* at 288.)

12      It is incredulous for Adelphia to allege that Pauley was in any way unjustly enriched here.

13  Adelphia has failed to evidence that its reimbursement of over $4.2 million to Pauley was for any

14  other reason, except by operation of Bankruptcy Law, after being compelled by the Bankruptcy Court

15  to do so. Adelphia alleges that Pauley has been compensated for work performed, thus Pauley owes

16  it indemnity under the contract. (SACC at ¶¶15, 16, lines 1-4, ¶24, lines 26-27; ¶34, lines 25-28; ¶36,

17  lines 6-9.) However, this ignores the rejection of, thus the material breach of the contract by Adelphia.

18  This rejection and breach by Adelphia completely severs any obligations by Pauley under the contract,

19  including an alleged obligation to indemnify Adelphia. The unjust enrichment claim is simply another

20  way of arguing that Pauley breached the contract. This claim fails.

21      As stated above, Adelphia had two choices when it filed bankruptcy, one, assume the contract,

22  whereby both parties would perform fully, or two, reject the contract, thus breaching it. It chose the

23  latter, thus giving Pauley only one option if it wanted to be paid for work performed – to file a proof

24  of claim in the Bankruptcy Court for money owed, which Pauley did. Again, this cause of action is

25  simply another way of saying that Pauley breached the contract. Adelphia has failed to adequately

26  plead an essential element of its unjust enrichment claim, which is really a claim for breach, namely,

27  that it performed or is excused from performing. Adelphia has failed to state facts sufficient to

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                    13                    G:\Data\DOCS\0017\03419\mot-di
                                                            smiss-12b6\Dismiss-MPA2

1  constitute this cause of action. Therefore, Pauley's motion to dismiss this cause of action should be

2  granted without leave to amend.

3      Seventh Cause of Action Express Indemnity

4      This cause of action fails to state facts sufficient to constitute a cause of action. Adelphia

5  claims that contract contains an express indemnity provision which provides that Pauley will

6  indemnify and hold harmless Adelphia. It further claims that Pauley owes it express indemnity

7  because Pauley refused to pick up its tender of defense and indemnity. (SACC at ¶55, lines 6-15.)

8      Adelphia's seventh cause of action is simply another way of restating the breach of contract

9  causes of action above. For the reasons stated above, it also fails. The Second Amended Cross-

10 complaint does not state facts sufficient to constitute an express indemnity cause of action against

11 Pauley. Again, Adelphia has failed to plead an essential element, that it performed its obligations

12 under the contract containing the indemnity terms. On its face, nowhere in ¶¶54-55 does Adelphia

13 state that it has performed. Satisfaction of the $4.2 million claim was solely by operation of

14 Bankruptcy Law. Adelphia has failed to state facts sufficient to constitute this cause of action.

15 Therefore, Pauley's motion to dismiss this cause of action should be granted without leave to amend.

16 **B.    ADELPHIA'S FOURTH AND FIFTH CAUSES OF ACTION FAIL
       BECAUSE THEY ARE BARRED BY CALIFORNIA CODE OF CIVIL**

17 **PROCEDURE § 877.6( c)**

18     Fourth Cause of Action Implied Equitable Indemnity

19     Adelphia claims that it is entitled to implied equitable indemnity from Pauley in the event that

20 Adelphia is held jointly liable with other parties to the action and is required to pay damages to other

21 parties in the action. (SACC at ¶47, lines 15-23.)    On February 20, 2007, the Court in *Sifa Tuiaki*

22 *and Lupe Tuiaki v. Pacific Gas and Electric Company, et al.*, San Francisco Superior Court Case No.

23 CGC-03-419761 (Consolidated with 04-432476) granted Pauley's unopposed motion for good faith

24 settlement confirming the settlement between Pauley, S.G. Barber and plaintiffs and ruling that any

25 and all actual and/or potential claims by plaintiffs, defendants, Cross-complainants, Cross-defendants,

26 and by any other actual or potential party against any of the parties to the settlement by any joint

27 tortfeasor or co-obligor for equitable comparative contribution or partial or comparative indemnity

28 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED; Case # C07 2257
JCS                                          14

1  based on comparative negligence or comparative fault are forever barred. Based on the above, the

2  fourth cause of action fails as a matter of law.

3      CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6 states:

4      "( c) a determination by the court that the settlement was in good faith shall bar
       any other joint tortfeasor or co-obligor from any further claim against the settling

5      tortfeasor or co-obligor for equitable comparative contribution, or partial or
       comparative indemnity, based on comparative negligence or comparative fault."

6

7      A good faith settlement operates to discharge the settling parties from liability to any other

8  alleged tortfeasor for partial or comparative indemnity or contribution, regardless of whether the other

9  alleged tortfeasors are presently parties to the plaintiffs' action or have ever been parties to the action.

10  (CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6); (*Yanez v. United States,* (9th Cir. Cal. 1993) 989

11  F.2d 323, 327); (*Mill Valley Refuge Company v. Superior Court* (1981) 108 Cal.App. 3d 707);

12  (*Stambaugh v. Superior Court* (1976) 62 Cal. App. 3d 231.)

13      Therefore, Adelphia's claim for implied equitable indemnity fails as a matter of law. C.C.P

14  § 877.6( c) precludes Adelphia, a joint tortfeasor party, from asserting this cause of action against

15  Pauley, since this Court has ruled that Pauley's settlement with plaintiffs and S.G. Barber was

16  unopposed (by Adelphia or any other party) and made in good faith.

17      Fifth Cause of Action Contribution

18      Adelphia claims that it is entitled to contribution from Pauley in the event that Adelphia is held

19  jointly liable with other parties to the action and is required to pay damages to other parties in the

20  action. (SACC at ¶50, lines 7-12.) For the same reasons stated immediately above, Adelphia's cause

21  of action for contribution fails as a matter of law. C.C.P § 877.6( c) precludes Adelphia, a joint

22  tortfeasor party, from asserting this cause of action against Pauley, since the San Francisco Superior

23  Court has ruled that Pauley's settlement with plaintiffs and S.G. Barber was unopposed (by Adelphia

24  or any other party) and made in good faith.

25  / / /

26  / / /

27  / / /

28  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
    **OF PAULEY CONSTRUCTION, INC'S. F.R.C.P. 12(b)(6)**
    **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
    **UPON WHICH RELIEF MAY BE GRANTED;** Case # C07 2257            G:\Data\DOCS\0017\03419\mot-di
    JCS                                          15                  smiss-12b6\Dismiss-MPA2

## IV.  CONCLUSION

For the reasons stated above, Pauley Construction, Inc. respectfully moves this Court for an order dismissing Adelphia Communication Corporation's Second Amended Cross-complaint as to causes of action 1, 2, 3, 4, 5, and 7, without giving Adelphia leave to amend.

DATED: May 14, 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
JEFFREY M. VUCINICH
JOSHUA W. ROSE
Attorneys for Defendant/Cross-Complainant/
Cross-Defendant
PAULEY CONSTRUCTION, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PAULEY CONSTRUCTION, INC'S.  F.R.C.P. 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED;  Case # C07 2257
JCS                                                    16                  G:\Data\DOCS\0017\03419\mot-di
smiss-12b6\Dismiss-MPA2