# EXHIBIT "3"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Cases |
| Adelphia Communications Corporation, et al., | Case No. 02-41729 (REG) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND AGREED ORDER GRANTING SIFA TUIAKI AND LUPE TUIAKI PARTIAL RELIEF FROM THE AUTOMATIC STAY TO INITIATE ACTION AGAINST THIRD PARTY INSURANCE PROCEEDS

This Stipulation and Agreed Order is entered into by and between Adelphia Communications Corporation ("ACC") and Century Mendocino Cable Television, Inc. d/b/a Adelphia Cable Communications ("Century Mendocino"), debtors and debtors in possession in the above-captioned cases (the "Debtors") and Sifa Tuiaki and Lupe Tuiaki (together, the "Tuiakis" or "Claimants").

WHEREAS, on June 25, 2002 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, Century Mendocino is a wholly owned, indirect subsidiary of ACC; and

WHEREAS, on or about May 1, 2002, Sifa Tuiaki, one of the Debtors' subcontractors, suffered catastrophic injuries when he and/or his equipment allegedly

2554988.4

came in contact with high voltage lines while installing fiber optic cable for the Debtors (the "Accident");[1] and

WHEREAS, Lupe Tuiaki was and is the lawful spouse of Sifa Tuiaki; and

WHEREAS, at the time of the Accident, the Debtors were covered under an insurance policy issued by Royal Insurance Company under general liability policy number PTV464039 (the "Insurance Policy") and an umbrella policy issued by Liberty Mutual Insurance Company under policy number TH1641004429 (together with the Insurance Policy, the "Insurance Policies"); and

WHEREAS, upon commencement of the Debtors' bankruptcy cases, the automatic stay came into effect, prohibiting the Claimants from pursuing their claims arising from the Accident (the "Claims") against the Debtors; and

WHEREAS, in April 2003, and in violation of the automatic stay, the Tuiakis filed a complaint (the "Complaint") in the San Francisco County Superior Court (the "State Court Action") against Adelphia Telecommunications, Inc. ("Adelphia Telecommunications"), also one of the debtors in the above-captioned cases, and certain other parties seeking damages for, among other things, negligence, strict liability, breach of warranty and loss of consortium; and

WHEREAS, on September 5, 2003, and in violation of the automatic stay, the Tuiakis filed an amended complaint (the "Amended Complaint") in the State Court Action; and

---

[1] Nothing contained herein is intended to be or should be construed as an admission of any fact, claim, right or defense that any of the Debtors may have with respect to the allegations related to the Accident and all such rights, claims and defenses are hereby expressly reserved.

2554988.4

WHEREAS, the Tuiakis allege that at the time of the filing of the Complaint and the Amended Complaint they did not have knowledge of the Debtors' bankruptcy cases; and

WHEREAS, on October 24, 2003, this Court signed the Order Pursuant to Bankruptcy Rule 3003(c)(3) Setting a Final Date to File Proofs of Claim (the "Bar Date Order") ordering that all proofs of claim filed against the Debtors be received on or before 5:00 p.m. on January 9, 2004; and

WHEREAS, on December 24, 2003, the Tuiakis filed two proofs of claims against ACC for injuries allegedly suffered in the Accident (the "Proofs of Claim"). The Proofs of Claim include: (i) a claim filed against ACC by Sifa Tuiaki in the amount of $25 million for damages resulting from the Accident and (ii) a claim against ACC filed by Lupe Tuiaki in the amount of $5 million for loss of consortium damages; and

WHEREAS, on January 9, 2004, the Complaint was dismissed without prejudice as to Adelphia Telecommunications due to the pendency of Adelphia Telecommunications' chapter 11 case and the application of the automatic stay; and

WHEREAS, on April 19, 2004, Claimants filed with this Court a Motion for Relief from the Automatic Stay (the "Motion") to prosecute the Claims and recover any judgment on such claims from the Debtors' insurance as well as the Debtors' estate; and

NOW, THEREFORE, it is hereby stipulated and agreed that:

1.    The automatic stay arising pursuant to Section 362 of the Bankruptcy Code shall be modified for the sole purpose of permitting the Claimants to assert the Claims regarding the Accident; provided, however, that any recovery by the Claimants pursuant to an action, including costs and recovery of punitive damages, if

2554988.4

any, shall be limited to the proceeds available under the Insurance Policies or any other insurance policies covering the Debtors with respect to the Claims (collectively, the "All Insurance Policies").

2.      Other than as set forth in Paragraph 1 hereof, all protections afforded by Section 362 of the Bankruptcy Code shall remain in full force and effect.

3.      Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the parties in any action or proceeding other than one to enforce the terms of this Stipulation.

4.      Upon approval by this Court, the Motion and the Proofs of Claim are deemed withdrawn.

5.      The Claimants will not enforce any judgment in an action or the Claims arising by reason of the Accident against the assets of the Debtors and their present or former parent companies, subsidiaries, divisions, affiliates, predecessors, successors, assigns, principals, officers, directors, and/or employees (collectively, the "Debtor Parties"), except to the extent of proceeds available under All Insurance Policies.

6.      The Claimants will not seek punitive damages against the Debtor Parties. The Claimants further agree to limit recovery of any damages from the Accident, including costs recoverable in an action, to the total insurance proceeds available pursuant to All Insurance Policies.

7.      The Debtors and the Claimants agree that each of them, through their respective counsel, has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the parties. This Stipulation constitutes the entire agreement and understanding between the Debtors and the Claimants, is the final expression of that

2554988.4

agreement, and supersedes all previous or contemporaneous oral or written representations, understandings, or agreements. This Stipulation shall not be amended or supplemented except by a writing executed by the Debtors and the Claimants or their authorized representatives.

       8.    Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Stipulation shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

       9.    Each person who executes this Stipulation by or on behalf of each respective party warrants and represents that he has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

2554988.4

      10.    The Debtors hereby waive any claims arising from the alleged violation of the automatic stay against Claimants, their agents, their employees and their attorneys.

      11.    The Bankruptcy Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation.

WILLKIE FARR & GALLAGHER LLP


By:   /s/Shelley C. Chapman
      Shelley C. Chapman (SC-4691)

787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000

Counsel to the Debtors



PITNEY HARDIN LLP


By:   /s/Amish R. Doshi, Esq.
      Amish R. Doshi, Esq.

7 Times Square, 20th Floor
New York, NY 10036-7311
(212) 297-5800

Counsel for Claimants


SO ORDERED

*S/ Robert E. Gerber*
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

Dated:   *June 15, 2004*
      New York, New York