JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant and Cross-Complainant
PAULEY CONSTRUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, PAULEY CONSTRUCTION, INC., TRAFFIC SOLUTIONS, INC., ADELPHIA TELECOMMUNICATIONS CO., INC., SBC TELECOMMUNICATIONS, INC., MOBILE TOOL INTERNATIONAL, INC. dba TELSTA, COUNTY OF MENDOCINO, STATE OF CALIFORNIA, PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELESIS GROUP, SBC OPERATIONS, INC., and DOES 1 to 50,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTION. | CASE NO.: C07 2257 CW<br><br>**PROOF OF SERVICE AS TO CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE** |

**SIFA TUIAKI v. PACIFIC GAS AND ELECTRIC COMPANY, et al.**
United States District Court, Northern District of California Case No. C07 2257 CW

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

[X] (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

Michael J. Daley, Esq.
David A. Kleczek, Esq.
Ryan & Lifter
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583
Tel: (925) 884-2080
Fax: (925) 884-2090
*Attys for Adelphia Communications*

[ ] (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

[ ] (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

[ ] (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

[ ] (BY ECF PACER) I caused to be delivered by ECF PACER this date each of the above documents, for which our office will maintain the ECF PACER filing receipt, to the following:

Executed on May 15, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CLAUDIA GOMEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIFA TUIAKI, et al.,

    Plaintiffs,

v.

PACIFIC GAS AND ELECTRIC CO., et al

    Defendant.

No. C 07-02257 CW

CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE

    This action having been reassigned to the undersigned judge,

    IT IS HEREBY ORDERED that a Case Management Conference will be held on **August 7, 2007, at 2:00 p.m.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference. A hearing on Defendant Pauley Construction, Inc.'s Motion to Remand to State Court (28 U.S.C. § 1447(c)) and Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (F.R.C.P. 12(b)(6)) will be held on **June 28, 2007, at 2:00 p.m.** Opposition to the motions (contained within a single brief) shall be due June 7, 2007, and any reply (contained within a single brief) shall be due June 14, 2007.

1   Removing Defendant is directed to serve a copy of this Order at
2  once on all parties to this action in accordance with the provisions
3  of Rule 5 of the Federal Rules of Civil Procedure.  Following service,
4  the party causing the service shall file a certificate of service with
5  the Clerk of Court.
6   This case has been designated for the Court's Electronic Case
7  Filing (ECF) Program.  Pursuant to General Order 45, each attorney of
8  record is obligated to become an ECF user and be assigned a user ID
9  and password for access to the system.  All documents required to be
10 filed with the Clerk shall be filed electronically on the ECF website,
11 except as provided otherwise in section VII of General Order 45 or
12 authorized otherwise by the court.
13   IT IS SO ORDERED.

15 Dated: May 15, 2007

            *Claudia Wilken*
            ─────────────────────────────
            CLAUDIA WILKEN
            UNITED STATES DISTRICT JUDGE

23 (Rev. 3/9/07)

## NOTICE

Case Management Conferences and Pretrial Conferences are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (See Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

(rev. 3/9/07)

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.