1 | JOSEPH D. RYAN, ESQ. (State Bar No. 62603)
    MICHAEL J. DALEY, ESQ. (State Bar No.: 157699)
2 | **RYAN & LIFTER**
    A Professional Corporation
3 | 2010 Crow Canyon Place, Suite 330
    San Ramon, CA 94583
4 | Tel: (925) 884-2080
    Fax: (925) 884-2090
5 |
    Attorneys for Defendant/Cross-Complainant
6 | ADELPHIA COMMUNICATIONS
    CORPORATION, aka Century Mendocino Cable
7 | TV dba Adelphia Cable Communications

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI, | Case No.: CV 07-02257 CW |
| Plaintiffs, | **OPPOSITION TO PAULEY CONSTRUCTION, INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)** |
| v. | |
| PACIFIC GAS & ELECTRIC COMPANY; PAULEY CONSTRUCTION, INC.; TRAFFIC SOLUTIONS, INC.; ADELPHIA TELECOMMUNICATIONS CO., INC.; SBC TELECOMMUNICATIONS, INC.; MOBILE TOOL INTERNATIONAL, INC., dba TELSTA; COUNTY OF MENDOCINO; STATE OF CALIFORNIA; PACIFIC BELL TELEPHONE COMPANY; PACIFIC TELESIS GROUP; SBC OPERATIONS, INC.; and DOES 1 to 100, | DATE: June 28, 2007<br>TIME: 2:00 p.m.<br>COURTROOM: 2<br>1301 Clay St., 4th Fl.<br>Oakland, CA 94612 |
| Defendants. | |
| ADELPHIA COMMUNICATIONS CORPORATION, aka CENTURY MENDOCINO CABLE TV dba ADELPHIA CABLE COMMUNICATIONS, | |
| Cross-Complainant, | |
| v. | |
| PAULEY CONSTRUCTION, INC., and ROES 1 to 50, INCLUSIVE, | |
| Cross-Defendants. | |

1

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

## I. STATEMENT OF FACTS

PAULEY CONSTRUCTION, INC. ("PAULEY") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). A 12(b)(6) motion is an attack on the sufficiency of the complaint. It does not allow a party to argue the factual merits supporting its potential affirmative defense. Herein PAULEY attempts to bring before this Court factual issues that go far beyond the limited scope of judicial review of a 12(b)(6) motion.

Yet, a cursory review of the facts reveals that PAULEY is attempting to avoid a contractual obligation in this action now that it has received full payment under that same contract.

ADELPHIA attached four separate documents to its cross-complaint. The first document was the original July, 2000 contract which is the basis of the complaint (Exhibit A), the second document is a January 2, 2002 amendment (Exhibit B), the third document is a proof of claim filed by PAULEY on December 3, 2003 for the amount of $4,251,595.08 (Exhibit C), and the fourth document is a December 18, 2003 assignment of all rights pursuant to the proof of claim also signed by Perry Pauley, president of PAULEY (Exhibit D). These documents are affirmative representations made by Perry Pauley to the Bankruptcy Court in the Southern District of New York. The result of these representations was that this claim was paid in full ($4,251,595.08) plus interest in the amount of $1,575,924.58 for a total of $5,827,519.66. ADELPHIA's Second Amended Cross-Complaint, ¶ 15.

However, PAULEY is now asserting that as a result of the bankruptcy proceedings, the underlying contract was rejected by the Bankruptcy Court and that this action must therefor be dismissed.

PAULEY's argument fails in part because there are no facts to support the contention that the PAULEY-ADELPHIA contract was ever rejected either by statute or by order by the Bankruptcy Court. It is unclear at this time whether the PAULEY-ADELPHIA contract was assumed or rejected. Absent evidence supporting a finding of fact that the contract was assumed or rejected, PAULEY's contention remains unsupported.

