JOSEPH D. RYAN, ESQ. (State Bar No. 62603)
MICHAEL J. DALEY, ESQ. (State Bar No.: 157699)
**RYAN & LIFTER**
A Professional Corporation
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583
Tel:  (925) 884-2080
Fax: (925) 884-2090

Attorneys for Defendant/Cross-Complainant
ADELPHIA COMMUNICATIONS
CORPORATION, aka Century Mendocino Cable
TV dba Adelphia Cable Communications

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY; et al.,<br><br>Defendants. | Case No.: CV 07-02257 CW<br><br>**CROSS-COMPLAINANT'S OPPOSITION TO PAULEY CONSTRUCTION, INC.'S MOTION TO REMAND TO STATE COURT [28 U.S.C. § 1447(c)]**<br><br>DATE:         June 28, 2007<br>TIME:          2:00 p.m.<br>COURTROOM: 2<br>                     1301 Clay St., 4th Fl.<br>                     Oakland, CA 94612 |
| ADELPHIA COMMUNICATIONS CORPORATION, aka CENTURY MENDOCINO CABLE TV dba ADELPHIA CABLE COMMUNICATIONS,<br><br>Cross-Complainant,<br><br>v.<br><br>PAULEY CONSTRUCTION, INC., and ROES 1 to 50, INCLUSIVE,<br><br>Cross-Defendants. | |

## I.    INTRODUCTION

Removal of this action was appropriate and indeed mandatory because PAULEY has raised an issue over which the Bankruptcy Court of the Southern District of New York has retained <u>exclusive</u>

///

---

1

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

jurisdiction. (Because the jurisdiction is exclusively with the Bankruptcy Court, the timing of removal is immaterial.)

The issue which involves the bankruptcy proceeding stems from what can at best be described as "inconsistent" positions taken by PAULEY with respect to its rights against and duties to ADELPHIA. Factually what occurred was as follows: PAULEY was serving as a general contractor to ADELPHIA. The contract required that ADELPHIA pay PAULEY and it required that PAULEY indemnify ADELPHIA should injuries occur on the job. In May of 2002 an extremely serious injury to a PAULEY subcontractor employee occurred. In June of 2002, ADELPHIA filed for bankruptcy. PAULEY submitted a claim in the bankruptcy proceeding for the approximately $4,200,000 it was owed under its contract. PAULEY's claim denied that there were any obligations owed by PAULEY to ADELPHIA (i.e. ignored the indemnity obligation). Ultimately the claim was satisfied in full.

The injured employee's action against ADELPHIA and PAULEY was eventually settled for $19,000,000, $5,000,000 having been contributed on behalf of ADELPHIA. ADELPHIA has cross-complained against PAULEY pursuant to the contract indemnity provisions. PAULEY now asserts that the bankruptcy constituted a breach and that it therefore has no obligation to indemnify ADELPHIA. If this assertion is not denied, then there will be a double recovery, i.e. full compensation of the claim in the bankruptcy proceeding which chose to ignore a countervailing claim and an additional $5,000,000 benefit by way of defense to ADELPHIA's cross-complaint.

Either of two remedies would be appropriate: One remedy would be for PAULEY (or the entities to whom it assigned its claims in the bankruptcy proceeding) to reimburse the bankrupt estate an amount equal to its indemnity obligation in recognition of the offsetting nature of the claims; the other remedy would simply be an order precluding PAULEY from asserting the bankruptcy proceeding as a defense to its obligation to indemnify.

This is clearly an issue that belongs before the Bankruptcy Court which has retained exclusive jurisdiction.

///
///
///

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

## II. THE BANKRUPTCY COURT RETAINED EXCLUSIVE JURISDICTION OVER ASPECTS OF PAULEY'S CLAIMS.

The United States Bankruptcy Court, Southern District of New York retained "exclusive jurisdiction" over a broad range of matters relating to the ADELPHIA bankruptcy. The exact language can be found in Article 15 of the First Modified Fifth Amended Joint Chapter 11 Plan for ADELPHIA COMMUNICATIONS CORPORATION and Certain of Its Affiliated Debtors (hereinafter the "Plan"). Case No 02-41729 REG, docket entry 12952, Southern District of New York, Bankruptcy Court. The Plan retains "exclusive jurisdiction over any matter, (a) arising under the Bankruptcy Code, (b) arising in or related to the Chapter 11 cases or the Plan, or (c) that relates to the following:

