JOSEPH D. RYAN, ESQ. (State Bar No.62603)
MICHAEL J. DALEY, ESQ. (State Bar No.: 157699)
**RYAN & LIFTER**
A Professional Corporation
2010 Crow Canyon Place, Suite 330
San Ramon, CA 94583
Tel: (925) 884-2080
Fax: (925) 884-2090

Attorneys for Defendant/Cross-Complainant
ALDELPHIA COMMUNICATIONS
CORPORATION aka Century Mendocino Cable
TV dba Adelphia Cable Communications

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY; PAULEY CONSTRUCTION, INC.; TRAFFIC SOLUTIONS, INC.; ADELPHIA TELECOMMUNICATIONS CO., INC.; SBC TELECOMMUNICATIONS, INC.; MOBILE TOOL INTERNATIONAL, INC., dba TELSTA; COUNTY OF MENDOCINO; STATE OF CALIFORNIA; PACIFIC BELL TELEPHONE COMPANY; PACIFIC TELESIS GROUP; SBC OPERATIONS, INC.; and DOES 1 to 100,<br><br>Defendants. | Case No.: CV 07-02257 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1412 TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT**<br><br>DATE:        July 26, 2007<br>TIME:        2:00 p.m.<br>COURTROOM:   2<br>             1301 Clay St., 4th Fl.<br>             Oakland, CA 94612 |
| ADELPHIA COMMUNICATIONS CORPORATION, aka CENTURY MENDOCINO CABLE TV dba ADELPHIA CABLE COMMUNICATIONS,<br><br>Cross-Complainant,<br><br>v.<br><br>PAULEY CONSTRUCTION, INC., and ROES 1 to 50, INCLUSIVE,<br><br>Cross-Defendants. | |

1

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

## I. TRANSFER IS SOUGHT PURSUANT TO STATUTE AND CASE LAW

Where parties to an action in state court raise an issue over which a bankruptcy court has retained exclusive jurisdiction, the appropriate procedure is removal to district court followed by transfer to the bankruptcy court.

Indeed, it has been said that it is appropriate for the district court to defer consideration of the basis for removal and instead transfer so that the bankruptcy court (which has explicitly retained exclusive jurisdiction) may address the propriety of removal.

Therefore, ADELPHIA seeks this transfer.

## II. BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION

When the president of PAULEY CONSTRUCTION, INC. ("PAULEY") signed and filed a proof of claim with the Southern District of New York Bankruptcy Court for amounts due pursuant to a service contract with CENTURY MENDOCINO CABLE TV dba ADELPHIA CABLE COMMUNICATIONS ("ADELPHIA"), it waived all defenses to the jurisdiction of the Bankruptcy Court. Not only had PAULEY voluntarily submitted itself to the jurisdiction of the Bankruptcy Court, the Bankruptcy Court retained exclusive jurisdiction over all matters relating to the ADELPHIA BANKRUPTCY.

The specific jurisdictional language the Bankruptcy Court used is quoted and discussed in ADELPHIA's opposition to PAULEY's motion to remand. ADELPHIA asserts and restates said opposition herein, as the issues and supporting facts are inextricably intertwined.

### A. When PAULEY Filed a Proof of Claim, It Submitted This Matter to the Bankruptcy Court's Jurisdiction

In *S.G. Phillips Constructors, Inc. v. City of Burlington*, the City claimed an out of district bankruptcy court had no jurisdiction over its state law contract claim. 45 F.3d 702, 703. However, the Second Circuit stated that when the City filed its proof of claim relating to the underlying contract, the City submitted itself and the matter to the bankruptcy court's jurisdiction. *Id.* at 705. The Court stated

///

///



2

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

> "[b]ecause 'nothing is more directly at the core of bankruptcy administration . . . then the qualifications of all liabilities of the debtor,' the bankruptcy court's determination whether to allow or disallow a claim is a core function."

*Id.*, citing to *In Re BKW Sys.*, 66 Bankr. 546, 548 (Bankr. D.N.H. 1986).

PAULEY filed its amended proof of claim on December 3, 2003. *See* Exhibit C to ADELPHIA's Second Amended Cross-Complaint presented with the Notice of Removal. On December 18, 2003 PAULEY assigned its rights to payment to CanPartners Investment IV, LLC for "good and valuable consideration." *See* Exhibit D to ADELPHIA's Second Amended Cross-Complaint, presented with the Notice of Removal. PAULEY's president, Perry Pauley, should have foreseen this document would be made part of the bankruptcy proceedings. In the assignment, Perry Pauley made representations as follows:

> "Seller further represents and warrants that as of the date of this Assignment: (a) the Claim is a valid noncontingent claim against the debtor; (b) the Claim is a valid, enforceable claim against the Debtor; ... (l) Seller has no liability or obligation related to or in connection with the Claim or the Case; . . . (o) the Claim is not subject to any defense, claim or right of set off, impairment, avoidance, disallowance, subordination, or preference action, in whole or in part, whether or contractual, legal or equitable grounds, that have been asserted by or on behalf of the Debtor, or any other party to reduce the amount of the Claim or affect its validity, priority, or enforceability."

