JEFFREY M. VUCINICH, ESQ. BAR#: 67906
JOSHUA W. ROSE, ESQ. BAR#: 191024
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant and Cross-Complainant
PAULEY CONSTRUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIFA TUIAKI and LUPE TUIAKI,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, PAULEY CONSTRUCTION, INC., TRAFFIC SOLUTIONS, INC., ADELPHIA TELECOMMUNICATIONS CO., INC., SBC TELECOMMUNICATIONS, INC., MOBILE TOOL INTERNATIONAL, INC. dba TELSTA, COUNTY OF MENDOCINO, STATE OF CALIFORNIA, PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELESIS GROUP, SBC OPERATIONS, INC., and DOES 1 to 50,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | CASE NO.: C07 2257 CW<br><br>**PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA COMMUNICATIONS CORPORATION'S OPPOSITIONS TO PAULEY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [F.R.C.P. 12(b)(6)] & MOTION TO REMAND TO STATE COURT [28 U.S.C. §1447( c)]**<br><br>Date:       June 28, 2007<br>Time:      2:00 p.m.<br>Location:  Courtroom 2, 4th Floor<br>Judge:     Claudia Wilken<br>           1301 Clay Street<br>           Oakland, CA 94612 |

I.

**ADELPHIA FAILED TO COMPLY WITH JUDGE WILKIN'S MAY 15, 2007 ORDER REQUIRING OPPOSITIONS AND REPLIES TO BE CONTAINED WITHIN A SINGLE BRIEF**

According to Honorable Judge Claudia Wilken's May 15, 2007 Case Management

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

Scheduling Order For Reassigned Civil Case, "Opposition to the motions (contained within a single brief) shall be due June 7, 2007..." Adelphia ignored this order and served its Oppositions in two separate briefs.

## II.

## PAULEY'S REPLY TO ADELPHIA'S OPPOSITION TO MOTION TO REMAND

### A. The Bankruptcy Court Does Not Have Jurisdiction, Since the Outcome of Adelphia's Second Amended Cross-complaint Has No Conceivable Effect On the Estate Being Administered in Bankruptcy.

Adelphia begins its Opposition by mistakenly stating that "Because the jurisdiction is exclusively with the Bankruptcy Court, the timing of removal is immaterial." In fact, Federal Rule of Bankruptcy Procedure 9027(a)(3) provides for the timing of removal where the bankruptcy proceeding was filed before the state civil action was filed, such as here. As stated in Pauley's Motion to Remand, Adelphia did not timely remove under this Rule. Timing is certainly material. In addition, Federal Courts have discretionary power to abstain from exercising jurisdiction under U.S.C. § 1334 ( c)(1) in the interests of justice, or in the interest of comity with State courts or respect for State law. The court may remand on any equitable ground. 28 U.S.C. § 1452(b).

Next, Pauley has been completely consistent with its position since Adelphia first Cross-complained against it in November 2005. Specifically, Pauley has plainly and repeatedly argued that (1) Adelphia's nonpayment under the contract constituted a breach, (2) Adelphia rejected the contract, which is deemed a material breach, immediately before Adelphia filed bankruptcy, since it never assumed the executory contract and (3) Pauley does not owe Adelphia indemnity, since Adelphia was negligent and that negligence was a proximate cause of Mr. Tuiaki's injuries. Adelphia has never established that Pauley owes it indemnity, as the indemnity clauses in the contract are ambiguous, insofar as they are silent as to Adelphia's own negligence. Nor has Adelphia established that Pauley received "an additional $5,000,000 benefit," as argued at page 2, lines 16-18.

In fact, this was the very basis of Adelphia's motion for summary adjudication, filed against Pauley, which was denied on August 2, 2006. San Francisco Superior Court Judge Peter J.