///

///

///

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

2

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

## II. ARGUMENTS

### A. RULE 12(b)(6) MOTIONS TO DISMISS ARE NOT LOOKED UPON FAVORABLY, AND AFFIRMATIVE DEFENSES MAY NOT BE RAISED BY A MOTION TO DISMISS

PAULEY brings this motion to dismiss based on Federal Rules of Civil Procedure Rule 12(b)(6). PAULEY is arguing that ADELPHIA COMMUNICATIONS, INC.'s ("ADELPHIA") second amended cross-complaint fails "to state the claim upon which relief can be granted ...." F.R.C.P Rule 12(b)(6). Affirmative defenses may not be raised by a motion to dismiss unless the facts supporting the affirmative defense appear on the face of the complaint. *Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984). A Rule 12(b)(6) motion to dismiss is intended to test the legal adequacy of a complaint, not to address the merits of any affirmative defenses. *Richmond, F&P RR Co. v. Forst*, 4 F.3d 244 (4th Cir. 1993). PAULEY's main argument is that ADELPHIA never "assumed" the PAULEY-ADELPHIA contract and such failure to "assume" constituted a material breach making the contract unenforceable. Nowhere in ADELPHIA's second amended cross-complaint, nor in the attachments is there reference to "assumption" or "rejection" of the contract.

In the review of a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss, the court may consider only facts alleged in the pleadings, and the documents attached as exhibits. *Pouliotv v. Paul Arpin Van Lines, Inc.*, 303 F.Supp.2d 135 (D.C. Conn 2004). All inferences in the complaint should be resolved in favor of the complainant. *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999).

This argument by PAULEY requires evidentiary proof, which is outside the Court's review on a 12(b)(6) motion. PAULEY claims that the Bankruptcy Confirmation Plan has no mention of "ADELPHIA's assumption of the July 7, 2000 contract with PAULEY." *Id.* p. 7. Again, this is a factual dispute that is outside the court's standard of review on a 12(b)(6) motion. It is PAULEY's obligation, and it is PAULEY's burden, to prove not only, as a matter of law, that rejection of an executory contract effectively rescinds the contract itself, but also PAULEY must prove the underlying contract is an executory contract. Again, these are factual matters that are outside of the court's review of a 12(b)(6) motion  Finally, PAULEY must show that it is entitled to assert the rejection of a contract in a bankruptcy setting as a defense to enforcement of the contract. PAULEY's assertions

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

3

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

regarding the alleged rejection of the PAULEY-ADELPHIA contract are nothing more than an affirmative defense and do nothing to defeat the well plead cross-complaint before this court.

Moreover, the trustee of a Plan may assume or reject an executory contract at any time before confirmation of the Plan. 11 U.S.C § 362(d)(2). The general rule that is a contract is deemed rejected if it is not assumed in or before the Plan has been confirmed. 28 U.S.C. § 362(g)(1). However, the court may upon a showing of excusable neglect, or good cause, extend the time for a trustee to assume or reject a contract. *Coleman Oil Co. v. Circle K Corp.*, 127 F.3d 904 (9th Cir. 1997). Based on these rules, the trustee may assume or reject a contract at any time. Since PAULEY failed to advise the Bankruptcy Court of this claim, the trustee may well wish to re-evaluate the assumption of this contract, which it still is entitled to do.

PAULEY's only so-called "evidence" that the PAULEY-ADELPHIA contract was rejected is its statement that "nowhere contained within that confirmed plan is ADELPHIA's assumption of the July 7, 2000 contract with PAULEY." The Plan PAULEY refers to is docket entry 12952 in the bankruptcy matter, of which ADELPHIA requested this court take judicial notice in its notice of removal. In order to truly analyze PAULEY's unsupported claims, it is necessary to turn to the exact language the Plan used regarding assumption and rejection of executory contracts:

> **14.1  Assumption and Rejection of Executory Contracts and Unexpired Leases.**
>
> (a)  On the Effective Date, all executory contracts and unexpired leases of the Debtors shall be rejected pursuant to the provisions of section 365 of the Bankruptcy Code, <u>except</u>: (I) any executory contract or unexpired lease that is the subject of a separate motion to assume or assume and assign filed pursuant to section 365 of the Bankruptcy Code by the Debtors before the Effective Date; (ii) any executory contractor or unexpired lease listed on Schedule 14.1 of the Plan Documents, which <u>shall be deemed assumed as of the Effective Date and which</u> schedule the Proponents may amend any time prior to the Effective Date; and (iii) any executory contract or unexpired leases assumed or assumed and assigned by order of the Bankruptcy Court entered before the Effective Date.
>
> (b)  Notwithstanding the preceding paragraph, after the Effective Date and in its sole discretion (subject to the rights of the Buyers under the Purchase Agreements), the Plan Administrator has the right to reject (I) any executory contract or unexpired lease that is the subject of a dispute over the amount or manner of cure pursuant section 365 of the Bankruptcy Code and (ii) any agreement, obligation, security interest, transaction, lease or similar undertaking that the Bankruptcy