i. To hear and determine any and all motions or applications pending on the Confirmation Date or thereafter brought in accordance with Article XIV hereof for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases to which any Debtor is a party or with respect to which any of the Debtors may be liable, and to hear and determine any and all claims and any related disputes;

ii. To determine any and all proceedings, applications, motions, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan may be instituted by the Plan Administrator, the Contingent Value Vehicle, the Debtors, or Person, as applicable, after the effective date;

iii. To hear and determine any objections to the allowance of Claims ...;

vii. To hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with the Plan, the Plan Documents, or their interpretation, implementation, enforcement, or consummation;

viii. To hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with the Confirmation Order . . .;

xii. To hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with any set off and/or recoupment rights of the Debtors, the Contingent Value Vehicle, or any Person under the Plan;

xiii. To hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with Causes of Action of the Debtors commenced by the Plan Administrator, the Contingent Value Vehicle, the Debtors or any third parties, as applicable, before or after the Effective Date;

///

1   xv. To issue injunctions, enter and implement other orders or state such other actions as may be necessary or appropriate to restrain interference by any Person with consummation, implementation or enforcement of the Plan, the Plan Documents, or the Confirmation Order."
2   
3   (Bankruptcy Plan Article 15)

4   PAULEY'S claim that the ADELPHIA bankruptcy essentially rescinds the PAULEY-
5   ALDEPHIA contract falls squarely within the Bankruptcy Court's retention of jurisdiction.
6   In more detail, On May 1, 2002, Sifa Tuiaki was working on cable lines that were the subject
7   of the ADELPHIA-PAULEY contract, and came into contact with high voltage electrical lines. *See*
8   Exhibit E of ADELPHIA's cross-complaint. Mr. Tuiaki subsequently filed a lawsuit against, *inter*
9   *alia*, PAULEY and ADELPHIA. ADELPHIA filed a cross-complaint against PAULEY because the
10  work Tuiaki was performing was part of the work performed pursuant to the contract between
11  PAULEY and ADELPHIA. ADELPHIA's lawsuit seeks indemnification pursuant to the
12  ADELPHIA/PAULEY contract for amounts paid to Tuiaki in settlement.
13  On June 25, 2002, ADELPHIA and subsidiaries filed for voluntary Chapter 11 bankruptcy in
14  the United States Bankruptcy Court, Southern District of New York. *See* ADELPHIA's cross-
15  complaint ¶ 9. Tuiaki obtained an order granting relief from the stay imposed.
16  PAULEY filed a proof of claim for $4,251,595.08 for services performed pursuant to the
17  PAULEY-ADELPHIA contract during the period in which Sifa Tuiaki's accident took place. *See*
18  ADELHPIA's cross-complaint, ¶ 10 and Exhibit C. In its proof of claim PAULEY voluntarily
19  submitted itself to the jurisdiction of the Bankruptcy Court of the Southern District of New York, and
20  PAULEY never withdrew said claim. The Bankruptcy Court allowed PAULEY's proof of claim for
21  payment of the full amount claimed of $4,251,595.08 plus interest in the amount of $1,575,924.58, for
22  a total amount of $5,827,519.66. *See* ADELPHIA's cross-complaint, ¶ 15. Confirmation of the Plan
23  occurred on January 5, 2007, and on February 13, 2007, PAULEY's proof of claim was satisfied by
24  payment of cash and Time-Warner Cable common stock. *See* ADELHPIA's cross-complaint, ¶ 16.
25  Because the Bankruptcy Court expressly retained exclusive jurisdiction, PAULEY's motion to
26  remand is without basis, and should be denied.
27  In *S.G. Phillips Constructors, Inc. v. City of Burlington*, the City claimed an out of district
28  bankruptcy court had no jurisdiction over its state law contract claim. 45 F.3d 702, 703. However, the

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

4

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

Second Circuit stated that when the City filed its proof of claim relating to the underlying contract, the City submitted itself and the matter to the bankruptcy court's jurisdiction. *Id.* at 705. The Court stated

> "[b]ecause 'nothing is more directly at the core of bankruptcy administration . . . then the qualifications of all liabilities of the debtor,' the bankruptcy court's determination whether to allow or disallow a claim is a core function."

*Id.*, citing to *In Re BKW Sys.*, 66 Bankr. 546, 548 (Bankr. D.N.H. 1986).

Although PAULEY's claim has already been paid, the Bankruptcy Court may revisit and disallow a claim previously allowed, "for cause." 11 U.S.C. section 502(j). When a party to a contract files a proof of claim, issues of enforcement of the contract are "core proceedings," and the Bankruptcy Court has exclusive jurisdiction. *See Gulf States Exploration Co. v. Manville Forest Products Corporation*, 896 F.2d 1384, 1389 (2nd Cir. 1990).