Yet, just three months earlier on September 10, 2003, PAULEY was served Tuiaki's original complaint naming both ADELPHIA and PAULEY as defendants. See Exhibit B to the Request for Judicial Notice In Support of the Motion to Transfer and Declaration of Michael J. Daley. The complaint served on PAULEY named both ADELPHIA and PAULEY. See Exhibit A to the Request for Judicial Notice In Support of the Motion to Transfer and Declaration of Michael J. Daley In Support of Opposition to Pauley Construction, Inc.'s Motion To Remand To State Court. Perry Pauley knew (or should have known) that there were claims that could effect PAULEY's proof of claim.

Although PAULEY's claim has already been paid, the Bankruptcy Court may revisit and disallow a claim previously allowed "for cause." 11 U.S.C. section 502(j). When a party to a contract files a proof of claim, issues of enforcement of the contract are "core proceedings," and the

3

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

Bankruptcy Court has exclusive jurisdiction. *See Gulf States Exploration Co. v. Manville Forest Products Corporation*, 896 F.2d 1384, 1389 (2nd Cir. 1990).

Removal pursuant to 28 U.S.C. section 1478 requires a party to first remove the action to the district court where the civil action is proceeding and then have it transferred to the bankruptcy court conducting the main proceedings. See *National Developers, Inc. v. Ciba-Geigy Corp.*, 803 F.2d. 616 (11th Cir., 1986). The Motion to Transfer should be considered first. If transfer is appropriate, the motion to remand and to dismiss should be taken up by the Bankruptcy Court. One court has held:

> "While the threshold question in most removed civil actions is whether removal is proper, that issue is preempted here by motions to transfer and the issue of whether this court may decide the matters pending before it or whether those matters should be transferred to the bankruptcy court of the Northern District of Illinois."

*Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1011 (N.D. Ala. 1998).

### B.    PAULEY's Arguments Violate the Imposition of the Stay

When a company files for Chapter 11 bankruptcy, either voluntary or involuntary, a bankruptcy trustee is appointed, and one of the duties of the bankruptcy trustee is to examine all executory contracts and either assume or reject the contract. 11 U.S.C. §365. Where the trustee chooses to reject the executory contract it "constitutes a breach of such contract." 11 U.S.C. §365(g). The creditor then becomes a general unsecured creditor and the "rejection does not affect the parties' substantive rights under the contract or lease such as the amount owing or a measure of damages for breach." *Collier on Bankruptcy*, ¶[365.09[2], *see also Megafoods Stores, Inc. v. Flagstaff Realty Associates*, 60 F.3d 1031, 1034 (3d Cir. 1995).

Once a party files bankruptcy, section 362(a) imposes an automatic stay on all legal action against the debtor. Of course, the stay may be lifted pursuant to section 362(d) where the debtor has no equity in the underlying proceedings. In the case at hand, PAULEY is attempting to rescind the contract between PAULEY and ADELPHIA because of the bankruptcy. Such a move may be a violation of the stay, and outside the scope of the order lifting the stay obtained by Tuiaki. The automatic stay prohibits any action be taken against the debtor for debts. PAULEY has not yet made any claim for rescission, it has filed a proof of claim, and these actions likely preclude PAULEY from now making a claim for rescission, an equitable remedy.

4

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl. Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

A party violates the automatic stay by cancelling a contract with the debtor after filing the bankruptcy petition, even though party reserved such right in contract and it was allowed under applicable state law. *In re Computer Communs.*, 824 F.2d 725 (9th Cir., 1987). The Bankruptcy Court has jurisdiction to adjudicate claims of a creditor relating to a contract with the debtor. *Id.*

### C. PAULEY's Assertion That the Contract is Unenforceable Must be Must be Adjudicated by the Bankruptcy Court on in the "Interest of Justice" Pursuant to 28 U.S.C. Section 1412

A motion to transfer venue is governed by 28 U.S.C. section 1412, which states, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interests of justice or for the convenience of the parties." If transfer is appropriate under either the "interest of justice" prong or the "convenience of the parties" prong, transfer is appropriate. *In Re Bruno's, Inc.*, 227 B.R. 311, 324 (N.D. Ala. 1998). The burden is upon the movant to make a showing that transfer of venue is warranted. *Id.* ADELPHIA meets its burden of proof, and in the interests of justice, this matter must be transferred. The Bankruptcy Court retained exclusive jurisdiction over these matters, PAULEY filed a proof of claim on the contract voluntarily submitting to the jurisdiction of the Southern District of New York Bankruptcy Court, PAULEY's actions would, if affirmed, amount to a fraud upon the court unless the Bankruptcy Court considers PAULEY's arguments that its own proof of claim should not have been paid in full.