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

2

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

Busch ruled that "Adelphia's Motion for Summary Adjudication is denied because, considering the admissible evidence in the light most favorable to responding party, there is a triable issue of material fact whether Adelphia's active negligence caused the accident." Adelphia merely assumes that it is entitled to indemnity from Pauley. However, this purported indemnity obligation has been adjudicated and denied. Pauley does not owe negligent party Adelphia indemnity.

In addition, Pauley was not made whole by Adelphia for the work it performed on the Mendocino project. On September 30, 2003, Pauley submitted a compromised claim to the Bankruptcy Court, its only recourse to ensure that it received some amount for the work that it performed for Adelphia. In December 2003, Pauley assigned the claim to a third party assignee for less than the amount of the claim. Adelphia's failure to pay Pauley for its work put Pauley in a precarious financial position, requiring it to assign its claim for a reduced amount. Had Pauley waited, and not assigned the claim, then it would have taken nearly five years for satisfaction of the claim (June 25, 2002 bankruptcy filing by Adelphia through January 5, 2007, when the Bankruptcy Court purportedly confirmed Adelphia's plan and stock, not cash, was provided to Pauley's assignee).

Adelphia has not submitted the confirmation as an exhibit, instead it refers Pauley and the Court to its Second Amended Cross-complaint stating, without any supporting documentation, that "The Bankruptcy Court allowed Pauley's proof of claim for payment of the full amount of $5,827,519.66...by payment of cash and Time-Warner Cable common stock." Of course stock is not the same as cash, so Pauley does not know if the claim was satisfied in full. This contention is based solely on the representation of Adelphia in its pleading. Nevertheless, this is irrelevant to the issue of an obligation to indemnify.

Pauley's claim was filed in September 2003 and its assignment of the claim to Canpartners Investments IV, LLC was executed on December 18 2003, *about two years before* Adelphia filed its Cross-compliant against Pauley. By 2002, Pauley knew that the contract had been breached by Adelphia. Further, Pauley knew that Adelphia did not assume the contract, so it correctly stated in the assignment (but never in the claim itself, as Adelphia incorrectly states) that Pauley owed no

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447(c)]; C072257CW

3

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

obligations Adelphia. (See Opposition page 2, lines 8-11 and page 4 lines 16-24.)

Moreover, the cases cited by Adelphia, including S.G. Phillips Constructors, Inc. v. City of Burlington, 45 F.3d 702, In re BKW Sys., 66 Bankr. 546 (Bankr. D.N.H. 1986), National Developers, Inc. v. Ciba-Geigy Corp., 803 F.2d 616 (11th Cir. 1986) and Gulf States Exploration Co. v. Manville Forest Products Corporation, 896 F.2d 1384 (2nd Cir. 1990) are distinguishable. They do not involve facts similar to ours, where the insurance companies of Adelphia, settled with Plaintiffs, and seek reimbursement of those settlement funds from the insurance company of Pauley. In addition, they are out-of-circuit.

Adelphia further asks the Court to consider its motion to transfer first, but it only filed this motion on June 7, 2007. It would be unfair to Pauley to have the Court rule on the motion to transfer on June 28, 2007, before Pauley has had a reasonable opportunity to research and oppose the transfer motion, which is not set to be heard until July 26, 2007. This case has been pending in San Francisco since April 2003 and the majority of witnesses are located within the jurisdiction of the Northern District of California with no witnesses in New York. Finally, there is no sound basis for reconsideration of Pauley's claim by the Bankruptcy Court, since this case is clearly an issue between insurers. Any resolution of Adelphia's pleading will affect the carriers, not the parties and not Adelphia's estate.

Furthermore, Pauley, through its insurance carrier, contributed $10 mil. towards the settlement with Plaintiffs. Adelphia further fails to show how Pauley, through its insurers, realized a $5 million value. Significantly, the $5 million paid to Plaintiffs by Adelphia was paid by Adelphia's general liability insurance carriers, Liberty Mutual Insurance Company and Royal & Sun Alliance Insurance Company, not by Adelphia's estate, so this sum was not paid out of the Chapter 11 bankruptcy estate. This is pivotal.