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 320
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

4

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

Code later determines to be an executory contract or unexpired lease that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

**14.2.   Claims Arising from Rejection, Expiration or Termination.**

Holders of Claims created by the rejection of executory contracts and unexpired leases or the expiration or termination of any executory contract or unexpired lease prior to the Confirmation Date must file and serve on the Debtors a proof of claim (a) in the case of an executory contract or unexpired lease rejected by the Debtors prior to the Conformation Date, in accordance with the Bar Date Notice, or (b) in the case of an executory contract or unexpired lease that (I) was terminated or expired by its terms prior to the Confirmation Date, or (ii) is rejected pursuant to this Article XIV, no later than thirty (30) days after the Conformation Date. Any such Claims for which a proof of claim is not filed and served within such time will be forever barred from assertion and shall not be enforceable against the Debtors, their respective estates or the Assets. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be treated as Trade Claims under the Plan subject to objection by the Plan Administrator.

Note that 14.1(a)(ii) references Schedule 14.1 which contains all assumed executory contracts. Schedule 14.1 is not part of this docket entry, nor has counsel for ADELPHIA been able to locate Schedule 14.1.  PAULEY has not requested judicial notice of Schedule 14.1 by providing the court and parties a copy of the record, and thus presents no evidence that the PAULEY-ADELPHIA contract is not one of the executory contracts listed on Schedule 14.1.

**B.   ADELPHIA HAS SUFFICIENTLY PLEAD A CAUSE OF ACTION UNDER CALIFORNIA CONTRACT LAW.**

PAULEY argues that ADELPHIA fails to properly plead a cause of action for breach of contract, allegedly because the contract was breached by ADELPHIA when it declared bankruptcy. In California, a material breach does not automatically discharge a contract. *Whitney Inv. Co. V. Westview Dev. Co.* (1969) 273 Cal. App. 2d 594, 602.  The non-breaching party may elect certain remedies, namely:

1)   Rescission and Restitution,

2)   Damages,

3)   Specific Performance,

4)   Injunction,

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

5

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

5) Declaratory Relief,

6) Ejectment or Quiet Title, or

7) Tort Action, where the breached contract was the result of wrongful conduct.

*Witkin* Contracts §853. "Damages and restitution are alternative remedies and an election to pursue one is a bar to invoking the other." *Alder v. Drudis*, (1947) 30 Cal.2d 372,383. *See also Akin v. Certain Underwriters at Lloyd's London*, (2006) 140 Cal. App. 4th 291, 296, stating that an aggrieved party may *either* elect to "recover damages resulting from rescission . . . based on the disaffirmance of the contract [or] . . . for damages for breach of contract . . . based on affirmance. *The election of one bars recovery under the other.*" (emphasis added).

PAULEY elected to seek damages for breach of the contract by filing a proof of claim and submitting itself to the jurisdiction of the bankruptcy court with respect to the contract between PAULEY and Mendocino Cable. PAULEY's election barred recovery under the theory of rescission.

In *Martin Music Co. v. Robb*, a creditor filed a proof of secured claim in a debtors bankruptcy estate relating to the installment sale of a piano, which was approved in full by the bankruptcy court. (1931) 115 Cal. App. 414. Later, the creditor attempted to recover possession of the piano through a complaint in the California courts. *Id.* The Court held the "filing and allowance in full of the claim as a creditor in the bankruptcy proceedings, were sufficient to constitute an election and that plaintiff was estopped from pursuing the inconsistent remedy of repossession under claim and delivery." *Id.* at 423. PAULEY's filing of the proof of claim is a factor to determine whether PAULEY elected to affirm the contract and collect damages, which excluded PAULEY's right to rescind the contract.