In summary, a claim of setoff clearly has value. PAULEY (through its insurers) seeks to realize a value of up to $5,000,000 by asserting that ADELPHIA's bankruptcy relieves PAULEY of PAULEY's obligation to indemnify ADELPHIA. But PAULEY itself, in its claim in the bankruptcy proceeding chose not to set off its obligation to indemnify ADELPHIA, an obligation which would have reduced or even eliminated the amount of PAULEY's claim in the bankruptcy proceeding. This inconsistency of position is particularly egregious given that PAULEY's claim was subsequently allowed and compensated in full. The result is clearly a double recovery. The Bankruptcy Court has retained exclusive jurisdiction with respect to a number of issues including: "to hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with any setoff and/or recoupment rights of the Debtors . . . or any Person under the Plan."

The issue which PAULEY has raised by asserting the bankruptcy as a defense in the indemnity action is clearly one over which the Bankruptcy Court has retained exclusive jurisdiction and the matter was appropriately removed and should be transferred to the Bankruptcy Court. Removal pursuant to 28 U.S.C. section 1478 requires a party to first remove the action to the district court where the civil action is proceeding and then have it transferred to the bankruptcy court conducting the main proceedings. See *National Developers, Inc. v. Ciba-Geigy Corp.*, 803 F.2d 616 (11th Cir.,

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

5

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

1986). The Motion to Transfer should be considered first. If transfer is appropriate, the motion to remand and to dismiss should be taken up by the Bankruptcy Court. One court held:

> "While the threshold question in most removed civil actions is whether removal is proper, that issue is preempted here by motions to transfer and the issue of whether this court may decide the matters pending before it or whether those matters should be transferred to the bankruptcy court of the Northern District of Illinois."

*Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1011 (N.D. Ala. 1998). As such, this Court should transfer this case, and this motion to the Bankruptcy Court, who has retained jurisdiction of this dispute.

### III. ADELPHIA TIMELY REMOVED THIS MATTER PURSUANT TO 28 U.S.C. § 1446

Even if the Bankruptcy Court's retention of jurisdiction is not in and of itself enough to remove this matter, ADELPHIA complied with 28 U.S.C. section 1446(b), and removed the matter within thirty days of the first pleading upon which ADELPHIA could "ascertain" the matter belonged in the Bankruptcy Court.

#### A. All Reference to the Mediation or the Mediation Brief Must be Stricken.

PAULEY argues that it informed ADELPHIA of bankruptcy issues in a mediation brief. Yet, PAULEY's references to the mediation brief and conference held on January 11, 2007, are inadmissible pursuant to California Evidence Code section 1119.

"All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential." Cal. Evid. Code § 1119(c). California Evidence Code section 1128 discusses the effect of a reference to any mediation communications, and states that such reference:

> "is grounds for vacating or modifying the decision in that proceeding, in whole or in part, and granting a new or further hearing on all or part of the issues, if the reference materially affected the substantive rights of the party requesting relief."

PAULEY violated the mediation privilege, and ADELPHIA requests this court strike any and all reference and argument relating to communications that allegedly occurred in the mediation itself and the alleged mediation brief.

///

6

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

1     Moreover, PAULEY attempts to introduce evidence from a mediation brief to establish that
2 ADELPHIA had notice prior to March 26, 2007 that PAULEY would assert matters arising under the
3 Bankruptcy Code. Yet, the so-called "evidence" PAULEY cites to is nothing more than
4 unauthenticated hearsay statements allegedly quoting its mediation brief. PAULEY failed to submit
5 the actual brief. As such, this portion of PAULEY's motion can not be considered by the court
6 because it is inadmissible hearsay.
7     There is no evidence whatsoever that this mediation brief was ever served on ADELPHIA. No
8 proof of service or other admissible evidence is presented by PAULEY in support. Therefore,
9 whatever the contents of the mediation brief, it is moot because ADELPHIA did not have notice. It is
10 not clear why PAULEY did not attempt to attach the entire mediation brief, but one can only assume
11 that it was because PAULEY wanted the remainder of the mediation brief to remain confidential.
12 Next, PAULEY makes an unsupported assertion that there were discussions in great detail at the
13 January 11, 2007 mediation session. Again, none of this is admissible evidence either under Evidence
14 Code section 1119 or the hearsay rule.