The "interests of justice" prong is a broad and flexible standard which must be applied on a case by case basis. *Gulf States Exploration Co. v. Manville Forest Products Corp.*, 896 F.2d. 1384, 1391 (Cir. 1990). The court in *In Re Bruno's, Inc.*, *supra*, discussed the factors to consider when applying the interest of justice prong which include:

    a.    economics of estate's administration;

    b.    presumption in favor of the "home court";

    c.    judicial efficiency;

    d.    ability to receive a fair trial;

    e.    the State's interest in having local controversies decided within its borders by those familiar with its laws;

    f.    enforceability of any judgment rendered;



5

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

g.   plaintiff's original choice of forum.

Every factor weighs in favor of transferring the matter. Transfer of this matter will promote efficiencies in the administration of not only the estate but the underlying contract claim. In fact, both parties have requested judicial notice be taken of various docket entries in the ADELPHIA bankruptcy matter. Thousands upon thousands of documents have been filed, and to require this Court to start from scratch and review the status of PAULEY's claim is inefficient and unnecessary. The Southern District of New York Bankruptcy Court already has the knowledge and resources to deal with the issues raised by PAULEY. Rather than taking judicial notice of the entire Bankruptcy Court's docket, as suggested by PAULEY, it would be more appropriate to transfer the matter to that very court to have these issues determined fairly.

The next factor raises a presumption in favor of the "home court." This is the presumption that the

> "bankruptcy court in which the debtor's case is pending (referred to as the "home court") is the proper venue for adjudicating all proceedings in the case, including state court actions removed to a bankruptcy court in which the debtor's case is not pending (referred to as the "conduit court" or "outpost court")."

*In Re Bruno, supra*, at 326.

Judicial efficiency also weighs in favor of transfer. As argued above, PAULEY is asserting various rulings by the Bankruptcy Court and actions by the trustee as a defense to this contract claim. It does not make sense for this Court or the San Francisco Superior Court to trace these rulings and actions and interpret the effect on a contract already submitted to the Bankruptcy Court for payment. The Bankruptcy Court paid all sums claimed in the proof of claim, and it should hear all claims by the claimant that the contract should now be rescinded and is unenforceable.

The ability to receive a fair trial does not weigh in favor of either transfer or no transfer. The underlying action relates to a contract between two out-of-state corporations. There does not appear to be any facts which would make a California jury any more or less amenable than a New York jury.

California has little interest in having bankruptcy matters from out-of-state districts decided to apply to a contract claim for services performed in California. While California contract law may have applied, PAULEY's assertions that the bankruptcy effectively rescinds the contract, raises issues

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090

6

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

of the effect of the Bankruptcy Court's rulings, the trustees' actions, and federal bankruptcy law. This factor weighs in favor of transfer.

Due to the retention of exclusive jurisdiction by the Southern District of New York Bankruptcy Court to hear matters relating to the ADELPHIA bankruptcy, it is likely any judgment obtained in the San Francisco Superior Court would be unenforceable. This factor also weighs in favor of transfer.

The last factor, plaintiff's original choice of forum, does not apply. The plaintiff in this matter, Mr. and Mrs. Sifa Tuiaki, have already settled with all parties and have dismissed their claims. The resulting cross-complaint between ADELPHIA and PAULEY is all that remains. Neither ADELPHIA nor PAULEY chose the San Francisco Superior Court as its original choice of forum. Additionally, PAULEY actually chose the Southern District of New York Bankruptcy Court as its choice of forum when it filed a proof of claim and procured payment in full for that claim.

## CONCLUSION

This matter should be transferred to the Southern District of New York Bankruptcy Court to prevent PAULEY from collecting payment in full from the Bankruptcy Court, and then attempting to rescind the contract for which it has been paid in full, in the San Francisco Superior Court. The Bankruptcy Court explicitly retained exclusive jurisdiction over these matters that PAULEY raises. PAULEY already submitted itself to the jurisdiction of the Bankruptcy Court. All of the factors in the "interest to justice" test either weigh in favor of transfer or are neutral. ADELPHIA has met its burden of proof and shown that transfer should be made to the United States District Court, Southern District of New York Bankruptcy Court in the interest of justice and pursuant to 28 U.S.C. section 1412.

Date: June 7, 2007

RYAN & LIFTER
A Professional Corporation

By /s/ Michael J. Daley
    MICHAEL J. DALEY

Attorney for Defendant/Cross-Complainant
Century Mendocino Cable TV dba Adelphia
Cable Communications

7

MEMO OF Ps & As IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 TO U.S. DIST. COURT, SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY COURT
H:\DATA\CUSTOMER\L637\USDC\Pleadings\MoTransferBkrptcy\MemoPsAs.wpd

LAW OFFICES OF
RYAN & LIFTER
A PROFESSIONAL CORPORATION
2010 Crow Canyon Pl., Ste. 330
San Ramon, CA 94583-1433
TEL: (925) 884-2080
FAX: (925) 884-2090