The "exclusive jurisdiction" language cited by Adelphia at page 3 of its Opposition certainly does not apply to this situation, where *the insurance carriers* of Adelphia have paid settlement monies to Plaintiffs and Adelphia's *insurance carriers* seek reimbursement of these monies, based on the indemnity clauses contained in the Adelphia/Pauley contract. Nowhere does

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

4

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

Adelphia plead that it assumed the contract with Pauley, so it is rejected and breached. Thus, the subject civil proceeding (Adelphia's Second Amended Cross-complaint) is not related to bankruptcy.

Here, there is no close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction. See In re Valdez Fisheries Development Association, Inc. v. Sea Hawk Seafoods, Inc., 439 F.3d 545, 550 (9th Cir. 2006), which held that a proceeding between the parties was not one to vindicate the court's authority or to effectuate its decree, thus the bankruptcy court lacked jurisdiction. In In re Valdez, the Bankruptcy Court, which had approved a settlement agreement, lacked jurisdiction to interpret that agreement in an adversary proceeding between two creditors brought after the closing and dismissal of the underlying bankruptcy case. Id. Similarly, here, the plan has been confirmed, so the Bankruptcy Court lacks jurisdiction to preside over the Adelphia cross-action.

Additionally, in In re Fietz, the 9th Circuit Court Of Appeals adopted the Third Circuit's articulation of the test for determining whether a civil proceeding is related to bankruptcy, stating that an action is related to bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." (852 F.2d 455, 457 (9th Cir. 1988), quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).) In Fietz, the Court held that there was no "related to" jurisdiction over a claim, though part of the bankruptcy estate, if it was filed after the Chapter 13 plan had been confirmed and all of the property of the estate had vested in the debtor. (Id. at 458-459.)

Here, Adelphia seeks to first remove this action to the United States District Court, Northern District of California, then transfer it to the Southern District of New York Bankruptcy Court, pursuant to its April 25, 2007 Notice of Removal and June 7, 2007 Motion to Transfer. The Motion to Transfer was filed concurrently with Adelphia's Oppositions to Pauley's Motions to Remand and Dismiss. However, according to Adelphia's Opposition to Pauley's Motion to Remand, the Bankruptcy Court confirmed Adelphia's Chapter 11 bankruptcy plan on January 5, 2007. Therefore, since the plan has been confirmed, the Bankruptcy Court's ability to preside over

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447(c)]; C072257CW

5

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

this action could not conceivably "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." (Fietz, 852 F.2d at 457, quoting Pacor, 743 F.2d at 994).)

Moreover, the outcome of Adelphia's Second Amended Cross-complaint has no conceivable effect on the estate being administered in bankruptcy. Compare In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005), where the 9th Circuit Court of Appeals found the requisite close nexus to exist where the post-confirmation claims asserted that the defendant breached the reorganization plan and where the outcome of those claims could affect the implementation and execution of the plan, with our facts, which show that Adelphia's estate will never be affected, augmented or detracted, because this is an insurer case, not within the purview of the Bankruptcy Court. Here, Adelphia's insurance carriers seek reimbursement from Pauley's insurance carriers for the $5 million in settlement funds paid on behalf of bankrupt party Adelphia to Plaintiffs and the recoupment of Adelphia's attorneys' fees and costs, incurred by Adelphia's defense counsel, who were retained by Adelphia's insurance carrier.

In addition, Adelphia's Opposition makes reference to 28 U.S.C. § 1478 at page 5, lines 25-28 and page 6, lines 1-7, however this statute is not contained within its Notice of Removal and is mis-cited here. Moreover, there is a difference between an affirmative defense and an affirmative claim. Here, Pauley could not file an affirmative claim for Adelphia's breach of contract in Bankruptcy Court, or any other Court, given the automatic stay. However, it can raise an affirmative defense. This does not mean that an affirmative defense raised in the Cross-action automatically gives the Bankruptcy Court "exclusive jurisdiction." Furthermore, the cases cited by Adelphia, National Developers, Inc. v. Ciba-Geigy Corp., 803 F.2d 616 (11th Cir. 1986) and Twyman v. Wedlo, Inc., 204 B.R. 1006, 1011 (N.D. Ala. 1998) are inapposite as well as out-of-circuit.