The contract between ADELPHIA and PAULEY requires PAULEY to ensure ADELPHIA is a named insured under its general liability policy. Now, PAULEY argues that because of the bankruptcy, the contract is terminated and PAULEY's obligation to name ADELPHIA as an insured terminates with it. Traveler's is actually making this argument, i.e. the *real party in interest.* It raises some legal issues relating to third party beneficiaries to a contract. The insurance contract is between Traveler's and PAULEY, but it insures ADELPHIA insofar as ADELPHIA faces liability for work performed pursuant to the ADELPHIA-PAULEY contract. Therefore, the question is whether ADELPHIA is a third party beneficiary to the insurance contract between PAULEY and Travelers, and

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

6

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

whether Travelers may cancel the named insured coverage because ADELPHIA filed bankruptcy after a covered loss occurs.

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code §1559.  See also *Harper v. Wausau Ins. Co.*, (1997) 56 Cal. App. 4th 1079, 1090, medical payment provision of insurance policy was intended to confer benefit on third parties injured on insured's property.  An intended beneficiary may sue both the promisor and promisee to the contract for enforcement of the third party beneficiary's rights. *John Hancock Mut. Life Ins. Co.* (1974) 10 Cal. 3d 792, 796.

If Traveler's were to cancel, terminate, or rescind coverage, it would likely violate the automatic stay of section 362, and would be "*void ab initio*". *Scrima v. John Devries Agency*, 103 B.R. 128 (W.D. MI, 1989).

### III.  CONCLUSION

PAULEY's arguments fail because ADELPHIA stated facts sufficient to state a claim for breach of contract.  PAULEY's claim that the contract was rejected is nothing more than an improper allegation, which is properly raised as an affirmative defense.  PAULEY's actions as pled are an excuse to performance.  In the alternative, ADELPHIA pled full performance.  For these reasons PAULEY's Rule 12(b)(6) motion to dismiss must be denied.

Date: June 7, 2007

                              RYAN & LIFTER
                              A Professional Corporation

                              By  /s/ Michael J. Daley
                                    MICHAEL J. DALEY

                              Attorney for Defendant/Cross-Complainant ADELPHIA COMMUNICATIONS CORPORATION, aka Century Mendocino Cable TV dba Adelphia Cable Communications

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

7

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

## PROOF OF SERVICE

I, ANNETTE DI GIOVANNI, declare that I am over the age of 18 years and not a party to the within action; that my business address is 2010 Crow Canyon Place, Suite 330, San Ramon, California 94583-1344; and that on this date I served a true copy of the foregoing document(s) entitled: **OPPOSITION TO PAULEY CONSTRUCTION, INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)** on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

_____ (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by Federal Express.

_____ (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ryan & Lifter.

_____ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____ (By Telecopy) I caused each document to be sent by Automatic Telecopier to the number as indicated above.

__X__ (By Electronic Transfer) I caused the above document to be served through CM/ECF addressed to all parties appearing on the electronic service list on the date executed below. The file transmission was reported as complete and a copy of the file & serve filing receipt" page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2007, at San Ramon, California.

_____
ANNETTE DI GIOVANNI

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1344
TEL: (925) 884-2080
FAX: (925) 884-2090

8

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd

**SERVICE LIST**
Tuiaki v. Pacific Gas & Electric Company, et al.
San Francisco County Superior Court No. CGC 03-419761

**VIA FEDERAL EXPRESS**
**Attorney for Defendant PAULEY CONSTRUCTION, INC.**
Jeffrey M. Vucinich, Esq.
CLAPP, MORONEY, BELLAGAMBA & VUCINICH
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400/FAX: (650) 989-5499

**Attorney for Defendants ADELPHIA COMMUNICATIONS and PACIFIC BELL**
Robert Ford, Esq.
Rueben Jacobsen, Esq.
LEWIS, BRISBOIS, BISGAARD & SMITH
One Sansome Street, Suite 1400
San Francisco, CA 94104
(415) 362-2580/FAX: (415) 434-0882

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

9

OPP. TO PAULEY CONST., INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2MoDismiss.wpd