**B.   ADELPHIA Could Not Ascertain This Matter Necessitated Removal Based on a One Sentence Off-Hand Reference to the Bankruptcy Proceeding.**

17     PAULEY claims that one sentence in its January 8, 2007 Motion for Judgment on the
18 Pleadings was enough for ADELPHIA to "ascertain" that this action should have been removed,
19 namely: "In fact, ADELPHIA'S ability to perform its obligations under the contract was extinguished
20 on June 25, 2002, when it filed bankruptcy." PAULEY'S Motion for Judgment on the Pleadings, p.3.
21     Contrast that to PAULEY's arguments made in its Demurrer of March 26, 2007 which states:

> "Adelphia's assertion that it has substantially performed is negated by paragraph 9 lines 26-28; 1-2 pages 2 through 3, whereby a claim clearly admits that it owes Pauley over $4.2 million for work that Pauley performed under the contract between November 15, 2001 and July 16, 2002. To date this amount has never been paid. The material breach of the contract by Adelphia, i.e., by failing to pay Pauley over $4.2 million in progress payments under the executory construction contract, precludes Adelphia from seeking to enforce the terms of the contract against Pauley.
>
> Significantly, Adelphia rejected the July 7, 2000 executory contractor it had Pauley, thus the bankruptcy estate lost any benefits it had under the contract and is liable for all damages caused by the rejection, which is considered a material breach of contract. Rejection is the functional

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl, Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

7

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

> equivalent of abandonment of the right to compel the contracting party's performance for want of benefit to the estate. (*In Re Miller*, 103 B.R. 353, 354 (Bankr. D.D.C. 1989).)
>
> Rejection does not cause the contract to "disappear" for the contracting party (PAULEY), will have a claim against the estate, subject to certain restrictions, for the value of the debtors performance under the now-breached contract. Under rejection, both the trustee (or debtor in possession) and the contracting party are excused from further performance under the contract. (11 U.S.C. §§ 365(g), 502(g).) Rejection is intended to (1) guard the estate against elevating contract obligations; and (2) treat the claim arising from the Rejection as a pre-petition, unsecured claim. Rejection of a contract is deemed a breach by the debtor immediately before the commencement of the case, which gives rise to a pre-petition claim for the debtors' failure to perform under the contract. (11 U.S.C. §§ 365(g), 502(g).) The remedies available to the contracting party upon a breach are those available under applicable state law."

PAULEY'S January 8, 2007 motion does not mention PAULEY'S theory that the Bankruptcy Court rejected the PAULEY-ADELPHIA contract, and is too general a statement for ADELPHIA to have ascertained the action required removal and transfer. (PAULEY's Memorandum of Points and Authorities of Cross-Defendant PAULEY CONSTRUCTION, INC. in Support of Demurrer to Cross-Complainant ADELPHIA COMMUNICATIONS CORPORATION's amended cross-complaint, pp. 8-9, attached as Exhibit B to ADELPHIA's Notice of Removal.)

It is important to point out that January 5, 2007, was the date the judge in the Southern District of the New York Bankruptcy Court confirmed ADELPHIA's Bankruptcy Plan. Coincidentally, on January 9, 2007, PAULEY filed a motion for judgment on the pleadings of the cross-complaint filed by ADELPHIA stating that ADELPHIA's cross-complaint failed because it did not state that ADELPHIA fully performed. PAULEY sought judicial notice of the January 9, 2007 motion for judgment on the pleadings, and claims that this document should have put ADELPHIA on notice of issues arising under the Bankruptcy Code and triggered the thirty day time limit of section 1446(b). On review of PAULEY's motion, it only cites to California case law and statutes, and exclusively argues that ADELPHIA's cross-complaint failed to state a contract cause of action under California State Law.

PAULEY claims that one sentence which was neither supported by any statutory or case law nor any factual substance should have put ADELPHIA on notice of PAULEY's attempt to use the

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 320
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

8

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

bankruptcy matter as a defense for a contract under which it has already been paid within the auspices of the Bankruptcy Court. PAULEY's attorneys are arguing that PAULEY was never paid under the contract, yet it knew that the contract had been fully satisfied due to the allegations of ADELPHIA's second amended cross-complaint.

Section 1446(b) outlines two separate thirty-day time limits, and each time limit is triggered by different standards. *Bosky v. Krogger Limited Partnership I*, 288 F.3d 208, 210-211 (5th Cir. 2002). The first thirty day time limit deals with instances where the "the initial pleading setting forth the claim for relief" is removable. 28 U.S.C. § 1416(b). This is not applicable. The second thirty day time frame applies to instances where "a copy of an amended pleading, motion, order, or other paper is served from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). The second thirty day time limit begins to run only when it may be "ascertained" that the case is removable. *Id.* The term "ascertain" "require[s] a greater level of certainty or that the facts supporting removability be stated unequivocally." *Bosky*, *supra*, at 211.