### B. Adelphia Did Not Timely Remove This Matter.

Adelphia's argument that it just ascertained issues giving rise to removal is inaccurate. On June 15, 2004, a stipulation and order was entered into between Plaintiffs, Adelphia and United

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

6

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

States Bankruptcy Judge Robert E. Gerber, modifying the automatic stay, allowing Plaintiffs to pursue recovery from Adelphia, limited to the proceeds available under Adelphia's third party insurance proceeds. Specifically, Plaintiffs were allowed to pursue recovery from Royal Insurance Company, under general insurance liability policy number PTV464039 and umbrella policy issued by Liberty Mutual Insurance Company under policy number TH1641004429. (See Exhibit B to Declaration of Jeffrey M. Vucinch in Support of Pauley's Motion to Remand.) These insurers are indeed the real parties in interest in Adelphia's Cross-action. Pursuant to this lift on the automatic stay, Adelphia Cross-complained against Pauley. Therefore, the State Court has jurisdiction over Adelphia's Cross-action.

In fact, in settling with Plaintiffs, $1 million was paid to Plaintiffs by Royal, while Liberty Mutual sent Plaintiffs a $4 million settlement check. Pauley does not see how Adelphia's Second Amended Cross-complaint against Pauley has anything to do with the Adelphia bankruptcy estate. Further, while being mindful of F.R.C.P. 11, Pauley asks Adelphia to represent that recovery from Pauley, if any, is going to augment the bankruptcy estate. See <u>Imperial Corp. of Am. v. Milberg, Weiss, Bershad, Spechtrie & Lerach</u>, 144 B.R. 115, 119 (Bankr. S.D. Cal. 1992), (Plaintiffs failed to show that exercise of bankruptcy court jurisdiction over insurance proceeds was required to prevent immediate and irreparable harm to the pool of insurance proceeds and plaintiffs failed to establish recovery of the indemnification proceeds would be recovery of the debtor's interest in property, as required by § 547(b).)

The Cross-complaint is not about reimbursing the bankruptcy estate. Payment of the Pauley claim was Pauley's only recourse to get paid for work done, since Pauley's claim for breach of contract against Adelphia was precluded by the automatic stay. Pauley had no election of remedies.

Moreover, Pauley's Motion for Judgment on the Pleadings, served on Adelphia on January 8, 2007, states in relevant part, "In fact, Adelphia's ability to perform its obligations under the contract was extinguished on June 25, 2002, when it filed Chapter 11 Bankruptcy. Here, Adelphia's counsel cannot certify that Adelphia has performed or is excused from performing its

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

7

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

contractual duties under the July 7, 2000 Adelphia - Pauley contract." Morever, Pauley's Reply to Adelphia's Opposition thereto, served on Adelphia on February 6, 2007, states in relevant part, "On June 25, 2002, Adelphia filed for Chapter 11 Bankruptcy, thus breaching the contract. Adelphia's attempt to amend its Cross-complaint now is unwarranted by existing law and lacks evidentiary support." Surely the language contained in Pauley's motion for judgment on the pleadings gave Adelphia enough to "ascertain" then that this action could be removed. Pauley respectfully requests that its motion to remand be granted.

### III.

**PAULEY'S REPLY TO ADELPHIA'S OPPOSITION TO MOTION TO DISMISS 12(b)(6)**

Adelphia's nonpayment under the contract with Pauley constituted a breach. Adelphia rejected the contract, which is deemed a material breach, immediately before Adelphia filed bankruptcy. Pauley does not owe Adelphia indemnity, since Adelphia was negligent and that negligence was a proximate cause of Mr. Tuiaki's injuries.