In *Ortiz v. Brownsville Independent School District*, the court held that an amended pleading referencing "violations of the laws and constitution [ ] of the United States" was not enough for the removing party to ascertain that the action was removable. 257 F.2d. 885, 888 (S.D. Tex. 2003). Likewise, PAULEY's statement in its motion for judgment on the pleadings and its reply brief, were not enough for ADELPHIA to "ascertain" that PAULEY was attempting to shield itself by manipulating the bankruptcy proceedings and rulings. The one sentence statement by no means rises to the level of unequivocally laying out facts supporting removability as required by *Bosky*. Therefore, the appropriate trigger for section 1446(b), the second paragraph, is the March 26, 2007, demurrer by PAULEY to ADELPHIA's first amended cross-complaint.

PAULEY makes some vague reference to the real parties in interest, but does not present this court with any admissible evidence relating to its claims. The litigants speak for themselves. ADELPHIA was sued in its own capacity by plaintiff Tuiaki as was PAULEY. They are the parties to the underlying contract and they are the real parties in interest. Absent any admissible information, the case caption and the appearance of the attorneys for the respective parties speak for themselves.

///

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

9

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

## IV. CONCLUSION

ADELPHIA removed this action, and seeks a transfer to the Southern District of New York Bankruptcy Court because PAULEY is using the Bankruptcy Court's rulings to profit under a contract, and turn around to the San Francisco Superior Court and disclaim the very contract it saw paid in full. The Bankruptcy Court retained exclusive jurisdiction over matters like these to prevent just this sort of injustice. ADELPHIA requests this Court deny PAULEY's motion to remand and grant ADELPHIA's motion to transfer.

Date: June 7, 2007

                              **RYAN & LIFTER**
                              A Professional Corporation

                              By  /s/ Michael J. Daley
                                  MICHAEL J. DALEY

Attorney for Defendant/Cross-Complainant ADELPHIA COMMUNICATIONS CORPORATION, aka Century Mendocino Cable TV dba Adelphia Cable Communications

10

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

## PROOF OF SERVICE

I, ANNETTE DI GIOVANNI, declare that I am over the age of 18 years and not a party to the within action; that my business address is 2010 Crow Canyon Place, Suite 330, San Ramon, California 94583-1344; and that on this date I served a true copy of the foregoing document(s) entitled: **CROSS-COMPLAINT'S OPPOSITION TO PAULEY CONSTRUCTION, INC.'S MOTION TO REMAND TO STATE COURT [28 U.S.C. § 1447(c)]** on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

_____  (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by Federal Express.

_____  (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ryan & Lifter.

_____  (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____  (By Telecopy) I caused each document to be sent by Automatic Telecopier to the number as indicated above.

_____  (By Electronic Transfer) I caused the above document to be served through CM/ECF addressed to all parties appearing on the electronic service list on the date executed below. The file transmission was reported as complete and a copy of the file & serve filing receipt" page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2007, at San Ramon, California.

*/s/ Annette Di Giovanni*
ANNETTE DI GIOVANNI

LAW OFFICES OF
**RYAN & LIFTER**
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

11

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd

## SERVICE LIST
### Tuiaki v. Pacific Gas & Electric Company, et al.
### San Francisco County Superior Court No. CGC 03-419761

**VIA FEDERAL EXPRESS**
**Attorney for Defendant PAULEY CONSTRUCTION, INC.**
Jeffrey M. Vucinich, Esq.
CLAPP, MORONEY, BELLAGAMBA & VUCINICH
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400/FAX: (650) 989-5499

**Attorney for Defendants ADELPHIA COMMUNICATIONS and PACIFIC BELL**
Robert Ford, Esq.
Rueben Jacobsen, Esq.
LEWIS, BRISBOIS, BISGAARD & SMITH
One Sansome Street, Suite 1400
San Francisco, CA 94104
(415) 362-2580/FAX: (415) 434-0882

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

X-COMPLAINANT'S OPP. TO PAULEY CONST., INC.'S MOTION TO REMAND TO STATE COURT [14 U.S.C. § 1447(c)]
H:\DATA\CUSTOMER\L637\USDC\Pleadings\Opp2Remand.wpd