Adelphia, the party in material breach, is not entitled to sue Pauley for damages under the contract that it breached. See Amelco Electric v. City of Thousand Oaks, (2002) 27 Cal.4th 228, 238. ("... [T]he breaching party can not require the non-breaching party to continue to perform what is left of the contract...Such a material breach has the effect of freeing the contractor of its obligations under the contract, including its obligations under the disputes clause."); See also Gill v. Rich, (2005) 128 Cal.App.4th 1254, 1276. ("A breaching party may not escape contractual liability when the contract is canceled due to his or her own breach...If a contract is canceled for the other party's breach, damages are still owed.")

While Adelphia pleads and argues that on January 5, 2007, the bankruptcy plan was confirmed, nowhere in its Opposition papers does it plead or argue that it assumed the subject contract. It does not appear as though Adelphia can so plead or so argue. In fact, Adelphia even goes so far to say "It is unclear...whether the PAULEY - ADELPHIA contract was assumed or rejected." If the plan was confirmed, then Adelphia has to know whether the contract was

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

8

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

assumed or not. Who other than Adelphia would know whether the contract was assumed? It was not assumed, thus it was rejected. The result is that the contract was breached. By the time a plan is confirmed, all executory contracts are expressly assumed or deemed rejected.

In addition, Adelphia's assertion that Pauley must prove that the underlying contract was executory is proved by Adelphia's Second Amended Cross-complaint. Therein, Adelphia states that it filed for Chapter 11 bankruptcy on June 25, 2002, while the subject contract was in full effect. It goes on to state that Pauley submitted a claim for monies owed between November 15, 2001 through July 16, 2002. Thus, Pauley was performing construction services pursuant to contract, but Adelphia failed to pay for that work. It follows, therefore, that Adelphia's failure to pay was a breach of the executory contract. In addition, the fact that the plan was confirmed in January 2007, without ever assuming the Pauley/Adelphia contract means that the contract is deemed breached by Adelphia immediately before June 25, 2002. See 11 U.S.C. § 365(g). ("[T]he rejection of an executory contract...of the debtor constitutes a breach of such contract...(1) if such contract...has not been assumed under this section or under a plan confirmed under chapter 11...immediately before the date of the filing of the petition.")

Adelphia seeks money and indemnity from Pauley. Surely, it is incumbent on Adelphia to show that it assumed the contract, not the other way around. Again, Adelphia claims that it has no idea whether it assumed the contract and further admits that it cannot locate Schedule 14.1, which may or may not show that the subject contract was assumed. Obviously, the contract was not assumed, because if it had been, Pauley's claim would have been denied.

Finally, if Travelers is the real party in interest, as claimed by Adelphia, then the same follows that Adelphia's insurers, Royal and Liberty Mutual, not Adelphia or its estate, are the real parties in interest. As a last note, Adelphia's fourth and fifth causes of action (for implied equitable indemnity and contribution respectively) must be dismissed. Adelphia did not address these causes of action in its Opposition. Pauley respectfully requests that its motion to dismiss be granted.

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447( c)]; C072257CW

9

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR

1  ///

2  DATED: June 17, 2007

3                             CLAPP, MORONEY, BELLAGAMBA
                                and VUCINICH

By: _____
JEFFREY M. VUCINICH
JOSHUA W. ROSE
Attorneys for Defendant/Cross-Complainant/
Cross-Defendant
PAULEY CONSTRUCTION, INC.

PAULEY CONSTRUCTION, INC'S. REPLY TO ADELPHIA
COMMUNICATIONS CORPORATION'S OPPOSITIONS TO
MOTION TO DISMISS & MOTION TO REMAND TO STATE COURT
[28 U.S.C. §1447(c)]; C072257CW

10

G:\Data\DOCS\0017\03419\mot-dismiss-12b6\Reply-Adelph-Opp-MTD-MTR